UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, AND DENNIS WILLIAMS, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs<br><br>v.<br><br>MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., SHI INTERNATIONAL CORP., and COLONEL JOHN E. MAWN, JR., Interim Superintendent of the Massachusetts State Police, *in his official capacity.*<br><br>Defendants | Civil Action No. 4:24-cv-40030-DHH |

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Now come Plaintiffs, Jason Courtemanche, Brett Foresman, Juan Rios, and Dennis Williams, individually and on behalf of a class or classes of similarly situated persons (hereinafter "Plaintiffs"), through their counsel, Christopher R. Batinsey, Esq. of Batinsey Legal P.C., James L. O'Connor, Jr., Esq. of Nickless, Phillips and O'Connor, P.C., and Christopher J. Walton, Esq. of the Law Office of Christopher J. Walton, and hereby file this First Amended Complaint and Demand for Jury Trial, pursuant to Fed. R. Civ. P. 15(a).

## INTRODUCTION

1. Since in or about 2017, the command hierarchy of the Massachusetts State Police (hereinafter "MSP") enabled, and rank-and-file Troopers carried-out, surreptitious audio and video recordings of persons in Massachusetts. These practices violated the Plaintiffs' civil rights. In

hundreds of cases, MSP unlawfully recorded and failed to turn over these recordings to Plaintiffs. Plaintiffs now bring this civil rights class action lawsuit for monetary and equitable relief arising out of the Defendants' violations of their Constitutional rights. Plaintiffs bring this action against MSP, Motorola Solutions, Inc. (hereinafter "Motorola"), Callyo 2009 Corp. (hereinafter "Callyo"), and SHI International Corp. (hereinafter "SHI") to ensure that these acts are never again repeated in the Commonwealth of Massachusetts.

2.      MSP used intercepting devices to secretly hear, secretly record, or aid another to secretly hear or secretly record the contents of wire or oral communications between themselves and Plaintiffs, in violation of Massachusetts and federal law. MSP failed to obtain warrants as required by law.

3.      Motorola, Callyo, and SHI willfully procured MSP to commit interceptions or to attempt to commit interceptions of wire or oral communications between MSP and Plaintiffs, in violation of Massachusetts and federal law.

4.      In at least 181 known situations, MSP brought criminal charges against the Plaintiffs and failed to produce these secret audio recordings. Plaintiffs were denied constitutional due process prior to the resolution of their cases. While Plaintiffs have now discovered that these secret recordings have existed since approximately 2017 at the latest, the existence of these secret recordings was not disclosed to Plaintiffs until March of 2023.

5.      MSP intentionally circumvented the strict warrant requirements under Massachusetts law to escape legislative and judicial scrutiny.

6.      In the cases involving criminal charges, Plaintiffs paid court costs, probation fees, mandatory assessments, fines, restitution, license-reinstatement fees, and other monies, may have

performed community service in lieu of payments to the court, and lost property that was seized as a result of the egregious conduct by MSP.

7.     Through this action, Plaintiffs seek equitable relief, specifically a declaration that their arrest, detention, imprisonment, the deprivation of their monies, labor associated with their community service, and seizure of their property violates constitutional due process, and injunctive relief.

8.     Through this action, Plaintiffs seek an award of statutory, compensatory, and punitive damages for their deprivation of life, liberty, and property as a result of the outrageous actions of the Defendants.

## JURISDICTION

9.     Jurisdiction is based upon 42 U.S.C. § 1983, for violations of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

10.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

11.     The Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

12.     The Court has personal jurisdiction over the Defendants pursuant to M.G.L. c. 223A § 3.

13.     Venue in the United States District Court for the District of Massachusetts, Worcester Division, is proper pursuant to 28 U.S.C. § 1391. Worcester is the judicial district in which a substantial part of the events or omissions giving rise to these claims occurred.

## PARTIES

14.     Plaintiff Jason Courtemanche was at all times relevant hereto a resident of Fitchburg, Worcester County, Massachusetts.

15.     Plaintiff Brett Foresman was at all times relevant hereto a resident of Gardner, Worcester County, Massachusetts.

16.     Plaintiff Juan Rios was at all times relevant hereto a resident of Fitchburg, Worcester County, Massachusetts.

17.     Plaintiff Dennis Williams was at all times relevant hereto a resident of Fitchburg, Worcester County, Massachusetts.

18.     Motorola was at all times relevant hereto a foreign corporation, registered to do business in the Commonwealth of Massachusetts. The causes of action alleged herein against Motorola arise from its actions directed to or occurring in Massachusetts.

19.     Callyo was acquired by Motorola on or about August 28, 2020.

20.     Callyo was, at all times relevant hereto a foreign corporation. It had a principal place of business in Florida, prior to its acquisition by Motorola. Following its acquisition, Callyo is a wholly-owned subsidiary of Motorola. Callyo sells, offers, and/or uses products and services throughout the United States, including in this judicial district.

21.     Motorola and Callyo are named as Defendants, both individually and as successors in interest, and shall be referred to as "Motorola/Callyo".

22.     SHI was, at all times relevant hereto, a foreign corporation, registered to do business in the Commonwealth of Massachusetts. The causes of action alleged herein against SHI arise from its actions directed to or occurring in Massachusetts.

23.      Colonel John E. Mawn, Jr. is the Interim Superintendent of the Massachusetts State Police. In his official capacity, Defendant Colonel Mawn, Jr. exercised authority to create and modify policies and procedures, entered into contracts, and supervised the conduct of Division Commanders, including the Massachusetts State Police Gang Unit. Defendant Colonel Mawn, Jr. is sued in his official capacity for declaratory and injunctive relief, and for statutory damages for violation M.G.L. c. 272, § 99.

## **FACTUAL BACKGROUND**

24.      Since in or about 2017, MSP has been conducting secret audio and video recordings of persons in Massachusetts using intercepting devices, provided by Motorola/Callyo and SHI.

25.      Motorola/Callyo and SHI, at all times relevant hereto, have been developers, manufacturers, and sellers of intercepting devices.

26.      Motorola/Callyo also store and reproduce recorded oral communications created by their intercepting devices.

27.      SHI is a reseller of Motorola/Callyo's off-the-shelf products, including intercepting devices.

28.      These intercepting devices include the applications "10-21" and "Mobile Body Bug" which, when coupled with a mobile telephone, are capable of intercepting, transmitting, receiving, amplifying, recording, storing, and reproducing these oral communications.

29.      Since in or around 2017, Motorola/Callyo marketed, manufactured, sold, and otherwise procured intercepting devices and data-storage services to MSP.

30.      Since in or around 2022, SHI marketed, manufactured, sold, and otherwise procured Motorola/Callyo intercepting devices to MSP.

31.     As part of the procurement of intercepting devices to MSP, Motorola/Callyo provided an online database to store, review, reproduce, and share secret recordings of oral communications.

32.     This electronic database enabled MSP Troopers to upload, download, and reproduce, for evidentiary purposes, these secret oral communications at any time.

33.     Since in or about 2017, MSP Troopers secretly recorded oral communications of persons in Massachusetts without their consent. These recordings were made for evidentiary purposes. MSP then failed to notify prosecuting agencies about the existence of these recorded statements in 181 criminal cases that resulted in dispositions of Guilty or Continued Without a Finding.

34.     In or about June 2023, MSP's Division of Investigative Services conducted an audit of historic covert investigative recordings to determine whether members of the MSP failed to notify prosecuting agencies about the existence of such recordings that were made in furtherance of criminal investigations. Attached as **Exhibit A** is a true and accurate copy of a June 20, 2023, MSP internal memorandum.

35.     On or about March 15, 2022, MSP secretly recorded an oral communication by Jason Courtemanche using a Motorola/Callyo intercepting device.

36.     Jason Courtemanche never consented to this interception and recording of his oral communication.

37.     MSP failed to obtain a warrant for this secret interception and recording.

38.     On or about May 17, 2022, MSP secretly recorded an oral communication by Brett Foresman using a Motorola/Callyo intercepting device.

39.     Brett Foresman never consented to this interception and recording of his oral communication.

40.     MSP failed to obtain a warrant for this secret interception and recording.

41.     On or about May 17, 2022, MSP secretly recorded an oral communication by Juan Rios using a Motorola/Callyo intercepting device.

42.     Juan Rios never consented to this interception and recording of his oral communication.

43.     MSP failed to obtain a warrant for this secret interception and recording.

44.     On or about April 28, 2022, MSP secretly recorded an oral communication by Dennis Williams using a Motorola/Callyo intercepting device.

45.     Dennis Williams never consented to this interception and recording of his oral communication.

46.     MSP failed to obtain a warrant for this secret interception and recording.

47.     On or about March 27, 2023, Plaintiffs first learned that Motorola, Callyo, and MSP had engaged in this pattern and practice of non-consensual, warrantless, and secret audio and video recordings.

48.     MSP then reviewed its Troopers' use of intercepting devices to record conversations and telephone calls. This review concluded as follows:

> Many [State Police employees] were unaware of the features of various [intercepting devices], even though they were routinely using these products (10-21, VIP and Mobile Bug);
>
> Many recordings were made outside of legal parameters governing surreptitious audio recordings in Massachusetts;
>
> Poor case management practices were being employed by certain members;

> There was a lack of an understanding among certain [State Police employees] about the responsibilities of an Undercover or Case Officer pertaining to evidence identification and production; and
>
> Most [State Police employees] using [intercepting devices] never received formal training on their use.

Attached hereto as **Exhibit B** is a true and accurate copy of a Powerpoint slide titled "Lessons Learned from the Callyo Audit".

49.     On or about October 26, 2023, Plaintiffs first learned that SHI was a reseller of Motorola/Callyo's off-the-shelf products, including intercepting devices.

50.     In or about 2017, Motorola/Callyo met with representatives of MSP concerning its sale of intercepting devices and data-storage services to MSP.

51.     At these meetings, MSP informed Motorola/Callyo that its intercepting devices failed to comply with the Massachusetts two-party consent law, M.G.L. c. 272 § 99.

52.     Motorola/Callyo failed or refused to bring its intercepting devices into compliance with Massachusetts law, and it continued to sell its non-compliant intercepting devices to MSP.

53.     Motorola/Callyo stored MSP's illegally-obtained recordings on their cloud-based servers, and allowed MSP to reproduce these recordings for evidentiary purposes.

54.     MSP granted to Motorola/Callyo a royalty-free, worldwide, non-exclusive license to use MSP's intercepted oral communications. This license allowed Motorola/Callyo to process, host, cache, store, reproduce, copy, modify, combine, analyze, and create derivative works from MSP's intercepted oral communications, and to communicate, transmit, and distribute these intercepted oral communications to third-parties engaged by Motorola/Callyo for the purpose of, among other things, analyzing MSP's intercepted oral communications, creating new Motorola/Callyo products and services, and operating, maintaining, managing, and improving Motorola/Callyo's products and services.

55.     Motorola/Callyo expressly warranted that it would comply with applicable laws, including privacy laws, in connection with the sale, marketing, and manufacturing of 10-21 Mobile Body Bug.

## CLASS ACTION ALLEGATIONS

56.     Plaintiffs are entitled to class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.

57.     Plaintiffs bring this action on behalf of themselves individually and on behalf of:

   a.   All persons whose oral communications were intercepted and recorded, without their consent and without a warrant, by the MSP, using Motorola/Callyo intercepting devices;

   b.   All persons whose intercepted and recorded oral communications were stored and/or used by Motorola/Callyo under the worldwide, non-exclusive license granted by MSP to Motorola/Callyo which permitted Motorola/Callyo and third-parties engaged by Motorola/Callyo to store, adapt, and monetize MSP's intercepted oral communications for Motorola/Callyo's use and benefit;

   c.   All persons who were deprived of their constitutional rights, found in the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and

   d.   Such other class, classes, or sub-classes as certified by the Court.

58.     Plaintiffs do not know the exact number of members of the proposed class(es) since that information is in the control of Defendants. However, Plaintiffs have obtained documents showing that the number of members exceeds 181.

59.     There are questions of law or fact common to the class(es) that predominate over any questions affecting only individual Plaintiffs.

60.     Plaintiffs' claims are typical of the claims of the class(es) because all class members will be similarly affected by the judgment sought in this action.

61.      Plaintiffs will fairly and adequately protect the interest of the class members and have retained counsel competent and experienced in class-action litigation.

62.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impracticable. There will be no difficulty in the management of this action as a class action.

## COUNT I
## CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (MOTOROLA, CALLYO, and SHI)

63.      Plaintiffs repeat and reallege all previous allegations.

64.      In or about 2017, Motorola/Callyo and MSP met to discuss Motorola/Callyo's intercepting devices and data-storage services.

65.      In or about 2017, MSP representatives stated to Motorola/Callyo that the intercepting devices created by Motorola/Callyo did not comply with Massachusetts law.

66.      In or about 2017, MSP asked Motorola/Callyo to modify its intercepting devices to "not record" by default.

67.      Motorola/Callyo failed or refused to comply with MSP's request for modification.

68.      Since in or about 2017, MSP contracted with Motorola/Callyo for use of these intercepting devices and data-storage services, despite each parties' knowledge that these devices did not comply with Massachusetts law.

69.      Since in or about 2022, SHI resold Motorola/Callyo's off-the-shelf products, including intercepting devices, to MSP.

70.      All at times relevant hereto, Plaintiffs were persons for purposes of 42 U.S.C. § 1983.

71.     Motorola/Callyo and SHI acted under the color of state law when they willfully participated in joint action with MSP to deprive Plaintiffs of their constitutional rights.

72.     Motorola/Callyo, SHI, and MSP agreed to violate M.G.L. c. 272 § 99 (hereinafter the "Massachusetts Wiretap Act").

73.     Motorola/Callyo, SHI, and MSP agreed to deprive Plaintiffs of their due process rights, which are found in the Fifth and Fourteenth Amendments to the United States Constitution.

74.     Among other things, Motorola/Callyo and SHI created, marketed, and/or sold 10-21, whose sole purpose was to allow MSP to "go live with the comfort of knowing that videos are stored in the government cloud."

75.     As a direct and proximate cause of Motorola/Callyo and SHI's intentional conduct, Plaintiffs were subjected to the deprivation of their rights and were harmed.

76.     Plaintiffs are therefore entitled to damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiffs demand judgement against Motorola, Callyo, and SHI, jointly and severally, damages, punitive damages, attorneys' fees, pre-and-post judgment interest, other litigation disbursements, and such other further relief as is just and equitable.

### COUNT II
### VIOLATION OF M.G.L. c. 93A FOR UNFAIR AND DECEPTIVE ACTS OR PRACTICES IN THE COMMONWEALTH OF MASSACHUSETTS
### (MOTOROLA and CALLYO)

77.     Plaintiffs repeat and reallege all previous allegations.

78.     At all relevant times, Motorola/Callyo was engaged in trade or commerce in Massachusetts.

79.     Motorola/Callyo's marketing of 10-21 was unscrupulous in that it encouraged illegal conduct, i.e., the secret interception and recording of oral communications in Massachusetts.

80.     Motorola/Callyo's current marketing of 10-21 boasts that it is "hidden in plain sight technology [that] makes body wires a thing of the past."

81.     Motorola/Callyo's current marketing of 10-21 provides a "Conceal Camera Preview" feature which "[d]isables your video preview while streaming to avoid detection".

82.     The actions of Motorola/Callyo described herein were oppressive or otherwise unconscionable within the meaning of M.G.L. c. 93A § 2 and 9 and 940 C.M.R. § 3.16 *et seq.*

83.     The actions of Motorola/Callyo described herein were performed willfully and knowingly.

84.     Motorola/Callyo intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of their conduct.

85.     Motorola/Callyo's conduct was extreme or outrageous.

86.     Motorola/Callyo's actions were the cause of Plaintiffs' distress.

87.     Plaintiffs' emotional distress was severe.

88.     As a result of Motorola/Callyo's unfair or deceptive acts or practices in Massachusetts, Plaintiffs were harmed and suffered injury including, but not limited to, loss of liberty and expenses associated with their criminal cases.

89.     Plaintiffs, through their attorneys, sent both Motorola and Callyo, a written demand for relief under M.G.L. c. 93A § 9, par. 3, identifying the claimants and reasonably describing the unlawful, unfair, or deceptive acts or practices relied upon, and the damages sustained as a result.

90.     In response, both Motorola and Callyo have refused to grant reasonable relief upon demand. Their refusal was made in bad faith with knowledge or reason to know that its acts and practices violated M.G.L. c. 93A § 2.

WHEREFORE, Plaintiffs demand judgement against Motorola and Callyo, jointly and severally, damages, punitive damages, treble damages, attorneys' fees, pre-and-post judgment interest, other litigation disbursements, disgorgement of profits, injunctive relief, and such other further relief as is just and equitable.

## COUNT III
## BREACH OF EXPRESS WARRANTY
### (MOTOROLA and CALLYO)

91.     Plaintiffs repeat and reallege all previous allegations.

92.     Motorola/Callyo expressly warranted that it would comply with applicable laws, including privacy laws, in connection with the sale, marketing, and manufacturing of 10-21 and Mobile Body Bug.

93.     At all relevant times, 10-21 and Mobile Body Bug were each a "good" within the meaning of M.G.L. c. 106 § 2-105.

94.     10-21 and Mobile Body Bug failed to comply with Massachusetts law.

95.     Motorola/Callyo breached its express warranty.

96.     Due to Motorola/Callyo's breach of its express warranty, Plaintiffs were harmed and suffered injury including, but not limited to, loss of liberty and expenses associated with their criminal cases.

WHEREFORE, Plaintiffs demand judgement against Motorola and Callyo, jointly and severally, damages, punitive damages, treble damages, attorneys' fees, pre-and-post judgment

interest, other litigation disbursements, injunctive relief, and such other further relief as is just and equitable.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## (MOTOROLA, CALLYO, and SHI)

97.     Plaintiffs repeat and reallege all previous allegations.

98.     Motorola/Callyo and SHI impliedly warranted that 10-21 and Mobile Body Bug would comply with Massachusetts law.

99.     10-21 and Mobile Body Bug failed to comply with Massachusetts law.

100.    Motorola/Callyo and SHI breached the implied warranty of merchantability.

101.    Due to Motorola/Callyo and SHI's breach of the implied warranty or merchantability, Plaintiffs were harmed and suffered injury including, but not limited to, loss of liberty and expenses associated with their criminal cases.

WHEREFORE, Plaintiffs demand judgement against Motorola, Callyo, and SHI, jointly and severally, damages, punitive damages, treble damages, attorneys' fees, pre-and-post judgment interest, other litigation disbursements, injunctive relief, and such other further relief as is just and equitable.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE
## (MOTOROLA, CALLYO, and SHI)

102.    Plaintiffs repeat and reallege all previous allegations.

103.    At all relevant times, Motorola/Callyo, and SHI, are sellers, manufacturers, or suppliers of goods.

104.    At all relevant times, Motorola/Callyo, and SHI, were, each, merchants with respect to the sale of 10-21 and Mobile Body Bug in Massachusetts.

105.     At all relevant times, Plaintiffs were persons who Motorola/Callyo, and SHI, reasonably should have expected to be affected by 10-21 and Mobile Body Bug.

106.     At all relevant times, Motorola/Callyo, and SHI, knew or had reason to know the purpose for which it was selling 10-21 and Mobile Body Bug to MSP.

107.     At all relevant times, MSP relied on Motorola/Callyo, and SHI's skill or judgment to select or furnish suitable goods.

108.     Motorola/Callyo, and SHI, knew or should have known the particular purpose for which 10-21 and Mobile Body Bug were required.

109.     Motorola/Callyo, and SHI, breached the implied warranty that its goods would be used for a particular purpose to comply with Massachusetts law.

110.     Due to Motorola/Callyo, and SHI's breach of the implied warranty of fitness for particular purpose, Plaintiffs were harmed and suffered injury including, but not limited to, loss of liberty and expenses associated with their criminal cases.

WHEREFORE, Plaintiffs demand judgement against Motorola, Callyo, and SHI, jointly and severally, damages, punitive damages, treble damages, attorneys' fees, pre-and-post judgment interest, other litigation disbursements, injunctive relief, and such other further relief as is just and equitable.

### COUNT VI
### VIOLATION OF M.G.L. c. 93A FOR UNFAIR AND DECEPTIVE ACTS OR PRACTICES IN THE COMMONWEALTH OF MASSACHUSETTS
### (SHI)

111.     Plaintiffs repeat and reallege all previous allegations.

112.     At all relevant times, SHI was engaged in trade or commerce in Massachusetts.

113.     The actions of SHI described herein were oppressive or otherwise unconscionable within the meaning of M.G.L. c. 93A § 2 and 9 and 940 C.M.R. § 3.16 *et seq*.

114.     The actions of SHI described herein were performed willfully and knowingly.

115.     SHI intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of their conduct.

116.     SHI's conduct was extreme or outrageous.

117.     SHI's actions were the cause of Plaintiffs' distress.

118.     Plaintiffs' emotional distress was severe.

119.     As a result of SHI's unfair or deceptive acts or practices in Massachusetts, Plaintiffs suffered injury including, but not limited to, loss of liberty and expenses associated with their criminal cases.

120.     Plaintiffs, through their attorneys, sent SHI a written demand for relief under M.G.L. c. 93A § 9, par. 3, identifying the claimants and reasonably describing the unlawful, unfair, or deceptive acts or practices relied upon, and the damages sustained as a result.

121.     In response, SHI has refused to grant reasonable relief upon demand. Its refusal was made in bad faith with knowledge or reason to know that its acts and practices violated M.G.L. c. 93A § 2.

WHEREFORE, Plaintiffs demand judgement against SHI, damages, punitive damages, treble damages, attorneys' fees, pre-and-post judgment interest, other litigation disbursements, disgorgement of profits, injunctive relief, and such other further relief as is just and equitable.

<u>COUNT VII</u>
**VIOLATION OF MASSACHUSETTS WIRETAP ACT, M.G.L. c. 272 § 99**
**(MOTOROLA, CALLYO, and SHI)**

122.     Plaintiffs repeat and reallege all previous allegations.

123.     The Massachusetts Wiretap Act was enacted to provide guidance to law enforcement officers in the use of emerging surveillance technologies.

124.     In particular, the Massachusetts Wiretap Act delineates the warrant requirements for utilizing emerging surveillance technologies.

125.     The Massachusetts Wiretap Act specifically provides for an annual reporting requirement to both the judiciary and legislative branches on the use of the warrants which were issued under the Act.

126.     The preamble to the Massachusetts Wiretap Act describes protections for civil liberties. Among other things, the preamble provides:

> The general court further finds that the uncontrolled development and unrestricted use of modern electronic surveillance devices pose grave dangers to the privacy of all citizens of the commonwealth. Therefore, the secret use of such devices by private individuals must be prohibited. The use of such devices by law enforcement officials must be conducted under strict judicial supervision and should be limited to the investigation of organized crime.

127.     Motorola/Callyo and SHI marketed, manufactured, sold, stored, and otherwise procured intercepting devices and data-storage services to MSP.

128.     As a result of their procurement to MSP, Motorola/Callyo and SHI violated the Massachusetts Wiretap Act.

129.     Plaintiffs are aggrieved persons under the Massachusetts Wiretap Act. Their oral communications were intercepted and their privacy was violated.

130.     Motorola/Callyo is a person under the Massachusetts Wiretap Act.

131.     SHI is a person under the Massachusetts Wiretap Act.

132.     Section Q of the Massachusetts Wiretap Act provides for a civil cause of action against Motorola/Callyo and SHI for their violations of the statute.

WHEREFORE, Plaintiffs demand judgement against Motorola, Callyo, and SHI, jointly and severally, damages, punitive damages, attorneys' fees, pre-and-post judgment interest, other litigation disbursements, and such other further relief as is just and equitable.

## COUNT VIII
## VIOLATION OF MASSACHUSETTS WIRETAP ACT, M.G.L. c. 272 § 99
## (MSP)

133.     Plaintiffs repeat and reallege all previous allegations.

134.     MSP willfully and secretly intercepted, recorded, and stored Plaintiffs' oral communications.

135.     MSP's secret interceptions of Plaintiffs' oral communications were done for evidentiary purposes.

136.     The Massachusetts Wiretap Act was enacted to provide guidance to law enforcement officers in the use of emerging surveillance technologies.

137.     In particular, the Massachusetts Wiretap Act delineates the warrant requirements for utilizing emerging surveillance technologies.

138.     The Massachusetts Wiretap Act specifically provides for an annual reporting requirement to both the judiciary and legislative branches on the use of the warrants which were issued under the Act.

139.     The preamble to the Massachusetts Wiretap Act describes protections for civil liberties. Among other things, the preamble provides:

> The general court further finds that the uncontrolled development and unrestricted use of modern electronic surveillance devices pose grave dangers to the privacy of all citizens of the commonwealth. … The use of such devices by law enforcement officials must be conducted under strict judicial supervision and should be limited to the investigation of organized crime.

140.    The Plaintiffs were not engaged in organized crime activity.

141.    There exists no nexus between Plaintiffs and organized crime.

142.    Plaintiffs are aggrieved persons under the Massachusetts Wiretap Act. Their oral communications were intercepted and their privacy was violated.

143.    MSP is a person under the Massachusetts Wiretap Act.

144.    Section Q of the Massachusetts Wiretap Act provides for a civil cause of action against MSP for its violations of the statute.

145.    The Massachusetts Wiretap Act, paragraph R, requires the attorney general and each district attorney to submit an annual report to the general court stating certain enumerated characteristics of wiretap interceptions and warrants, including the number of interceptions made during the previous year and the number of criminal convictions obtained in trials where interception evidence or evidence derived therefrom was introduced.

146.    MSP and each of its Troopers is an "investigative or law enforcement officer" within the meaning of the Massachusetts Wiretap Act.

147.    MSP used an intercepting device to willfully commit an interception, attempted to commit an interception, and/or procured another person to commit an interception.

148.    MSP used evidence derived from the secretly intercepted oral communications to conduct further investigations into additional persons.

149.     The secretly intercepted oral communications were made and kept in a central database over which MSP had care, custody, or control for years. Throughout this time, MSP never informed Plaintiffs or their counsel of these secret recorded statements.

150.     MSP failed to comply with the warrant requirements of Section F of the Massachusetts Wiretap Act.

151.     MSP's actions prevented the attorney general and/or each district attorneys' office from reporting true and accurate statistics to the general court concerning the number of interceptions made in the previous year and the number of criminal convictions obtained in trials where interception evidence or evidence derived therefrom was introduced.

152.     MSP violated the Massachusetts Wiretap Act.

153.     As a direct and proximate cause of MSP's unreasonable and unlawful actions, Plaintiffs have suffered and continue to suffer substantial past and future harm.

WHEREFORE, Plaintiffs demand judgement against MSP, damages, punitive damages, attorneys' fees, pre-and-post judgment interest, other litigation disbursements, and such other further relief as is just and equitable.

### COUNT IX
### 42 U.S.C. § 1983 - VIOLATION OF CONSTITUTIONAL RIGHTS SECURED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
### (MSP)

154.     Plaintiffs repeat and reallege all previous allegations.

155.     MSP is the law enforcement agency for the Commonwealth of Massachusetts.

156.     Colonel John E. Mawn, Jr. is the "policymaker" with respect to MSP, as a law enforcement agency.

157.    Liability can attach under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), for even a single decision made by a final policymaker in certain circumstances, regardless of whether or not the action is taken once or repeatedly.

158.    If an authorized policymaker approves of a subordinate's decision and the basis for it, such ratification would be chargeable to MSP under *Monell*.

159.    At all relevant times, Plaintiffs were persons for purposes of 42 U.S.C. § 1983.

160.    At all relevant times, MSP was acting under the color of state law when it violated Plaintiffs' due process rights, secured by the Fifth, Sixth, and Fourteenth Amendments, and Article 12 of the Massachusetts Declaration of Rights.

161.    MSP had a policy, pattern, practice, and/or procedure of using intercepting devices and data-storage practices that violated the law.

162.    Upon information and belief, final policymaking officials in the MSP failed to end these unlawful practices over many years.

163.    MSP's secret interception and recordings of Plaintiffs' oral communications were done in accordance with either a policy, pattern, practice, and/or procedure of the MSP.

164.    MSP's practice was so well-settled and widespread that its violations occurred throughout the Commonwealth.

165.    MSP's failure to produce these secret recordings to Plaintiffs deprived them of exculpatory evidence at trial.

166.    MSP's failure to produce these secret recordings deprived Plaintiffs of their right to effective assistance of their counsel.

167.     MSP unjustifiably and unlawfully violated Plaintiffs' rights to be presented with evidence against them, confront their accusers, and enjoy a fair and impartial trial, due to MSP's customs, patterns, practices, and/or procedures.

168.     MSP's failure to produce these secret recordings was the cause of and the moving force behind the deprivation of Plaintiffs' civil rights.

169.     When MSP Troopers inevitably violated Plaintiffs' rights, MSP would ratify their unconstitutional acts and assist in covering up the Troopers' bad actions by failing to produce these secret interceptions of oral communications.

170.     As evidence of the above-stated custom, pattern, practice, and/or procedure, MSP and Motorola/Callyo maintained an electronic database of these secret intereceptions of oral communications; MSP and Motorola/Callyo knew how to share these secret oral communications; and MSP had policies on paper requiring these secret oral communications be produced to prosecuting agencies. Despite this, MSP failed to produce these secret intereceptions of oral communications to Plaintiffs or their counsel, as required, for years.

171.     When these secret interceptions of oral communications were created by MSP, no person or law enforcement officer was in imminent danger and no exigent circumstances existed. To the contrary, the secret recordings were created for evidentiary purposes and not for officer safety.

172.     MSP failed to obtain warrants in accordance with the requirements of the Massachusetts Wiretap Act.

173.     As a direct consequence of MSP's failure to obtain warrants, the legislative and judiciary were intentionally deprived of their supervision powers of the MSP.

174.     MSP failed to train its employees adequately.

175.      MSP provided little or no training on the use of Motorola/Callyo's intercepting devices.

176.      MSP's minimal training was a deliberate or conscious choice of the agency.

177.      The need for training of Motorola/Callyo's intercepting devices was clear and obvious.

178.      MSP's failure to train its officers caused the deprivation of Plaintiffs' constitutional rights.

179.      MSP knew or should have known that Motorola/Callyo's intercepting devices failed to comply with the Massachusetts Wiretap Act.

180.      MSP asked Motorola/Callyo to make their intercepting devices "idiot proof", which meant that the intercepting devices should not record by default.

181.      Motorola/Callyo failed or refused to accede to MSP's requests.

182.      MSP knew of the law's warrant requirements, the recording issue, and it was deliberately indifferent to the secret recordings that were made by these intercepting devices.

183.      As a direct and proximate result of MSP's customs, patterns, practices, and/or procedures as stated herein, Plaintiffs' rights guaranteed to them by the Fifth, Sixth, and Fourteenth Amendments to the Unites States Constitution were violated.

184.      As a direct and proximate cause of MSP's unreasonable and unlawful actions, Plaintiffs have suffered and continue to suffer substantial past and future harm.

WHEREFORE, Plaintiffs demand judgment against MSP, injunctive relief, declaratory relief pursuant to 28 U.S.C. § 2201, and such other further relief as is just and equitable.

## **PRAYERS FOR RELIEF**

Plaintiffs, on behalf of themselves, and on behalf of all others similarly situated, hereby pray that this Honorable Court:

1.      Enter judgment for Plaintiffs on all counts;

2.      Certify the case as a class action pursuant to Fed. R. Civ. P. 23;

3.      Award Plaintiffs their attorneys' fees, costs, and interest;

4.      Order injunctive relief;

5.      Order declaratory relief;

6.      Order an appointment of Special Master;

7.      Order a receiver to oversee the Massachusetts State Police; and

8.      Grant such other and further relief as is just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

[signatures on next page]

Respectfully submitted,

JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, and DENNIS WILLIAMS,
ON BEHALF OF THEMSELVES, AND ALL OTHERS SIMILARLY SITUATED,

by their attorneys,

/s/ Christopher R. Batinsey
Christopher R. Batinsey, Esq.
BBO# 688586

Batinsey Legal P.C.
344 Main St
Suite 14
Fitchburg, MA 01420
(617) 682-0254
cbatinsey@batinseylegal.com

/s/ James O'Connor, Jr.
James O'Connor, Jr., Esq.
BBO# 563450

Nickless, Phillips and O'Connor, P.C.
780 Main St
PO Box 2101
Fitchburg, MA 01420
(978) 342-4590
joconnor@npolegal.com

/s/ Christopher J. Walton
Christopher J. Walton, Esq.
BBO# 639819

Law Office of Christopher J. Walton
56 Elm St
Fitchburg, MA 01420
(978) 342-9100
attycjw@aol.com

# EXHIBIT A





*The Commonwealth of Massachusetts*
*Department of State Police*

Division of Investigative Services
470 Worcester Road
Framingham, MA 01702
June 20, 2023



CHARLES D. BAKER
*GOVERNOR*

KARYN E. POLITO
*LIEUTENANT GOVERNOR*

TERRENCE M. REIDY
*SECRETARY*

JOHN E. MAWN JR.
*COLONEL/SUPERINTENDENT*

JOHN D. PINKHAM
*DEPUTY SUPERINTENDENT*

To:      Colonel John E. Mawn, Jr., #2402, Superintendent
Lieutenant Colonel John D. Pinkham, #2772, Deputy Superintendent
Lieutenant Colonel Brian P. Connors, #2145, Division Commander, DIS
Major Michael E. Farley, #2352, Deputy Division Commander, DIS

From:    Detective Captain Eric J. Benson, #3389, Division of Investigative Services

Subject:  Cases with covert investigative recordings that were not disclosed to prosecuting
agencies and that resulted in dispositions of Guilty or Continued Without a Finding

1.        Over the past several weeks, an audit of historical covert investigative recordings across various platforms (Callyo, 10-21, and Coverttrack) was undertaken to determine whether members of the Department did not notify prosecuting agencies about the existence of such recordings that were made in furtherance of criminal investigations. The audit revealed that the existence of covert recordings was likely not disclosed to prosecuting agencies in 181 criminal cases that resulted in dispositions of Guilty or Continued Without a Finding. The audit further revealed that twenty-seven (27) members of the Department may have made or supervised recordings that were not disclosed to prosecuting agencies. The audit also revealed that forty-five (45) members of the Department were Case Officers for criminal investigations that produced covert investigative recordings that may not have been disclosed to prosecuting agencies.

2.        The 181 criminal cases were identified from audits of covert investigative recordings that were created by sixty-three (63) members of the Department. Additionally, the Norfolk County State Police Detective Unit performed an audit of its shared Coverttrack account[1]. The 181 cases were flagged because the existence of a covert recording was not mentioned in a report or affidavit filed with the court before final disposition of the case and the member performing the audit was unable to provide documentation that the recording was produced or made known to a prosecuting agency.

3.        The docket numbers and prosecuting agencies for the 181 criminal cases in question are as follows:

              1:15-cr-10349-LTS-4       United States Attorney's Office - Massachusetts
              1:17CR10350 – Guilty       United States Attorney's Office - Massachusetts

---

[1] Coverttrack is purchased for the Norfolk County State Police Detective's Unit by the Norfolk District Attorney's Office. This is the only investigative unit that utilizes this technology.

| | |
|---|---|
| 1:19-cr-10217-FDS - Guilty | United States Attorney's Office - Massachusetts |
| 1:19MJ2241 - Guilty | United States Attorney's Office - Massachusetts |
| 1:19CR10316 - Guilty | United States Attorney's Office - Massachusetts |
| 1:22:CR-10280-LTS - Guilty | United States Attorney's Office - Massachusetts |
| 21-CR-10312-DJC - Guilty | United States Attorney's Office - Massachusetts |
| 1:2019CR10411 - Guilty | United States Attorney's Office - Massachusetts |
| 1:2019cr10394 - Guilty | United States Attorney's Office - Massachusetts |
| 1:19-cr-10422 - Guilty | United States Attorney's Office - Massachusetts |
| 1:19-cr-10388-IT-1 - Guilty | United States Attorney's Office - Massachusetts |
| 1650CR002555 - Guilty | Attorney General's Office |
| 18CR7700074 - Guilty | Attorney General's Office |
| 1977CR00160 - Guilty | Attorney General's Office |
| 1977CR00336 - Guilty | Attorney General's Office |
| 1977CR00576 - Guilty | Attorney General's Office |
| 2013CR002386 - Guilty | Attorney General's Office |
| 2177CR00075 - Guilty | Attorney General's Office |
| 2177CR00076 - Guilty | Attorney General's Office |
| 2177CR00562 - Guilty | Attorney General's Office |
| 2177CR00563 - Guilty | Attorney General's Office |
| 2215CR000093 - CWOF | Attorney General's Office |
| 2277CR00043 - Guilty | Attorney General's Office |
| 2277CR00044 - Guilty | Attorney General's Office |
| 2277CR00107 - Guilty | Attorney General's Office |
| 1977CR00453 - Guilty | Attorney General's Office |
| 1931CR003400 - Guilty | Bristol County District Attorney's Office |
| 1932CR002204 - Guilty | Bristol County District Attorney's Office |
| 1933CR005157 - Guilty | Bristol County District Attorney's Office |
| 2032CR000498 - Guilty | Bristol County District Attorney's Office |
| 2032CR000499 - Guilty | Bristol County District Attorney's Office |
| 2032CR002130 - Guilty | Bristol County District Attorney's Office |
| 2173CR00003 - Guilty | Bristol County District Attorney's Office |
| 2073CR00109 - CWOF | Bristol County District Attorney's Office |
| 1913CR003720 - CWOF | Bristol County District Attorney's Office |
| 2272CR00031 - Guilty | Cape & Islands District Attorney's Office |
| 2272CR00034 - Guilty | Cape & Islands District Attorney's Office |
| 2125CR001926 - Guilty | Cape & Islands District Attorney's Office |
| 2272CR00040 - Guilty | Cape & Islands District Attorney's Office |
| 2272CR00035 - Guilty | Cape & Islands District Attorney's Office |
| 2272CR00030 - Guilty | Cape & Islands District Attorney's Office |
| 1913CR002400 - Guilty | Essex County District Attorney's Office |
| 1913CR003063 - Guilty | Essex County District Attorney's Office |
| 1913CR003216 - Guilty | Essex County District Attorney's Office |
| 1913CR003316 - Guilty | Essex County District Attorney's Office |
| 1913CR003327 - Guilty | Essex County District Attorney's Office |
| 1913CR003701 - Guilty | Essex County District Attorney's Office |

| | |
|---|---|
| 1913CR003703 - CWOF | Essex County District Attorney's Office |
| 1913CR003705 - Guilty | Essex County District Attorney's Office |
| 1913CR003731 - Guilty | Essex County District Attorney's Office |
| 1918CR002943 - Guilty | Essex County District Attorney's Office |
| 1938CR001645 - Guilty | Essex County District Attorney's Office |
| 1938CR001646 - Guilty | Essex County District Attorney's Office |
| 1938CR001825 - Guilty | Essex County District Attorney's Office |
| 1977CR00139 - Guilty | Essex County District Attorney's Office |
| 1977CR00179 - Guilty | Essex County District Attorney's Office |
| 2013CR002363 - Guilty | Essex County District Attorney's Office |
| 2013CR002378 - Guilty | Essex County District Attorney's Office |
| 2013CR002389 - Guilty | Essex County District Attorney's Office |
| 2013CR002433 - Guilty | Essex County District Attorney's Office |
| 2013CR002436 - CWOF | Essex County District Attorney's Office |
| 2013CR002437 - Guilty | Essex County District Attorney's Office |
| 2013CR002439 - Guilty | Essex County District Attorney's Office |
| 2077CR00109 - Guilty | Essex County District Attorney's Office |
| 2136CR000526 – Guilty | Essex County District Attorney's Office |
| 2177CR00013 - Guilty | Essex County District Attorney's Office |
| 2177CR000341 - Guilty | Essex County District Attorney's Office |
| 2177CR00397 - Guilty | Essex County District Attorney's Office |
| 2177CR00426 - Guilty | Essex County District Attorney's Office |
| 2177CR00468 - Guilty | Essex County District Attorney's Office |
| 2177CR00484 - Guilty | Essex County District Attorney's Office |
| 2218CR002377 - Guilty | Essex County District Attorney's Office |
| 2277CR00032 - Guilty | Essex County District Attorney's Office |
| 2277CR00166 - Guilty | Essex County District Attorney's Office |
| 2281CR00329 - Guilty | Essex County District Attorney's Office |
| 2277CR00448 - Guilty | Essex County District Attorney's Office |
| 1817CR001463 - Guilty | Hampden County District Attorney's Office |
| 1817CR001464 - Guilty | Hampden County District Attorney's Office |
| 1817CR001466 - Guilty | Hampden County District Attorney's Office |
| 1817CR001471 - CWOF | Hampden County District Attorney's Office |
| 1817CR001472 - CWOF | Hampden County District Attorney's Office |
| 1817CR001501 - CWOF | Hampden County District Attorney's Office |
| 1817CR001461 - Guilty | Hampden County District Attorney's Office |
| 1817CR001531 - Guilty | Hampden County District Attorney's Office |
| 1920CR001993 - CWOF | Hampden County District Attorney's Office |
| 1979CR00350 - Guilty | Hampden County District Attorney's Office |
| 1979CR00448 - Guilty | Hampden County District Attorney's Office |
| 2023CR002896 - Guilty | Hampden County District Attorney's Office |
| 2023CR002962 - Guilty | Hampden County District Attorney's Office |
| 2023CR002966 - Guilty | Hampden County District Attorney's Office |
| 2023CR002968 - Guilty | Hampden County District Attorney's Office |
| 2023CR002977 - Guilty | Hampden County District Attorney's Office |

| | |
|---|---|
| 2023CR002979 - Guilty | Hampden County District Attorney's Office |
| 2023CR002983 - Guilty | Hampden County District Attorney's Office |
| 2120CR001311 - Guilty | Hampden County District Attorney's Office |
| 2023CR002978 - Guilty | Hampden County District Attorney's Office |
| 2223CR004638 - Guilty | Hampden County District Attorney's Office |
| 1748CR000691 - Guilty | Middlesex County District Attorney's Office |
| 2113CR000707 - Guilty | Middlesex County District Attorney's Office |
| 1557CR000706 - Guilty | Norfolk County District Attorney's Office |
| 1782CR00274 - Guilty | Norfolk County District Attorney's Office |
| 1982CR00161 - Guilty | Norfolk County District Attorney's Office |
| 1982CR00448 - Guilty | Norfolk County District Attorney's Office |
| 1982CR00450 - Guilty | Norfolk County District Attorney's Office |
| 1982CR00451 - Guilty | Norfolk County District Attorney's Office |
| 2056CR001787 - Guilty | Norfolk County District Attorney's Office |
| 1817CR865 - CWOF | Northwestern District Attorney's Office |
| 1842CR119 - Guilty | Northwestern District Attorney's Office |
| 1842CR276 - Guilty | Northwestern District Attorney's Office |
| 1845CR430 - Guilty | Northwestern District Attorney's Office |
| 1880CR48 - Guilty | Northwestern District Attorney's Office |
| 1898CR947 - CWOF | Northwestern District Attorney's Office |
| 1898CR1949 - CWOF | Northwestern District Attorney's Office |
| 1898CR948 - Guilty | Northwestern District Attorney's Office |
| 1815CR003148 - Guilty | Plymouth County District Attorney's Office |
| 1815CR003149 - Guilty | Plymouth County District Attorney's Office |
| 1815CR003153 - Guilty | Plymouth County District Attorney's Office |
| 1815CR003154 - Guilty | Plymouth County District Attorney's Office |
| 1815CR003157 - Guilty | Plymouth County District Attorney's Office |
| 1815CR003158 - Guilty | Plymouth County District Attorney's Office |
| 1883CR00255 - Guilty | Plymouth County District Attorney's Office |
| 1883CR00291 - Guilty | Plymouth County District Attorney's Office |
| 1883CR00311 - Guilty | Plymouth County District Attorney's Office |
| 1915CR002534 - Guilty | Plymouth County District Attorney's Office |
| 1915CR002541 - Guilty | Plymouth County District Attorney's Office |
| 1915CR002542 - Guilty | Plymouth County District Attorney's Office |
| 1915CR002545 - Guilty | Plymouth County District Attorney's Office |
| 1915CR003024 - Guilty | Plymouth County District Attorney's Office |
| 1915CR003273 - Guilty | Plymouth County District Attorney's Office |
| 1915CR003483 - Guilty | Plymouth County District Attorney's Office |
| 1915CR004181 - Guilty | Plymouth County District Attorney's Office |
| 1983CR000287 - Guilty | Plymouth County District Attorney's Office |
| 1983CR00267 - Guilty | Plymouth County District Attorney's Office |
| 1983CR00289 - Guilty | Plymouth County District Attorney's Office |
| 1983CR00290 - Guilty | Plymouth County District Attorney's Office |
| 1983CR00304 - Guilty | Plymouth County District Attorney's Office |
| 1983CR00313 - Guilty | Plymouth County District Attorney's Office |

| | |
|---|---|
| 1983CR00345 - Guilty | Plymouth County District Attorney's Office |
| 2015CR001907 - Guilty | Plymouth County District Attorney's Office |
| 2083CR00142 - Guilty | Plymouth County District Attorney's Office |
| 21DL0078BK - Guilty | Plymouth County District Attorney's Office |
| 2215CR002042 - CWOF | Plymouth County District Attorney's Office |
| 1915CR004076 - CWOF | Plymouth County District Attorney's Office |
| 1915CR002535 - Guilty | Plymouth County District Attorney's Office |
| 2215CR002051 - Guilty | Plymouth County District Attorney's Office |
| 1606CR000687 - Guilty | Suffolk County District Attorney's Office |
| 1784CR00761 - Guilty | Suffolk County District Attorney's Office |
| 1784CR00763 - Guilty | Suffolk County District Attorney's Office |
| 1884CR00043 - Guilty | Suffolk County District Attorney's Office |
| 1816CR001565 - Guilty | Worcester County District Attorney's Office |
| 1816CR001566 - Guilty | Worcester County District Attorney's Office |
| 1816CR001572 - CWOF | Worcester County District Attorney's Office |
| 1816CR001583 - Guilty | Worcester County District Attorney's Office |
| 1816CR001615 - Guilty | Worcester County District Attorney's Office |
| 1869CR001338 - Guilty | Worcester County District Attorney's Office |
| 1862CR006570 - Guilty | Worcester County District Attorney's Office |
| 1962CR000891 - Guilty | Worcester County District Attorney's Office |
| 1985CR0030 - Guilty | Worcester County District Attorney's Office |
| 1985CR0165 - Guilty | Worcester County District Attorney's Office |
| 1985CR0212 - Guilty | Worcester County District Attorney's Office |
| 1985CR0314 - Guilty | Worcester County District Attorney's Office |
| 2085CR0197 - Guilty | Worcester County District Attorney's Office |
| 2162CR001607 - Guilty | Worcester County District Attorney's Office |
| 2162CR002696 - CWOF | Worcester County District Attorney's Office |
| 2216CR000448 - Guilty | Worcester County District Attorney's Office |
| 2216CR000456 - Guilty | Worcester County District Attorney's Office |
| 2216CR000475 - Guilty | Worcester County District Attorney's Office |
| 2216CR000484 - Guilty | Worcester County District Attorney's Office |
| 2216CR000487 - Guilty | Worcester County District Attorney's Office |
| 2216CR000488 - Guilty | Worcester County District Attorney's Office |
| 2216CR000495 - Guilty | Worcester County District Attorney's Office |
| 2216CR000502 - Guilty | Worcester County District Attorney's Office |
| 2216CR000590 - Guilty | Worcester County District Attorney's Office |
| 2216CR000591 - Guilty | Worcester County District Attorney's Office |
| 2216CR000594 - Guilty | Worcester County District Attorney's Office |
| 2261CR000019 - CWOF | Worcester County District Attorney's Office |
| 2261CR000564 - Guilty | Worcester County District Attorney's Office |
| 2261CR000555 - Guilty | Worcester County District Attorney's Office |
| 2263CR000214 - Guilty | Worcester County District Attorney's Office |
| 2263CR000353 - Guilty | Worcester County District Attorney's Office |
| 2216CR000503 - Guilty | Worcester County District Attorney's Office |
| 2285CF0174 - Guilty | Worcester County District Attorney's Office |

4.         The following is the distribution of the 181 cases across the affected prosecutor's offices:

| | |
|---|---|
| United States Attorney's Office | 11 Cases |
| Attorney General's Office | 15 Cases |
| Bristol County District Attorney's Office | 9 Cases |
| Cape & Islands District Attorney's Office | 6 Cases |
| Essex County District Attorney's Office | 35 Cases |
| Hampden County District Attorney's Office | 20 Cases |
| Middlesex County District Attorney's Office | 2 Cases |
| Norfolk County District Attorney's Office | 7 Cases |
| Northwestern County District Attorney's Office | 8 Cases |
| Plymouth County District Attorney's Office | 31 Cases |
| Suffolk County District Attorney's Office | 4 Cases |
| Worcester County District Attorney's Office | 32 Cases |

5.         Members of the State Police were Case Officers for 137 of the 181 cases in question. Local police officers or federal agents were the Case Officers on the remaining 44 cases. The forty-five (45) State Police Case Officers are as follows:

| | |
|---|---|
| Detective Lieutenant Kevin Dwyer, #3105 | 2 Cases |
| Detective Lieutenant Steven Racki, #2778 | 2 Cases |
| Lieutenant John Santos, #3177 | 3 Cases |
| Lieutenant Michael Tulipano, #3191 | 1 Case |
| Lieutenant Shawn Riley, #2920 | 7 Cases |
| Sergeant Andrew DaSilva. #3568 | 10 Cases |
| Sergeant Brian Estevez. #3588 | 2 Cases |
| Sergeant Charles Kane, #1266 (Retired) | 1 Case |
| Sergeant Charles Murphy, #3671 | 1 Case |
| Sergeant Daniel Clemens, #2967 (Retired) | 5 Cases |
| Sergeant Daniel Nunes, #3674 | 1 Case |
| Sergeant Felipe Martinez. #3647 | 4 Cases |
| Sergeant James Connolly, #3558 | 2 Cases |
| Sergeant Jason Conant. #2718  (Retired) | 6 Cases |
| Sergeant Kevin MacDermott, #3636 | 1 Case |
| Sergeant Mark Farioli, #3254 | 2 Cases |
| Sergeant Michael Bates (Retired) | 1 Case |
| Sergeant Mark O'Brien. #3675 | 1 Case |
| Sergeant Orlando Tirella, #3187 | 1 Case |
| Sergeant Rafael Cazares, #3549 | 3 Cases |
| Sergeant Robert Noonan, #3327 | 3 Cases |
| Sergeant Ryan Walczak, #3731 | 8 Cases |
| Sergeant Shawn McIntyre. #3151 | 2 Cases |
| Sergeant Thomas Mahon, #3146 | 1 Case |

| | |
|---|---|
| Sergeant Keith Ledin, #3140 | 1 Case |
| Sergeant Brendan Cain, #3547 | 6 Cases |
| Trooper Alfred Burgos, #3755 (Retired) | 1 Case |
| Trooper Dennis Lynch, #3467 | 5 Cases |
| Trooper Jack Louie, #3631 | 1 Case |
| Trooper Jesse Gadarowski. #3955 | 3 Cases |
| Trooper Joseph Bennett, #3916 | 1 Case |
| Trooper Josh Rucho, #3704 | 1 Case |
| Trooper Justin Burd, #3754 | 16 Cases |
| Trooper Kyle Flanagan, #3258 | 1 Case |
| Trooper Kyle Reed, #4026 | 1 Case |
| Trooper Michael Coflesky. #3769 | 3 Cases |
| Trooper Michael O'Brien. #3676 | 1 Case |
| Trooper Matthew Morrissey, #3669 | 2 Case |
| Trooper Patrick McCrave, #3653 | 1 Case |
| Trooper Paul Dunderdale, #3248 | 3 Cases |
| Trooper Robert Soldani, #3879 | 5 Cases |
| Trooper Ryan Dolan, #3580 | 1 Case |
| Trooper Christopher St. Ives. #3184 | 9 Cases |
| Trooper Stephen Durant, #3788 | 3 Cases |
| Trooper Michael Finley. #3591 | 2 Cases |

6.      Twenty-seven (27) members of the State Police made or directed/supervised recordings that were made in furtherance of 169 of the 181 cases in question. In some of the above listed cases, more than one member of the State Police directed/supervised recordings. As a result, the combined number of cases attributed to each member listed below exceeds the total number of cases (169) on which a member of the State Police made at least one recording. The twenty-seven (27) members of the State Police who made or directed/supervised the recordings in question are as follows:

| | |
|---|---|
| Detective Lieutenant Brian Bandini, #3210 | 1 Case |
| Sergeant Andrew DaSilva, #3568 | 2 Cases |
| Sergeant Anthony Schena, #2671 (Retired) | 1 Case |
| Sergeant Daniel Clemens. #2967 (Retired) | 9 Cases |
| Sergeant David Patterson, #2663 (Retired) | 18 Cases |
| Sergeant Felipe Martinez, #3647 | 9 Cases |
| Sergeant Franklin Davis, #3239 | 1 Case |
| Sergeant Gregg DesFosses. #2615 (Retired) | 10 Cases |
| Sergeant Keith Pantazelos, #2769 | 1 Case |
| Sergeant Mark Burke, #3216 | 1 Case |
| Sergeant Mark Farioli. #3524 | 11 Cases |
| Sergeant Mark O'Brien, #3675 | 2 Cases |
| Trooper Henot Rivera. #1799 (Retired) | 2 Cases |

| | |
|---|---|
| Trooper Eric Higgins, #3125 | 2 Cases |
| Trooper Bryan Caccamo, #3758 | 3 Cases |
| Trooper Carly Rose, #3347 | 2 Cases |
| Trooper Carol Mansi, #3471 | 16 Cases |
| Trooper Douglas Grout, #3599 | 1 Case |
| Trooper Jesse Gadarowski, #3955 | 3 Cases |
| Trooper Mark Concannon, #3229 | 1 Case |
| Trooper Matthew Morrissey, #3669 | 4 Cases |
| Trooper Paul Dunderdale, #3248 | 65 Cases |
| Trooper Peter Towle, #4052 | 5 Cases |
| Trooper Robert Soldani, #3879 | 1 Case |
| Trooper Ryan Dolan, #3580 | 1 Case |
| Trooper Kyle Reed, #4026 | 6 Cases |
| Trooper Meghann Benesh, #3742 | 2 Cases |

Respectfully submitted,

D/Capt. *Eric J. Benson* # 3389

Detective Captain Eric J. Benson, #3389
Division of Investigative Services
Massachusetts State Police





# The Commonwealth of Massachusetts
# Department of State Police

Division of Investigative Services

470 Worcester Road

Framingham, MA 01702

June 20, 2023



CHARLES D. BAKER
*GOVERNOR*

KARYN E. POLITO
*LIEUTENANT GOVERNOR*

TERRENCE M. REIDY
*SECRETARY*

JOHN E. MAWN JR.
*COLONEL/SUPERINTENDENT*

JOHN D. PINKHAM
*DEPUTY SUPERINTENDENT*

To:         Colonel John E. Mawn, Jr., #2402, Superintendent
            Lieutenant Colonel John D. Pinkham, #2772, Deputy Superintendent
            Lieutenant Colonel Brian P. Connors, #2145, Division Commander, DIS
            Major Michael E. Farley, #2352, Deputy Division Commander, DIS

From:       Detective Captain Eric J. Benson, #3389, Division of Investigative Services

Subject:    Pending cases with covert investigative recordings that were not disclosed to
            prosecuting agencies prior to April 21, 2023

1.          Over the past several weeks, an audit of historical covert investigative recordings
across various platforms (Callyo, 10-21, and Coverttrack) was undertaken. The audit revealed that
the existence of covert recordings had likely not yet been disclosed to prosecuting agencies in 88
criminal cases that were still pending at the time the audit began. The 88 cases were flagged because
the existence of a covert recording was not mentioned in a report or affidavit filed with the court and
the member performing the audit was unable to provide documentation that the recording was
produced or made known to a prosecuting agency on or prior to April 21, 2023.

2.          The docket numbers and prosecuting agencies for the 88 criminal cases in question are
as follows:

|  |  |
|---|---|
| 22-40025-MRG | United States Attorney's Office |
| 1877CR00540 | Attorney General's Office |
| 1918CR000720 | Attorney General's Office |
| 2118CR001805 | Attorney General's Office |
| 2177CR00383 | Attorney General's Office |
| 2177CR00384 | Attorney General's Office |
| 2177CR00564 | Attorney General's Office |
| 2181CR00199 | Attorney General's Office |
| 2215CR000091 | Attorney General's Office |
| 2238CR00110 | Attorney General's Office |
| 2256CR000109 | Attorney General's Office |
| 2256CR002479 | Attorney General's Office |
| 2283CR00107 | Attorney General's Office |

| | |
|---|---|
| 2283CR00109 | Attorney General's Office |
| 2283CR00259 | Attorney General's Office |
| 2283CR00260 | Attorney General's Office |
| 2313CR000738 | Attorney General's Office |
| 2383CR00051 | Attorney General's Office |
| 2032CR000358 | Bristol County District Attorney's Office |
| 2125CR001928 | Cape & Islands District Attorney's Office |
| 2272CR00012 | Cape & Islands District Attorney's Office |
| 2272CR00039 | Cape & Islands District Attorney's Office |
| 2272CR00040 | Cape & Islands District Attorney's Office |
| 2272CR00041 | Cape & Islands District Attorney's Office |
| 1918CR000924 | Essex County District Attorney's Office |
| 1977CR00405 | Essex County District Attorney's Office |
| 2013CR003063 | Essex County District Attorney's Office |
| 2018CR002388 | Essex County District Attorney's Office |
| 2113CR000219 | Essex County District Attorney's Office |
| 2113CR001364 | Essex County District Attorney's Office |
| 2113CR002393 | Essex County District Attorney's Office |
| 2118CR001026 | Essex County District Attorney's Office |
| 2118CR003248 | Essex County District Attorney's Office |
| 2118CR003503 | Essex County District Attorney's Office |
| 2177CR00043 | Essex County District Attorney's Office |
| 2177CR00197 | Essex County District Attorney's Office |
| 2177CR00209 | Essex County District Attorney's Office |
| 2218CR003472 | Essex County District Attorney's Office |
| 2218CR003850 | Essex County District Attorney's Office |
| 2277CR00011 | Essex County District Attorney's Office |
| 2277CR00320 | Essex County District Attorney's Office |
| 2277CR00321 | Essex County District Attorney's Office |
| 2277CR00322 | Essex County District Attorney's Office |
| 2277CR00342 | Essex County District Attorney's Office |
| 2307CR000052 | Essex County District Attorney's Office |
| 2313CR000481 | Essex County District Attorney's Office |
| 2318CR000475 | Essex County District Attorney's Office |
| 2318CR001008 | Essex County District Attorney's Office |
| 2318CR001020 | Essex County District Attorney's Office |
| 2023CR002984 | Hampden County District Attorney's Office |
| 2179CR00117 | Hampden County District Attorney's Office |
| 2223CR003433 | Hampden County District Attorney's Office |
| 2279CR00357 | Hampden County District Attorney's Office |
| 2081CR00039 | Middlesex County District Attorney's Office |
| 2081CR00302 | Middlesex County District Attorney's Office |
| 2156CR001127 | Norfolk County District Attorney's Office |
| 2156CR001621 | Norfolk County District Attorney's Office |
| 2256CR002587 | Norfolk County District Attorney's Office |

| | |
|---|---|
| 2282CR00277 | Norfolk County District Attorney's Office |
| 2282CR00279 | Norfolk County District Attorney's Office |
| 2373CR00025 | Norfolk County District Attorney's Office |
| 1983CR00283 | Plymouth County District Attorney's Office |
| 2083CR0010 | Plymouth County District Attorney's Office |
| 2115CR001092 | Plymouth County District Attorney's Office |
| 2115CR001734 | Plymouth County District Attorney's Office |
| 2115CR002308 | Plymouth County District Attorney's Office |
| 2183CR00205 | Plymouth County District Attorney's Office |
| 2215CR001690 | Plymouth County District Attorney's Office |
| 2283CR00010 | Plymouth County District Attorney's Office |
| 2315CR000544 | Plymouth County District Attorney's Office |
| 2383CR00011 | Plymouth County District Attorney's Office |
| 1985CR0009 | Worcester County District Attorney's Office |
| 2118CR000822 | Worcester County District Attorney's Office |
| 2162CR002697 | Worcester County District Attorney's Office |
| 2185CR0299 | Worcester County District Attorney's Office |
| 2216CR000132 | Worcester County District Attorney's Office |
| 2216CR000457 | Worcester County District Attorney's Office |
| 2216CR000458 | Worcester County District Attorney's Office |
| 2216CR000461 | Worcester County District Attorney's Office |
| 2216CR000467 | Worcester County District Attorney's Office |
| 2216CR000470 | Worcester County District Attorney's Office |
| 2216CR000473 | Worcester County District Attorney's Office |
| 2216CR000488 | Worcester County District Attorney's Office |
| 2216CR000503 | Worcester County District Attorney's Office |
| 2261CR000019 | Worcester County District Attorney's Office |
| 2285CR0080 | Worcester County District Attorney's Office |
| 2285CR0142 | Worcester County District Attorney's Office |
| 2285CR0247 | Worcester County District Attorney's Office |

Respectfully submitted,

D/Capt. Eric J. Benson #3389

Detective Captain Eric J. Benson, #3389
Division of Investigative Services
Massachusetts State Police

# EXHIBIT B

# Lessons Learned from the Callyo Audit

- The Department conducted an extensive audit of its use of Callyo products in the Spring of 2023.

- Several lessons were learned from this audit, including:

  - Many Department members were unaware of the features of various Callyo products, even though they were routinely using these products (10-21, VIP and Mobile Bug).

  - Callyo products do not always make it clear to the user whether an event is being recorded or merely livestreamed.

  - Many recordings were made outside of legal parameters governing surreptitious audio recordings in Massachusetts.

  - Poor case management practices were being employed by certain members.

  - There was a lack of an understanding among certain members about the responsibilities of an Undercover or Case Officer pertaining to evidence identification and production.

  - Most members of the Department using Callyo products never received formal training on their use.

- Overall, the results of the Callyo audit revealed the need for the Department to provide formal training on the use of Callyo products and promulgate a policy on covert investigatory recordings.