**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, AND DENNIS WILLIAMS, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., SHI INTERNATIONAL CORP., and COLONEL JOHN E. MAWN, JR., Interim Superintendent of the Massachusetts State Police, in his official capacity,

Defendants.

Civil Action No.: 4:24-cv-40030-DHH

**DEFENDANTS MOTOROLA SOLUTIONS, INC. AND CALLYO 2009 CORP.'S MEMORANDUM OF REASONS IN SUPPORT OF THEIR MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND FACTS ........................................ 1

ARGUMENT ........................................ 2

I. Plaintiffs Lack Article III Standing to Pursue Their Claims Against Motorola Because They Fail to Plausibly Allege Their Injury Is Fairly Traceable to Motorola........................................2

II. Plaintiffs Fail to Adequately Plead a Conspiracy Claim Under Section 1983 ........................................5

A. Plaintiffs Fail to Adequately Plead Motorola Acted Under Color of State Law ........................................5

B. Plaintiffs Fail to Adequately Plead a Due Process Violation ........................................7

C. Plaintiffs Fail to Adequately Plead the Existence of a Conspiratorial Agreement........................................9

D. If Motorola Acted Under Color of State Law, Motorola Would Be Entitled to Qualified Immunity........................................10

III. Plaintiffs Fail to Adequately Plead That Motorola Violated the Massachusetts Wiretap Act........................................12

IV. Plaintiffs Fail to Adequately Plead a Chapter 93A Claim........................................13

A. Plaintiffs Fail to Adequately Plead a Deceptive or Unfair Practice........................................14

B. Plaintiffs Fail to Allege a Business, Commercial, or Transactional Relationship Between Them and Motorola ........................................15

C. Plaintiffs Fail to Adequately Plead Injury ........................................16

D. Plaintiffs Fail to Adequately Plead Causation ........................................17

V. Plaintiffs Fail to Adequately Plead Their Breach-of-Warranty Claims........................................18

CONCLUSION........................................ 20

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Akar v. Fed. Nat'l Mortg. Ass'n*,
843 F. Supp. 2d 154 ....16

*Alberto San, Inc. v. Consejo De Titulares Del Condominio San Alberto*,
522 F.3d 1 (1st Cir. 2008) ....5

*Alfano v. Lynch*,
847 F.3d 71 (1st Cir. 2017) ....11

*Alston v. Town of Brookline, Mass.*,
2016 WL 5745091 (D. Mass. Sept. 30, 2016) ....10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....2, 5, 12

*Baker v. Goldman, Sachs & Co.*,
771 F.3d 37 (1st Cir. 2014) ....15

*Broderick v. Talbot*,
2012 WL 4321355 (D. Mass. Sept. 20, 2012) ....7

*Camilo-Robles v. Hoyos*,
151 F.3d 1 (1st Cir. 1998) ....10

*Cruz-Erazo v. Rivera-Montanez*,
212 F.3d 617 ....9

*Dantzler, Inc. v. Empresas Berrios Inventory & Operations, Inc.*,
958 F.3d 38 (1st Cir. 2020) ....3

*Eldredge v. Town of Falmouth*,
662 F.3d 100 (1st Cir. 2011) ....11

*Estate of Bennett v. Wainwright*,
548 F.3d 155 (1st Cir. 2008) ....5, 9

*Exum v. Stryker Corp.*,
2013 WL 3786469 (D. Mass. July 17, 2013) ....19, 20

*Garcia-Rubiera v. Fortuno*,
665 F.3d 261 (1st Cir. 2011) ....8

*Garrison v. Cuddyer*,
2014 WL 5092279 (D. Mass. Oct. 7, 2014) ....7

*Gillis v. Keating*,
2012 WL 772716 (D. Mass. Mar. 7, 2012)....8

*Gordon v. Nat'l Archives & Recs. Admin.*,
258 F. Supp. 3d 23 (D.D.C. 2017)....4

*Gottlieb v. Amica Mut. Ins. Co.*,
57 F.4th 1 (1st Cir. 2022)....13, 14, 16

*Gouin v. Gouin*,
2007 WL 9797503 (D. Mass. Sept. 30, 2007)....12

*Harrington v. CACV of Colo., LLC*,
508 F. Supp. 2d 128 (D. Mass. 2007)....15

*Hochendoner v. Genzyme Corp.*,
823 F.3d 724 (1st Cir. 2016)....4

*Hollander v. U.S.*,
354 F. App'x 592 (2d Cir. 2009)....4

*In re Pharm. Indus. Average Wholesale Price Litig.*,
582 F.3d 156 (1st Cir. 2009)....15

*Irish Venture, Inc. v. Fleetguard, Inc.*,
270 F. Supp. 2d 84 (D. Mass. 2003)....18

*Jackson v. Johnson & Johnson & Janssen Pharms., Inc.*,
330 F. Supp. 3d 616 (D. Mass. 2018)....19

*Jane Doe No. 1 v. Backpage.com, LLC*,
817 F.3d 12 (1st Cir. 2016)....17, 18

*Jarvis v. Vill. Gun Shop*,
805 F.3d 1 (1st Cir. 2015)....6

*Katz v. Pershing, LLC*,
672 F.3d 64 (1st Cir. 2012)....3

*Kelleher v. Truran*,
2009 WL 10693597 (D. Mass. July 10, 2009)....14

*Kim v. Soule*,
2014 WL 2117385 (D. Mass. May 20, 2014)....16

*King v. Wells Fargo Bank, N.A.*,
2019 WL 3717677 (D. Mass. Aug. 7, 2019)....18

*Lee v. Conagra Brands, Inc.*,
958 F.3d 70 (1st Cir. 2020)....................................................................................14

*Maldonado v. Fontanes*,
568 F.3d 263 (1st Cir. 2009)..................................................................................11

*Martinez-Rivera v. Sanchez Ramos*,
498 F.3d 3 (1st Cir. 2007)........................................................................................7

*Mass. v. U.S. Dep't of Health & Hum. Servs.*,
923 F.3d 209 (1st Cir. 2019)...............................................................................2, 3

*McLeod-Lopez v. Algarin*,
603 F. Supp. 2d 330 (D.P.R. 2009)..........................................................................9

*Miller v. SBA Towers V, LLC*,
391 F. Supp. 3d 123 (D. Mass. 2019) ....................................................................16

*Miller v. Town of Wenham*,
833 F.3d 46 (1st Cir. 2016) .......................................................................................5

*Organic Mulch & Landscape Supply of New Eng., LLC v. PROBEC, Inc.*,
2017 WL 3122561 (D. Mass. July 21, 2017)..........................................................18

*Pagan v. Calderon*,
448 F.3d 16 (1st Cir. 2006)...................................................................................4, 11

*Pearson v. Callahan*,
555 U.S. 223 (2009)..................................................................................................10

*Penate v. Hanchett*,
944 F.3d 358 (1st Cir. 2019)...................................................................................11

*Penney v. First Nat'l Bank of Bos.*,
385 Mass. 715 (1982) .............................................................................................15

*Ramos-Pinero v. Puerto Rico*,
453 F.3d 48 (1st Cir. 2006)........................................................................................9

*Santiago v. Puerto Rico*,
655 F.3d 61 (1st Cir. 2011)....................................................................................6, 7

*Sarvis v. Casey*,
2023 WL 4565106 (D. Mass. July 17, 2023)..........................................................14

*Sebago, Inc. v. Beazer E., Inc.*,
18 F. Supp. 2d 70 (D. Mass. 1998) .........................................................................18

*Seldomridge v. Penn State Hershey Med. Ctr.*,
24 F. Supp. 3d 425 (M.D. Pa. 2014) ....................10

*Sepulveda v. UMass Corr. Heath, Care*,
160 F. Supp. 3d 371 (D. Mass. 2016) ....................10

*Sherkat v. New Eng. Vill., Inc.*,
2015 WL 8215983 (D. Mass. Dec. 8, 2015), *aff'd*, 691 F. App'x 644 (1st Cir. 2016) .........6, 7

*Slotnick v. Staviskey*,
560 F.2d 31 (1st Cir. 1977) ....................10

*Squeri v. Mount Ida Coll.*,
954 F.3d 56 (1st Cir. 2020) ....................16

*Steinmetz v. Coyle & Caron, Inc.*,
862 F.3d 128 (1st Cir. 2017) ....................16

*Strahan v. Durham Police Officer Rene Kelley*,
2017 WL 2983231 (D.N.H. June 14, 2017) ....................7

*Sundaramurthy v. Abbott Vascular, Inc.*,
2023 WL 2311661 (D. Mass. Mar. 1, 2023) ....................19, 20

*Swenson v. Yellow Transp., Inc.*,
317 F. Supp. 2d 51 (D. Mass. 2004) ....................16

*Taupier v. Davol, Inc.*,
490 F. Supp. 3d 430 (D. Mass. 2020) ....................19, 20

*Tomasella v. Nestle USA, Inc.*,
962 F.3d 60 (1st Cir. 2020) ....................15

*Tyler v. Michaels Stores, Inc.*,
464 Mass. 492 (2013) ....................17

*Varney v. R.J. Reynolds Tobacco Co.*,
118 F. Supp. 2d 63 (D. Mass. 2000) ....................19

*Walden v. City of Providence, R.I.*,
596 F.3d 38 (1st Cir. 2010) ....................11

*Walsh v. Teltech Sys., Inc.*,
821 F.3d 155 (1st Cir. 2016) ....................15, 17

*Watson v. Perez*,
168 F. Supp. 3d 365 (D. Mass. 2016) ....................8, 10

**Statutes**

42 U.S.C. § 1983 ........................................................................................................5

Mass. Gen. L. ch. 106, § 2-314(2)(c)........................................................................20

Mass. Gen. L. ch. 272, § 99(Q) ("Massachusetts Wiretap Act")........................1, 9, 12, 13, 15, 17

## INTRODUCTION AND FACTS

Motorola Solutions, Inc. ("Motorola Solutions") and Callyo 2009 Corp. ("Callyo," together with Motorola Solutions, "Motorola"), a wholly-owned subsidiary of Motorola Solutions, manufacture and sell mobile devices and security software to a variety of consumers. This case involves the 10-21 application and Mobile Body Bug device ("Products") that Motorola sells exclusively to police departments and other law enforcement agencies to assist with investigations and community interactions. ECF No. 8 ¶¶ 25, 28 ("FAC"). In conjunction with these Products, Motorola provides customers a license and access to an online database. *See id.* ¶ 31. Motorola does not, and cannot, direct or monitor how its law enforcement customers use the Products. It simply provides a service to its customers, who then deploy it as they so choose.

Plaintiffs Jason Courtemanche, Brett Foresman, Juan Rios, and Dennis Williams (collectively, "Plaintiffs") are four individuals residing in Worcester County, Massachusetts, who allege that, in connection with its police investigations, the Massachusetts State Police ("MSP") used the Products to secretly record Plaintiffs' oral communications without their consent and without first obtaining a warrant in violation of the Massachusetts Wiretap Act. Plaintiffs allege that they were convicted of unspecified crimes and that MSP failed to disclose these recordings during Plaintiffs' respective criminal cases in violation of Plaintiffs' constitutional rights.

Plaintiffs do not allege they bought or used, or communicated with Motorola about, the Products. Plaintiffs do not allege Motorola failed (or had the ability) to obtain a warrant or to disclose the alleged recordings to Plaintiffs in their criminal cases. Indeed, Plaintiffs do not—and cannot—allege that Motorola took any action directed specifically at Plaintiffs. Nor do Plaintiffs allege how any of them was harmed by the creation of, or failure to disclose, the alleged recordings. Instead, Plaintiffs acknowledge that Motorola, as private parties, merely sold lawful products to

MSP for commercial use, and that, in turn, MSP allegedly: (1) "used intercepting devices to secretly hear, secretly record, or aid another to secretly hear or secretly record the contents of wire or oral communications between themselves and Plaintiffs"; (2) "brought criminal charges against the Plaintiffs and failed to produce these secret audio recordings"; and (3) "intentionally circumvented the strict warrant requirements under Massachusetts law." *Id.* ¶¶ 2, 4–5.

At bottom, Plaintiffs' claim is that MSP used Motorola's Products to make recordings of their conversations without first obtaining a warrant. Of course, Motorola is not a law enforcement agency and thus cannot conduct criminal investigations or obtain warrants. So, while Plaintiffs assert a panoply of claims against Motorola on behalf of themselves and three sweeping putative national classes, *see id.* ¶ 57, their boilerplate claims fail for that reason alone. A "pleading that offers labels and conclusions or a formulaic recitation of the elements" or "tenders naked assertion[s] devoid of further factual enhancement" is "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quotation marks omitted) (alteration in original). The only factual allegation that even remotely concerns Motorola is the claim that MSP asked Motorola to change its software in light of Massachusetts' two-party consent law, and Motorola refused. *See, e.g.,* FAC ¶¶ 50–51, 66. But for the reasons explained below, this is not nearly adequate to establish a plausible claim against Motorola on any of the FAC's legal theories. The claims asserted against Motorola in the FAC should therefore be dismissed in full with prejudice.

## ARGUMENT

### I. Plaintiffs Lack Article III Standing to Pursue Their Claims Against Motorola Because They Fail to Plausibly Allege Their Injury Is Fairly Traceable to Motorola

One of the bedrock principles of jurisdiction in the federal courts is that a plaintiff must establish plausible facts that they have standing to sue consistent with Article III of the U.S. Constitution. *Mass. v. U.S. Dep't of Health & Hum. Servs.*, 923 F.3d 209, 221 (1st Cir. 2019). To

establish standing, a plaintiff must plausibly allege "(1) an injury in fact which is concrete and particularized and actual or imminent, not conjectural or hypothetical, (2) that the injury is fairly traceable to the challenged action, and (3) that it is likely . . . that the injury will be redressed by a favorable decision." *Id.* at 222 (alteration in original) (quotation marks omitted).

To establish that their alleged injuries are "fairly traceable" to wrongdoing by Motorola, Plaintiffs must allege "a sufficiently direct causal connection between the challenged action and the identified harm." *Katz v. Pershing, LLC*, 672 F.3d 64, 71 (1st Cir. 2012). "Because the opposing party must be the source of the harm, causation is absent if the injury stems from the independent action of a third party." *Id.* at 71–72.

Plaintiffs fail to allege that the purported harm stemming from their criminal cases resulted from Motorola's sale of the Products and services to MSP, as opposed to MSP's alleged use of the Products to record Plaintiffs without a warrant. *See, e.g.*, *Dantzler, Inc. v. Empresas Berrios Inventory & Operations, Inc.*, 958 F.3d 38, 48–49 (1st Cir. 2020) (no standing because plaintiff failed to plausibly allege its injury—assessment or collection of fees—resulted from defendants' scanning services provided under government contract or from accepting payment from government entity for defendants' services, as opposed to resulting from conduct of third parties). For example, Plaintiffs allege "MSP used intercepting devices to secretly hear, secretly record, or aid another to secretly hear or secretly record the contents of wire or oral communications between themselves and Plaintiffs," "MSP brought criminal charges against the Plaintiffs and failed to produce these secret audio recordings," and MSP "intentionally circumvented the strict warrant requirements under Massachusetts law." FAC at ¶¶ 2, 4–5. But absent are any allegations that ***Motorola*** used the Products to record Plaintiffs' oral communications or that ***Motorola*** did so without obtaining a warrant. Nor do Plaintiffs allege ***Motorola*** had control over MSP's use of the

Products or the legal process for obtaining a warrant before using the Products to allegedly record Plaintiffs. Indeed, the FAC alleges that MSP itself conducted an extensive audit of its use of the Products in the spring of 2023, and concluded there was a "need for [MSP] to provide formal training on the use of Callyo products and promulgate a policy on covert investigatory recordings." FAC Ex. B. Thus, according to Plaintiffs' own allegations, the alleged interception of Plaintiffs' communications was not caused by Motorola, but instead by MSP's alleged inadequate training and policies.[1] *See id.*; *see also, e.g.*, *Gordon v. Nat'l Archives & Recs. Admin.*, 258 F. Supp. 3d 23, 27 (D.D.C. 2017) (no standing because alleged injury of unfair allocation of electoral votes not fairly traceable to defendant, who provided information to state officials regarding law governing Electoral College, as decision of allocating electoral votes was made by state officials, not defendant); *Hollander v. U.S.*, 354 F. App'x 592, 593 (2d Cir. 2009) (no standing for alien wives' husbands claiming Violence Against Women Act incentivized wives to file false police complaints and applications to achieve immigration status through Act, because alleged injury not fairly traceable to the U.S., but depended on actions of third parties, such as wives and state officials).

Moreover, the basis of Plaintiffs' alleged injuries is that "the existence of these secret recordings was not disclosed" by MSP to Plaintiffs until March 2023, after Plaintiffs' convictions. *See* FAC ¶ 4. Plaintiffs provide no allegations as to how MSP's purported failure to disclose recordings of Plaintiffs' oral communications resulted in Plaintiffs' alleged injuries when such purported undisclosed communications by definition were not used against them in their criminal cases, and, of course, Plaintiffs do not even attempt to explain how any such alleged failure by

[1] The FAC also fails to plausibly allege any concrete and particularized harm experienced by each Plaintiff. "[T]he plaintiff-by-plaintiff and claim-by-claim analysis required by standing doctrine demands allegations linking each plaintiff to each of these injuries." *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 733 (1st Cir. 2016); *see also Pagan v. Calderon*, 448 F.3d 16, 26 (1st Cir. 2006) ("[A] reviewing court must determine whether each particular plaintiff is entitled to have a federal court adjudicate each particular claim that he asserts."). Plaintiffs' conclusory allegations that they suffered "loss of liberty and expenses associated with their criminal cases," is devoid of ***any*** particularized facts specific to each Plaintiff's criminal case or the nature of the alleged injuries that ***each Plaintiff*** actually incurred.

MSP can be fairly traceable to any alleged wrongdoing by Motorola. *See* FAC ¶¶ 4, 33.[2]

## II. Plaintiffs Fail to Adequately Plead a Conspiracy Claim Under Section 1983

Plaintiffs allege that Motorola conspired with MSP to deprive Plaintiffs of their constitutional rights under both the Fifth and Fourteenth Amendments. "A civil rights conspiracy as commonly defined is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is ***an agreement between the parties to inflict a wrong*** against or injury upon another, and an overt act that results in damages." *Estate of Bennett v. Wainwright*, 548 F.3d 155, 162 (1st Cir. 2008) (emphasis added) (quotation marks omitted). To state a claim under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must allege: "(1) the complained-of conduct was committed under the color of state law; and (2) that such conduct violated his constitutional or federal statutory rights." *Miller v. Town of Wenham*, 833 F.3d 46, 51 (1st Cir. 2016). Plaintiffs fail to adequately allege "sufficient factual matter" to state either a conspiracy or a colorable Section 1983 claim against Motorola "that is plausible on its face" for several independent reasons. *See Iqbal*, 556 U.S. at 678.

### A. Plaintiffs Fail to Adequately Plead Motorola Acted Under Color of State Law

Plaintiffs fail to plausibly allege that Motorola acted under color of state law, which is fatal to their Section 1983 claims. For a private entity, like Motorola, to have acted "under color of state law, their actions must be 'fairly attributable to the State.'" *Estades-Negroni c. CPC Hosp.*, 412 F.3d 1, 4 (1st Cir. 2005). A private party can be fairly characterized as a state actor only "if the circumstances of the case meet one of three tests: the public function test, the joint action/nexus test, or the state compulsion test." *Alberto San, Inc. v. Consejo De Titulares Del Condominio San Alberto*, 522 F.3d 1, 4 (1st Cir. 2008). "The bar for such a showing is quite high, and [the First

---

[2] While Plaintiffs refer to Exhibit A in the FAC, they do not allege that their criminal cases are among the 181 criminal cases identified in MSP's audit. *See* FAC ¶¶ 33–34; *id.*, Ex. A.

Circuit] ha[s] cautioned that it is only in rare circumstances that private parties can be viewed as state actors." *Jarvis v. Vill. Gun Shop*, 805 F.3d 1, 8 (1st Cir. 2015) (cleaned up).

Plaintiffs make no allegations that Motorola itself was conducting a public function delegated to it by the state, or that it acted under state compulsion. Plaintiffs make only boilerplate allegations that Motorola "acted under the color of state law when they willfully participated in joint action with MSP to deprive Plaintiffs of their constitutional rights." FAC ¶ 71. Such bare allegations are not sufficient. Under the joint action/nexus test, "a private party can be held to be a state actor where an examination of the totality of the circumstances reveals that the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in [the challenged activity]." *Estades-Negroni*, 412 F.3d at 5 (alterations in original) (quotation marks omitted). "The most salient factor in this determination is the extent to which the private entity is (or is not) independent in the conduct of its day-to-day affairs," while "two other factors" that "weigh in the balance" are the "private party's use of public facilities" and "the state's sharing of profits generated from the private party's rights-depriving conduct." *Santiago v. Puerto Rico*, 655 F.3d 61, 71 (1st Cir. 2011); *see also Sherkat v. New Eng. Vill., Inc.*, 2015 WL 8215983, at *5 (D. Mass. Dec. 8, 2015), *aff'd*, 691 F. App'x 644 (1st Cir. 2016) (rejecting allegations that private entity was a state actor under joint action test despite "regular contact" between government agency and defendant and funding to the defendant providing 92% of its revenue). "A private party cannot be transformed into a state actor simply because it is paid with government funds for providing a service.'" *Santiago*, 655 F.3d at 72.

Plaintiffs' allegations here fall far short of this high bar. Plaintiffs plead ***no facts*** to suggest that Motorola's development and marketing of the Products were dependent on MSP or that Motorola "so far insinuated itself into a position of interdependence with [MSP]" that it was a joint

participant in recording Plaintiffs' oral communications without first obtaining a warrant. *See Estades-Negroni*, 412 F.3d at 6. Plaintiffs do not allege how the mere sale of goods to MSP, one among many of Motorola's customers who happen to be a governmental entity, creates the requisite "symbiotic relationship" between Motorola and MSP. Nor can they. *See, e.g.*, *Sherkat*, 2015 WL 8215983, at *4, *6, *8 (dismissing Section 1983 claim for failure to allege defendant contractor was state actor based on provision of services pursuant to contract with Massachusetts Department of Developmental Services); *Santiago*, 655 F.3d at 72 (holding that a private bus company was not a state actor despite its exclusive contract to provide students transportation to and from public schools). Motorola's provision of a service, which was allegedly used by MSP to record Plaintiffs as part of various criminal investigations conducted by MSP, does not "convert a private party's acts into state action." *See Broderick v. Talbot*, 2012 WL 4321355, at *8 (D. Mass. Sept. 20, 2012) ("swearing out a criminal complaint which forms the basis of criminal action or arrest" does not "convert a private party's acts into state action"); *see also Strahan v. Durham Police Officer Rene Kelley*, 2017 WL 2983231, at *1 (D.N.H. June 14, 2017) ("provid[ing] false, incriminating information to the [police]" is "insufficient to state claims against private parties under 42 U.S.C. § 1983"), *report and recommendation adopted*, 2017 WL 2982956 (D.N.H. July 12, 2017). Because Plaintiffs fail to plausibly allege that Motorola acted under color of state law, Plaintiffs' Section 1983 conspiracy claim against Motorola must be dismissed.

### B. Plaintiffs Fail to Adequately Plead a Due Process Violation

As an initial matter, Plaintiffs' Fifth Amendment Due Process claims fail because "[t]he Fifth Amendment Due Process Clause . . . applies only to actions of the federal government—not to those of state or local governments." *See Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 8–9 (1st Cir. 2007); *Garrison v. Cuddyer*, 2014 WL 5092279, at *2 (D. Mass. Oct. 7, 2014) (same). Plaintiffs therefore cannot pursue Fifth Amendment claims here where their allegations are that

Massachusetts state actors violated their rights.

Plaintiffs' Fourteenth Amendment Due Process claims fare no better. A Fourteenth Amendment Section 1983 claim can be predicated on an alleged procedural or substantive due process violation. Here, Plaintiffs do not plead which type of claims they are bringing against Motorola. The Court should dismiss these claims on that basis alone, for failure to satisfy Rule 8's basic fair notice pleading requirements. Even so, Plaintiffs fail to state a claim for either a Fourteenth Amendment procedural or substantive due process violation.

In order to establish a procedural due process Section 1983 claim, a plaintiff "must demonstrate that they have a property interest as defined by state law and that the defendants deprived them of this property interest without constitutionally adequate process." *Garcia-Rubiera v. Fortuno*, 665 F.3d 261, 270 (1st Cir. 2011) (quotation marks omitted). The FAC neither identifies any property interest "defined by state law" nor alleges any facts that ***Motorola*** deprived Plaintiffs of that interest without adequate process. *Gillis v. Keating*, 2012 WL 772716, at *2 (D. Mass. Mar. 7, 2012) (dismissing claim of violation of procedural due process right under Section 1983 for failure to allege how defendants deprived plaintiff of that interest). Plaintiffs do not allege any specific facts regarding how any recorded oral communications were used in Plaintiffs' criminal cases, such that Plaintiffs were deprived of any constitutional interest without due process. *See, e.g.*, *Watson v. Perez*, 168 F. Supp. 3d 365, 373 (D. Mass. 2016) (dismissing Section 1983 conspiracy claim for failure to allege defendant's conduct violated plaintiffs' constitutional rights). Indeed, MSP's own investigation revealed that the alleged unlawful recordings of Plaintiffs' communications were ***not used*** by prosecutors in connection with Plaintiffs' criminal cases. *See* FAC ¶ 4; *id.*, Ex. A. Thus, Plaintiffs fail to plausibly allege a procedural due process violation as the basis for their Section 1983 conspiracy claims against Motorola.

To the extent Plaintiffs bring their Section 1983 claims based on a substantive due process violation, this claim likewise fails. To establish a substantive due process claim, a plaintiff must "present a well-pleaded claim that a state actor deprived it of a recognized life, liberty, or property interest, and that he did so through conscience-shocking behavior." *Bennett*, 548 F.3d at 162. The "shock the conscience" standard implicates only behavior "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Ramos-Pinero v. Puerto Rico*, 453 F.3d 48, 53 (1st Cir. 2006). Plaintiffs do not plausibly allege that Motorola deprived Plaintiffs of any life, liberty, or property interest, let alone that Motorola did so through "conscience-shocking" behavior. *See id.* Plaintiffs allege Motorola refused to comply with MSP's request "to modify its intercepting devices to 'not record' by default," FAC ¶ 66, but such alleged conduct, even if true, can hardly be considered "conscience-shocking." *See, e.g.*, *Cruz-Erazo v. Rivera-Montanez*, 212 F.3d 617, 623–24 (months of harassment and intimidation by police and pushing a plaintiff who suffered a miscarriage two days later was not conscience-shocking behavior). Plaintiffs' bare-bones allegations do not satisfy the "very high threshold for constitutional wrongdoing," and therefore cannot plausibly state a Section 1983 claim based on a substantive due process violation. *See, e.g.*, *McLeod-Lopez v. Algarin*, 603 F. Supp. 2d 330, 334–35, 340 (D.P.R. 2009) (police officers' taking of $3,000 during a warrantless search was not the type of conscience-shocking behavior courts deem to meet this standard, and citing examples such as rape, a shooting, blinding a student in one eye, and fabrication of sexual abuse charges).

### C. Plaintiffs Fail to Adequately Plead the Existence of a Conspiratorial Agreement

Plaintiffs also fail to plausibly allege any agreement between MSP and Motorola "to inflict a wrong against or injury upon another." *Bennett*, 548 F.3d at 178 (quotation marks omitted). Plaintiffs' boilerplate and conclusory allegations that Motorola "agreed to violate [the Massachusetts Wiretap Act]" and "agreed to deprive Plaintiffs of their due process rights," FAC

¶¶ 72–73, are unsupported by any factual allegations. *See Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977) ("It has long been the law in this and other circuits that complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts."). Nothing in the FAC even remotely suggests that Motorola "agreed—either tacitly or expressly," to deprive plaintiff of his constitutional rights. *Sepulveda v. UMass Corr. Heath, Care*, 160 F. Supp. 3d 371, 388 (D. Mass. 2016); *see also Seldomridge v. Penn State Hershey Med. Ctr.*, 24 F. Supp. 3d 425, 431 (M.D. Pa. 2014). Plaintiffs' allegations that MSP used Motorola's licensed Products to violate Plaintiffs' constitutional rights fall well short of any alleged agreement for the purpose of doing so. *See Watson*, 168 F. Supp. 3d at 373 (dismissing Section 1983 conspiracy claim for failure to allege facts showing an agreement to conceal evidence, even if sufficient facts were alleged to show one party concealed evidence). Thus, Plaintiffs' Section 1983 conspiracy claims should be dismissed.

### D. If Motorola Acted Under Color of State Law, Motorola Would Be Entitled to Qualified Immunity

Even if the Court finds Plaintiffs have adequately alleged that Motorola acted under color of state law, Plaintiffs' claims would still fail because Motorola would be entitled to qualified immunity. The First Circuit has held that private parties who are deemed state actors under Section 1983 are "eligible for the balm of qualified immunity." *Camilo-Robles v. Hoyos*, 151 F.3d 1, 10 (1st Cir. 1998). "The qualified immunity inquiry is a two-part test," wherein "[a] court must decide: (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation." *Alston v. Town of Brookline, Mass.*, 2016 WL 5745091, at *19 (D. Mass. Sept. 30, 2016) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).

With respect to the first step of the qualified immunity analysis, as explained above, *supra*

Sections II.B–C, Plaintiffs fail to plausibly establish that Motorola, "through [their] own individual actions," as opposed to MSP's, violated Plaintiffs constitutional rights. *See, e.g.*, *Maldonado v. Fontanes*, 568 F.3d 263, 274–75 (1st Cir. 2009) (finding government official entitled to qualified immunity where he was not directly involved in the offensive conduct); *Pagan v. Calderon*, 448 F.3d 16, 32–37 (1st Cir. 2006) (same where plaintiff did not allege facts adequate to support a constitutional violation); *Eldredge v. Town of Falmouth*, 662 F.3d 100, 105 (1st Cir. 2011) (same where the "complaint fail[ed] to allege a colorable claim of constitutional dimension").

Plaintiffs also fail to allege a "clearly established" right, and therefore also fail the second step of the qualified immunity analysis. A right is "clearly established" if (1) "based on the clarity of the law at the time of the alleged civil rights violation, the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violates that right," and (2) "based on the facts of the particular case, a reasonable defendant would have understood that his conduct violated the plaintiffs' constitutional rights." *Walden v. City of Providence, R.I.*, 596 F.3d 38, 52 (1st Cir. 2010) (cleaned up). With respect to the first prong, Plaintiffs do not and cannot "identify either controlling authority or a consensus of cases of persuasive authority sufficient to send a clear signal" to Motorola that their alleged conduct of failing or refusing to "make their intercepting devices . . . not record by default," FAC ¶¶ 180–181, would "fall[] short of the constitutional norm." *See Alfano v. Lynch*, 847 F.3d 71, 75 (1st Cir. 2017); *see, e.g.*, *Walden*, 596 F.3d at 53 (finding defendants entitled to qualified immunity where no Supreme Court, First Circuit, or other court cases could "have alerted the defendants to the illegality of their conduct"). Nor do Plaintiffs allege, with respect to the second prong, that "an objectively reasonable [company]" in Motorola's position would "have discerned that [its] acts and omissions threatened to violate the constitutional rights of [Plaintiffs]." *See Penate v. Hanchett*, 944 F.3d 358, 367 (1st

Cir. 2019) (finding lab supervisor accused of inadequate supervision under Section 1983 entitled to qualified immunity because a reasonable lab supervisor would not have "understood that his conduct jeopardized" constitutional rights of plaintiffs, whose narcotics were tested at the lab).

### III. Plaintiffs Fail to Adequately Plead That Motorola Violated the Massachusetts Wiretap Act

The Massachusetts Wiretap Act permits a private action against "any person who so intercepts, discloses or uses such communications or who so violates his personal, property or privacy interest." Mass. Gen. L. ch. 272, § 99(Q). The Act defines "interception" as "secretly hear[ing] [or] . . . record[ing] . . . wire or oral communication[s]." *Id.* § 99(B)(4). It thus permits a private action only against an individual who affirmatively "intercepts, disclosures or uses" the alleged wrongful recording. Plaintiffs allege no facts "to allow[] the [C]ourt to draw the reasonable inference" that Motorola engaged in such activities. *See Iqbal*, 556 U.S. at 678.

First, as Plaintiffs themselves allege, "[t]he Massachusetts Wiretap Act was enacted to provide guidance to ***law enforcement officers*** in the use of emerging surveillance technologies." FAC ¶¶ 123. Plaintiffs do not allege that Motorola are law enforcement officers, nor can they.

Second, Plaintiffs offer no facts to show that ***Motorola*** "intercepted, disclosed or used" Plaintiffs' oral communications. Plaintiffs' failure to allege "when or where [***Motorola***] unlawfully recorded communications with [Plaintiffs]" is fatal to their Massachusetts Wiretap Act claims against Motorola. *See, e.g.*, *Gouin v. Gouin*, 2007 WL 9797503, at *13 (D. Mass. Sept. 30, 2007) (emphasis added) (dismissing Massachusetts Wiretap Act claim for failure to plead these facts). MSP's alleged interception of Plaintiffs' oral communications cannot be imputed to Motorola under the Massachusetts Wiretap Act, nor can Plaintiffs point to any contrary authority.[3]

---

[3] Moreover, Plaintiffs fail to plead any facts to establish that MSP's alleged recording of Plaintiffs' oral communications was unlawful under the Massachusetts Wiretap Act. The Act excludes from the definition of "interception" recordings made by a law enforcement officer "in the course of an investigation of a designated

Nor can Plaintiffs argue that the sale of the Products themselves or Motorola's purported failure or refusal to "make their devices . . . not record by default," FAC ¶¶ 180–181, violate the Massachusetts Wiretap Act. Plaintiffs do not allege that the Products are *per se* unlawful simply because the user of those Products may have operated the Products in an unlawful manner. Notably, Plaintiffs do not allege that the Products would violate the Act if they were used by MSP, for example, after obtaining a warrant or in connection with an organized crime investigation—nor can they, given that the Act expressly permits such recordings without consent. *See* Mass. Gen. L. ch. 272, § 99(B)(4), (7), (D)(1)(d). The same is true even if Motorola allegedly refused to comply with MSP's request "to modify its intercepting devices to 'not record' by default," FAC ¶ 66, because MSP was aware of the default setting and could still use the Products lawfully by simply either changing the setting itself or obtaining a warrant if needed. Indeed, permitting a seller of a product that is capable of recording—for example, a tape recorder, smartphone, or video camera—to be held liable under the Act simply because a customer might use it in contravention of existing legal restrictions would expand existing law and impose unintended burdens on manufacturers of such Products. The Act provides no basis for such an expansion of liability.

## IV. Plaintiffs Fail to Adequately Plead a Chapter 93A Claim

Plaintiffs allege that Motorola's marketing of the Products was "oppressive or otherwise unconscionable" in violation of Chapter 93A. FAC ¶¶ 79–82. To state such a claim, a consumer must plead "(1) a deceptive [or unfair] act or practice on the part of the seller; (2) an injury or loss suffered by the consumer; and (3) a causal connection between the seller's deceptive act or practice and the consumer's injury." *Gottlieb v. Amica Mut. Ins. Co.*, 57 F.4th 1, 10 (1st Cir. 2022). "To

offense," which the Act defines as certain offenses "in connection with organized crime." Mass. Gen. L. ch. 272, § 99(B)(4), (7). Because Plaintiffs do not allege any facts about their underlying criminal cases or the circumstances of the alleged recordings, Plaintiffs fail to plausibly establish that a warrant was required to record Plaintiffs or that MSP's alleged recording of Plaintiffs was unlawful under the Massachusetts Wiretap Act.

the extent that [Plaintiffs'] Chapter 93A [claim] sounds in fraud, it must meet Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements. The circumstances to be stated with particularity under Rule 9(b) generally consist of the who, what, where, and when of the allegedly misleading representation." *Lee v. Conagra Brands, Inc.*, 958 F.3d 70, 74 (1st Cir. 2020) (citation and quotation marks omitted). Plaintiffs' Chapter 93A claims fail for several independent reasons.

**A. Plaintiffs Fail to Adequately Plead a Deceptive or Unfair Practice**

Plaintiffs fail to plausibly allege any deceptive or unfair act or practice by Motorola.

"Courts consider [a]n act or practice . . . deceptive if it has the capacity to mislead consumers, acting reasonably under the circumstances, to act differently than they otherwise would have." *Gottlieb*, 57 F.4th at 9–10 (quotation marks omitted and alterations in original). To the extent Plaintiffs purport to plead a claim for a deceptive act or practice, the claims fail because the FAC includes only boilerplate references to "deceptive acts or practices" without any supporting factual allegations. *See* FAC ¶¶ 88–89. Courts routinely dismiss such conclusory tagalong claims for lack of supporting factual allegations. *See, e.g.*, *Sarvis v. Casey*, 2023 WL 4565106, at *3 (D. Mass. July 17, 2023) (dismissing Chapter 93A claim where complaint failed to "plausibly allege any facts supporting unfair or deceptive acts"); *Kelleher v. Truran*, 2009 WL 10693597, at *4 (D. Mass. July 10, 2009) (dismissing Chapter 93A counterclaim where defendants failed to provide factual allegations to support conclusion that plaintiff committed unfair or deceptive act).

Plaintiffs' claims of an unfair act or practice is equally wanting. Plaintiffs allege that Motorola's marketing of the Products—that it "is 'hidden in plain sight technology [that] makes body wires a thing of the past'" and includes a "Conceal Camera Preview" feature which "[d]isables your video preview while streaming to avoid detection"—"was unscrupulous in that it encouraged illegal conduct." FAC ¶¶ 79–82 (first alteration in original). These speculative and conclusory allegations fail to pass muster under Rule 9(b). "[A]n act or practice is unfair if it falls

within at least the penumbra of some common-law, statutory, or other established concept of unfairness; is immoral, unethical, oppressive, or unscrupulous; and causes substantial injury to consumers." *Walsh v. Teltech Sys., Inc.*, 821 F.3d 155, 160 (1st Cir. 2016) (quotation marks omitted). "Chapter 93A does not attach liability for all of the unseemly business practices justly loathed by consumers and business professionals." *In re Pharm. Indus. Average Wholesale Price Litig.*, 582 F.3d 156, 185 (1st Cir. 2009). Indeed, the First Circuit has held that "the legality of the challenged act or practice is not dispositive of its unfairness." *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 79 (1st Cir. 2020). Instead, "the defendant's conduct must be not only wrong, but also egregiously wrong." *In re Pharm.*, 582 F.3d at 185.

Plaintiffs' baseless and speculative allegation that the Products encouraged violation of the Massachusetts Wiretap Act falls well short of this "egregiously wrong" standard. *See Baker v. Goldman, Sachs & Co.*, 771 F.3d 37, 50 (1st Cir. 2014). Plaintiffs fail to allege any facts to suggest that Motorola "tricked consumers or t[ook] advantage of their assumptions for capital gain." *Tomasella*, 962 F.3d at 82. Motorola's alleged marketing statements similarly do not rise to the level of "egregious," nor do Plaintiffs even try to allege they do.[4] Accordingly, Plaintiffs' Chapter 93A claims should be dismissed for failure to state a plausible deceptive or unfair act by Motorola.

### B. Plaintiffs Fail to Allege a Business, Commercial, or Transactional Relationship Between Them and Motorola

Plaintiffs' failure to plausibly allege that they were engaged in a business, commercial, or

[4] Plaintiffs also allege that Motorola's conduct was "oppressive or otherwise unconscionable" under 940 C.M.R. § 3.16. FAC ¶ 82. "Massachusetts case law does not specifically define unconscionability in the context of Chapter 93A." *Harrington v. CACV of Colo., LLC*, 508 F. Supp. 2d 128, 139 (D. Mass. 2007). "Because there is no clear, all-purpose definition of 'unconscionable,' . . . unconscionability must be defined on a case by case basis, giving particular attention to whether . . . the [conduct] constituted an unfair surprise or was oppressive to the allegedly disadvantaged party." *Penney v. First Nat'l Bank of Bos.*, 385 Mass. 715, 721 (1982). Just as Plaintiffs fail to plead how Motorola's marketing statements are "egregious," Plaintiffs fail to plead how these statements constituted "unfair surprise" or were "oppressive" to Plaintiffs. *See id.* Thus, any purported violation of 940 C.M.R. § 3.16 cannot plausibly be the basis of Plaintiffs' Chapter 93A claims.

transactional relationship with Motorola is also fatal to their Chapter 93A claims. The First Circuit has emphasized that, for a claim brought under Chapter 93A, "some business, commercial, or transactional relationship is required," and that, "[a]bsent any such relationship," a "chapter 93A claim is frivolous." *Steinmetz v. Coyle & Caron, Inc.*, 862 F.3d 128, 141 (1st Cir. 2017); *see also Akar v. Fed. Nat'l Mortg. Ass'n*, 843 F. Supp. 2d 154, 170–71 (dismissing plaintiff's claims under sections 2 and 9 because there was no business relationship); *Squeri v. Mount Ida Coll.*, 954 F.3d 56, 72 (1st Cir. 2020) (section 2 is the one that requires trade or commerce).

Here, Plaintiffs does not—because they cannot—allege the existence of any commercial relationship between them and Motorola. To the contrary, their claims stem from a relationship between ***Motorola and MSP***. *See, e.g.*, *Kim v. Soule*, 2014 WL 2117385, at *2–3 (D. Mass. May 20, 2014) (dismissing Chapter 93A claim because, "[w]hile Liberty Island was engaged in trade or commerce at the time of the accident, the alleged wrongful conduct did not arise in a business context between Kim and Liberty Island as evidenced by the lack of any relationship prior to the accident between the defendants and Kim"); *Swenson v. Yellow Transp., Inc.*, 317 F. Supp. 2d 51, 57 (D. Mass. 2004) (same where there was no relationship between plaintiffs and defendants prior to the accident at issue and "the alleged wrongful conduct did not arise in a business context between them"); *Miller v. SBA Towers V, LLC*, 391 F. Supp. 3d 123, 133-34 (D. Mass. 2019) (same where the conduct of petitioning for a variance of special permit did not occur during trade or commerce). Accordingly, Plaintiffs' Chapter 93A claims must be dismissed.

### C. Plaintiffs Fail to Adequately Plead Injury

Plaintiffs also fail to adequately plead any injury. "[I]n order to obtain relief under [Chapter 93A] for either an unfair or a deceptive act, plaintiffs must show that they were injured by the conduct at issue, and that the conduct caused some loss beyond the mere fact that a violation occurred." *Gottlieb*, 57 F.4th at 10. Plaintiffs allege that they suffered injury under Chapter 93A

because Motorola's "marketing of 10-21 was unscrupulous in that it encouraged illegal conduct, i.e., the secret interception and recording of oral communications in Massachusetts." FAC ¶ 79. But under Massachusetts law, "violation of an independent statute, such as [the Massachusetts Wiretap Act], does not itself 'satisf[y] the injury requirement of [Chapter 93A].'" *Walsh*, 821 F.3d at 161 (second alteration in original) (quoting *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 503 (2013)). As explained above, Plaintiffs fail to plausibly allege any unfair or deceptive act; but even if they did, Plaintiffs do not plead a "distinct injury or harm that arises from the claimed unfair or deceptive act" separate and apart from the alleged violation of the Massachusetts Wiretap Act.[5] *See Tyler*, 464 Mass. at 503. Thus, Plaintiffs' Chapter 93A claims fail.

**D. Plaintiffs Fail to Adequately Plead Causation**

"[C]ausation is a required element of a successful [Chapter] 93A claim. To establish causation, a plaintiff must prove that the defendant's unfair or deceptive act caused an adverse consequence or loss." *Walsh*, 821 F.3d at 160 (second alteration in original) (quotation marks omitted). "This requirement entails showing both a causal connection between the deception and the loss and that the loss was foreseeable as a result of the deception." *Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 24 (1st Cir. 2016) (quotation marks omitted). Plaintiffs fail to adequately plead a causal connection for the same reasons they cannot establish causation for Article III standing. *See supra* Section I. Moreover, Plaintiffs fail to allege how their alleged harm—"loss of liberty and expenses associate with their criminal cases"—was foreseeable by

[5] Plaintiffs also allege that "MSP granted to Motorola/Callyo a royalty-free, worldwide, non-exclusive license to use MSP's intercepted oral communications." FAC ¶ 54. To the extent Plaintiffs rely on this conclusory and unsupported allegation as the basis for their Chapter 93A claims, such reliance would be misplaced. As in *Walsh* and *Tyler*, Plaintiffs do not—and cannot—allege that Motorola actually used MSP's alleged recordings for any purpose. *See, e.g.*, *Walsh*, 821 F.3d at 162 (finding no "distinct injury" where plaintiffs provided no support for bare assertion that defendants used recordings in connection with an application developed by defendant); *see also, e.g.*, *Tyler*, 464 Mass. at 503 (noting that if defendants merely stored plaintiff's personal information but did not use it, a consumer would not have a cause of action for damages under Chapter 93A).

Motorola's sale of the Products to MSP. *See* FAC ¶ 88. And Plaintiffs' allegation that Motorola's marketing "encouraged illegal conduct," *id.* ¶ 79, is "the type of conclusory statement[] that need not be credited at the Rule 12(b)(6) stage." *See Backpage.com, LLC*, 817 F.3d at 25 (dismissing Chapter 93A claim for failure to plead causation where plaintiffs offered speculative inferences regarding an attenuated causal chain); *King v. Wells Fargo Bank, N.A.*, 2019 WL 3717677, at *4 (D. Mass. Aug. 7, 2019) (same because, even though defendant's conduct increased risk of harm to plaintiff, the actual harm was caused by third party's conduct).

## V. Plaintiffs Fail to Adequately Plead Their Breach-of-Warranty Claims

Plaintiffs also assert claims for breach of express warranty and breach of implied warranty. These claims are pled in a bare and conclusory fashion and should be dismissed.

***Plaintiffs fail to plead privity.*** Plaintiffs' express- and implied-warranty claims fail because Plaintiffs do not allege privity of contract between them and Motorola in connection with MSP's and Motorola's commercial transactions. In Massachusetts, courts have "uniformly held that a contract-based breach of warranty claim arising in a commercial context requires a showing of privity of contract." *Organic Mulch & Landscape Supply of New Eng., LLC v. PROBEC, Inc.*, 2017 WL 3122561, at *2 (D. Mass. July 21, 2017). Here, Plaintiffs do not allege they bought or used the Products or that Motorola expressly warranted anything to Plaintiffs in connection with the commercial sale or use of these commercial Products, and they accordingly lack privity. *See, e.g.*, *Irish Venture, Inc. v. Fleetguard, Inc.*, 270 F. Supp. 2d 84, 87 (D. Mass. 2003) (dismissing warranty claims for lack of privity where plaintiff bought defendant manufacturer's product for commercial use); *Sebago, Inc. v. Beazer E., Inc.*, 18 F. Supp. 2d 70, 99 (D. Mass. 1998) (same).

***Plaintiffs fail to plead a specific affirmation of fact or promise for their express-warranty claims.*** To state a claim for breach of express warranty, "the plaintiff must demonstrate that the defendant promised a specific result and that defendant failed to deliver on his promise and,

therefore, breached the express warranty." *Jackson v. Johnson & Johnson & Janssen Pharms., Inc.*, 330 F. Supp. 3d 616, 627 (D. Mass. 2018) (quotation marks omitted). Plaintiffs' express-warranty claims fail because they do not allege a specific "affirmation of fact or promise" made by Motorola and to whom Motorola made any such affirmation. *See, e.g.*, *Exum v. Stryker Corp.*, 2013 WL 3786469, at *3 (D. Mass. July 17, 2013) (dismissing express-warranty claim where plaintiff failed to "specifically identify any particular affirmation made by Defendants or an audience to whom the alleged affirmations were communicated"); *Varney v. R.J. Reynolds Tobacco Co.*, 118 F. Supp. 2d 63, 70 (D. Mass. 2000) (dismissing express-warranty claim where plaintiff at no point pleads "the existence of anything remotely resembling an express warranty").

***Plaintiffs fail to plead Motorola's failure to deliver on a promise for their express-warranty claims.*** Plaintiffs fail to plausibly allege facts supporting that Motorola "failed to deliver on [their] promise and, therefore, breached the express warranty." *See Jackson*, 330 F. Supp. 3d at 627. Plaintiffs' conclusory allegation that the Products "failed to comply with Massachusetts law," FAC ¶ 94, is insufficient to plausibly plead that Motorola failed to deliver on any purported promise. *See, e.g.*, *Sundaramurthy v. Abbott Vascular, Inc.*, 2023 WL 2311661, at *4 (D. Mass. Mar. 1, 2023) ("Plaintiff's conclusory allegation that [defendant] 'made express warranties' is not sufficient to survive a motion to dismiss for failure to state a claim.").

***Plaintiffs fail to plead reliance for their express-warranty claims.*** "A plaintiff must show reliance on such warranty" in order to state a claim for breach of express warranty. *Taupier v. Davol, Inc.*, 490 F. Supp. 3d 430, 438 (D. Mass. 2020) (quotation marks omitted). Because Plaintiffs do not allege they relied on any warranty made by Motorola, their express-warranty claims must be dismissed. *See Taupier*, 490 F. Supp. 3d at *3 (dismissing express-warranty claim for failure to identify affirmation of fact or promise relied upon by plaintiff).

***Plaintiffs fail to allege that the Products were unmerchantable at the time of sale.*** Plaintiffs' claims for breach of implied warranty of merchantability fail because Plaintiffs do not allege that the Products were unmerchantable at the time of sale. To be merchantable, a good must be, among other things, "fit for the ordinary purposes for which such goods are used." Mass. Gen. L. ch. 106, § 2-314(2)(c). Plaintiffs do not allege that the Products failed to satisfy their ordinary purpose as recording devices. FAC ¶ 99. Their merchantability claim is plainly meritless and should be dismissed. *See, e.g.*, *Exum*, 2013 WL 3786469, at *3; *Sundaramurthy*, 2021 WL 7542704, at *3 (dismissing merchantability claim for failure to plead how the device was defective, how it deviated from intended design, and how the alleged defects caused plaintiff's injury).

***Plaintiffs fail to state a claim for breach of implied warranty of fitness for a particular purpose.*** Plaintiffs' particular-purpose claim fails because Plaintiffs do not allege the Products had any particular purpose separate and apart from their ordinary purpose. To state a particular-purpose claim, a plaintiff must allege that "(1) the seller had reason to know of the particular purpose for which the buyer required the goods, (2) the seller had reason to know of the buyer's reliance on the seller's skill or judgment in selecting or furnishing suitable goods, and (3) the buyer relied in fact." *Collette*, 2021 WL 6052613, at *3 (quotation marks omitted). Plaintiffs fail to allege any particular purpose, let alone one "separate and apart" from the Products ordinary purpose. Thus, Plaintiffs' particular-purpose claim should be dismissed. *See, e.g.*, *Taupier*, 490 F. Supp. 3d at 444 (dismissing particular-purpose claim for failure to allege "a purpose that differed from the purpose for which it was ordinarily used").

## CONCLUSION

For the foregoing reasons, the Court should dismiss all claims asserted against Motorola Solutions and Callyo in the FAC with prejudice.

Dated: June 28, 2024

Respectfully submitted,

**TODD & WELD LLP**

*/s/ Howard M. Cooper*
Howard M. Cooper
Alycia M. Kennedy
One Federal Street
27th Floor
Boston, MA 02110
Tel.: 617-832-1269
hcooper@toddweld.com
akennedy@toddweld.com

**ARNOLD & PORTER KAYE SCHOLER LLP**

Michael Kim Krouse (*pro hac vice forthcoming*)
Lori B. Leskin (*pro hac vice forthcoming*)
Elie Salamon (*pro hac vice forthcoming*)
250 West 55th Street
New York, NY 10019
Tel.: 212.836.8000
Fax: 212.836.8689
michael.krouse@arnoldporter.com
lori.leskin@arnoldporter.com
elie.salamon@arnoldporter.com

*Counsel for Defendants Motorola Solutions, Inc. and Callyo 2009 Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 28, 2024, a copy of the foregoing was electronically filed with the Clerk of Court of the United States District Court for the District of Massachusetts, using the CM/ECF system, which will send a Notice of Electronic filing to all parties of record.

*/s/ Howard M. Cooper*
Howard M. Cooper