**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

JASON COURTEMANCHE et. al.,

*Plaintiffs,*

v.

MOTOROLA SOLUTIONS, INC., et. al.,

*Defendants.*

Civil Action No.: 4:24-cv-40030-MRG

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SHI INTERNATIONAL CORP.'S MOTION TO DISMISS**

Defendant SHI International Corp. ("SHI") joins the Motion to Dismiss of Defendants Motorola Solutions, Inc. and Callyo 2009 Corp. (collectively, "Motorola") [ECF No. 29] and incorporates Motorola's Memorandum of Law [ECF No. 30] ("Motorola Br."),[1] with the following additional observations.

There is no legitimate reason why Plaintiffs named SHI as a defendant in this case. SHI is a company that purchases products, including Motorola's "off-the-shelf" "10-21" and "Mobile

[1] Motorola's brief addresses Counts I-V and VII of the Amended Complaint. Count I (conspiracy to violate civil rights under 42 U.S.C. § 1983), Count IV (breach of implied warranty of merchantability), Count V (breach of implied warranty of fitness for particular purpose), and Count VII (violation of the Massachusetts Wiretap Act) are asserted against both Motorola and SHI. In addition, Plaintiffs bring a claim against Motorola for breach of express warranty (Count III), which is not alleged against SHI. Counts VIII and IX are asserted only against the interim superintendent of the Massachusetts State Police in his official capacity, and therefore are not addressed in Motorola's or SHI's briefs.

Counts II and VI of the Amended Complaint assert claims under M.G.L. c. 93A against Motorola and SHI, respectively. Count II includes allegations concerning Motorola's marketing practices (Amended Compl. ¶¶ 79-81), which are conspicuously absent from the allegations against SHI in Count VI. Read in the light most favorable to Plaintiffs, Count VI asserts a statutory claim for unfair or deceptive acts and practices that fails to allege or even hint at the factual basis for the supposed wrongdoing. *See* Motorola Br. at 14-15 (outlining pleading requirements for claims arising under Chapter 93A).

Body Bug" applications, at the request of buyers, including the Massachusetts State Police ("MSP"), for resale to such buyers. (Amended Compl. ¶ 27.)[2] Those sparse facts are the entirety of what Plaintiffs relied upon here to inappropriately drag SHI into this litigation, and the conspicuous omission of SHI from the more detailed allegations tells the real story. Plaintiffs do not allege that SHI (i) trained the MSP on use of the products; (ii) were asked to, or failed to, modify the products' "default" setting; (iii) recorded any of the Plaintiffs; (iv) failed to disclose recordings to the Plaintiffs after they were made; (v) stored any of the data related to those recordings in its databases; or (vi) discussed the Massachusetts wiretap law with the MSP, Motorola, or anyone else. Indeed, Plaintiffs do not allege that SHI had any knowledge or involvement in any of the events at issue in this case. According to the well-pleaded allegations in the Amended Complaint, *all* that SHI did was resell Motorola's "off-the-shelf products." (Amended Compl. ¶¶ 27, 49.) There is simply no legal basis to impose liability on SHI for a law enforcement agency's alleged misuse of a product manufactured, marketed, and supported by a different company. Even if all of the well-pleaded allegations are taken as true, SHI not only did nothing wrong—it did nothing out of the ordinary. At most, it sold a product capable of lawful use to a law enforcement agency that had a duty to use it lawfully.

If more were needed, Plaintiffs *never allege that SHI resold any of the specific products that were used to intercept the Plaintiffs' communications*. The Amended Complaint alleges four

---

[2] Plaintiffs allege in Paragraph 30 of the Amended Complaint that SHI also "marketed . . . [and] manufactured . . . Motorola/Callyo intercepting devices to MSP," but there is zero additional factual support in the pleading for that throwaway allegation, and it is directly contradicted by the admissions in Paragraphs 27 and 49 that SHI operated as a "reseller of Motorola's off-the-shelf products." *See Blixseth v. Byrne*, 214 F. Supp. 3d 97, 103 (D. Mass. 2016) (granting motion to dismiss where "[plaintiff's] Complaint is a hodgepodge of conspiratorial imaginings, conclusory and contradictory assertions of fact, and overheated rhetoric. . . . Merely reciting the elements of a cause of action adorned with the prediction that each is or will be met during the course of discovery does not suffice.").

interceptions, one involving each named Plaintiff, all occurring during a two-month period between March 2022 and May 2022. (Am. Compl. ¶¶ 35-47.) There is no allegation that SHI was an exclusive reseller of the products at issue, nor is there an allegation that any particular application used to record any of the Plaintiffs was resold by SHI. In short, none of the Plaintiffs have actually alleged that SHI was involved—directly, indirectly, or even tangentially—in the acts alleged in the Amended Complaint. This does not satisfy the pleading standard in this (or any) Court: "save under special conditions, an adequate complaint must include not only a plausible claim but also a plausible defendant." *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 594-95 (1st Cir. 2011) (granting motion to dismiss where "nothing in the complaint beyond raw speculation . . . suggest[ed] that the *named defendants* participated—either as perpetrators or accomplices" in the allegedly unlawful act) (emphasis in original); *see also Sanchez v. Pereira-Castillo*, 590 F.3d 31, 48 (1st Cir. 2009) ("In response to a motion to dismiss, we must determine whether, *as to each defendant*, a plaintiff's pleadings are sufficient to state a claim on which relief can be granted.") (emphasis in original); *Mercado v. Dep't of Soc. Servs.*, No. CV 23-11140-PBS, 2023 WL 7693959, at *2 (D. Mass. Nov. 15, 2023) ("Plaintiff makes bald assertions that the Defendants violated her rights under various laws, but apart from these assertions, she does not clearly link specific factual allegations of wrongdoing against each Defendant."), *appeal pending*.[3]

For the foregoing reasons, and those set forth in Motorola's memorandum of law, the Court should dismiss the Amended Complaint with prejudice against SHI.

[3] As Motorola has briefed, Plaintiffs' failure to sufficiently allege that SHI caused injury to Plaintiffs also means that they lack Article III standing. (Motorola Br. at 2-5.)

Dated: June 28, 2024

Respectfully submitted,

SHI INTERNATIONAL CORP.,

By their counsel,

*/s/ Jonathan D. Persky*
David C. Kurtz, BBO #641380
*dkurtz@constangy.com*
Jonathan D. Persky, BBO #666651
*jpersky@constangy.com*
CONSTANGY, BROOKS, SMITH & PROPHETE LLP
535 Boylston Street, 9th Floor
Boston, Massachusetts 02116
Tel: 617.849.7880
Fax: 617.849.7870

**CERTIFICATE OF SERVICE**

I, Jonathan D. Persky, hereby certify that on June 28, 2024, a true and correct copy of the foregoing document filed by ECF was served electronically on all recipients as designated by the Notice of Electronic Filing (NEF).

*/s/ Jonathan D. Persky*
Jonathan D. Persky