UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, AND DENNIS WILLIAMS, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

v.

MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., SHI INTERNATIONAL CORP., and COLONEL JOHN E. MAWN, JR., Interim Superintendent of the Massachusetts State Police, *in his official capacity.*

Defendants.

Civil Action No. 4:24-cv-40030-MRG

**PLAINTIFFS REQUEST ORAL ARGUMENT**

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT FILED BY DEFENDANT, SHI INTERNATIONAL CORP.**

Plaintiffs oppose SHI International Corp.'s ("SHI") motion to dismiss ("Motion") the First Amended Complaint ("FAC"). Defendant SHI is a purchaser and reseller of products, namely Motorola's "off-the-shelf" "10-21" and "Mobile Body Bug" applications and resold them to the MSP. (FAC ¶ 27) SHI's argument that they cannot be held liable for the transgressions of Motorola and the MSP is wrong. Both a dealer and a manufacturer can be jointly liable for a breach of the warranty of merchantability and a violation of M.G.L. c. 93A. *Jacobs v. Yamaha Motor Corporation, U.S.A.* 420 Mass. 323 (1995). Suppliers of intercepting devices can be liable for violations of M.G.L. c. 272, § 99 by third parties. *Pine v. Rust*, 404 Mass. 411 (1989). Section 1983 applies to private entities like SHI when their conduct can be "fairly attributable to the State," thereby constituting state action and engaging the gears of the statute. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

In the interest of brevity, as SHI has done in their Motion to Dismiss and Memorandum of Law, Plaintiffs incorporate their arguments contained in their Opposition to Motorola's Motion to Dismiss herein and briefly summarize as follows:

## I. Plaintiffs have adequately pled that SHI violated M.G.L. c. 272, § 99.

M.G.L. c. 272, § 99 (the "Wiretap Act") allows a private cause of action against any person (not just law enforcement) who "intercepts, discloses or uses" recordings of oral communications without all parties' consent. The statute defines "interception" as meaning "to secretly hear, secretly record, or **aid another** to secretly hear or secretly record the contents of any wire or oral communication through the use of any intercepting device." M.G.L. c. 272, § 99(B)(4) (emphasis added). In addition, a person commits a prohibited "interception" where that person "willfully commits an interception, attempts to commit an interception, or procures any other person to commit an interception or to attempt to commit an interception of any wire or oral

communication." *Id.* at § 99(C)(1). Any person whose communications were illegally intercepted, disclosed or used under the statute "shall have a civil cause of action against any person who so intercepts, discloses or uses such communications or who so violates his personal, property or privacy interest." *Id.* at § 99(Q).

SHI has improperly "intercepted" Plaintiffs' communications. SHI sold the intercepting devices to the MSP, and Motorola hosted the recordings on their servers. (FAC at ¶¶ 52, 54). Motorola specifically declined to modify its intercepting devices to comply with the Wiretap Act. (FAC at ¶¶ 50-52). Indeed, the Massachusetts Appeals Court has already determined that the use of these very Callyo products by Massachusetts law enforcement officers violated the Wiretap Act. *Commonwealth v. Du*, 103 Mass. App. Ct. 469, 479 (2023). Plaintiffs further allege that through such actions and omissions, and in concert with the MSP through the parties' contract, SHI has "procured" the MSP's interception of Plaintiffs' communications. (FAC at ¶¶ 127-28). *See Du*, 103 Mass. App. Ct. at 479 (listing four forms of illegal "interception" which included the act of "storing of the audio-visual recording in the cloud"); *See also* Black's Law Dictionary 1401 (10th ed. 2014) (defining "procure" to mean "[t]o achieve or bring about (a result)").

Plaintiffs sufficiently allege that SHI has intercepted, disclosed, and used Plaintiffs' illegally-obtained communications, and has also procured and aided the MSP in doing the same. *See, e.g.*, *Pine v. Rust*, 404 Mass. 411 (1989) (affirming award of liquidated damages under the Wiretap Act against not only the woman who secretly made the illegal recordings, but also the woman's husband who planned the secret recording and her brother who merely supplied the tape recorder she used to make the recordings). This is more than sufficient to state a claim against SHI for violation of the Wiretap Act, and the Motion seeking dismissal of this count must be denied.

## II. Plaintiffs have adequately pled their breach of warranty claims against SHI.

Privity of contract is not a requirement for claims for breach of implied warranty. *Hatch v. Trail King Indus. Inc.*, 656 F.3d 59 (1st Cir. 2011). M.G.L. c. 106, § 2-318 provides in relevant part:

> Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer, **seller**, lessor or **supplier** of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant if the plaintiff was a person whom the manufacturer, seller, lessor or supplier might reasonably have expected to use, consume or be affected by the goods. (*emphasis added)*

Although the alternatives for § 2-318 of the UCC are largely directed toward defining the class of persons who properly could maintain a tort-based breach of warranty action for personal injuries, the Massachusetts form of § 2-318 is not limited to recovery for personal injury, but rather refers to "damages" for breach of warranty. *Jacobs v. Yamaha Motor Corp*., U.S.A. 420 Mass. 323, 328-329 (1995). In *Cameo Curtains, Inc. v. Philip Carey Corp*., 11 Mass. App. Ct. 423, 427 (1981), a building owner sued a roofing manufacturer when a roof failed. There was no privity between the plaintiff and the defendant as the roofing materials had been acquired by another party. The defendant asserted lack of privity as a defense. In finding for the plaintiff the court commented, "[d]oes the lack of privity bar recovery? It does not. The fundamental purpose of Section 2-318, as amended, is to eliminate lack of privity as a defense in a breach of warranty action." *Id.* See also, *Roth v. Ray-Stel's Hair Stylists, Inc.* 18 Mass. App. Ct. 975 (1984) (same).

The First Circuit Court of Appeals has addressed the requirement of privity for a plaintiff to file a claim for breach of implied warranties of merchantability and fitness in several cases. Massachusetts law, as applied in the First Circuit, does not require privity between the plaintiff and the manufacturer or seller for a breach of implied warranty claim. *Sullivan v. Young Bros. & Co., Inc.*, 91 F.3d 242 (1996) (applying Maine's identical provision of § 2-318). Therefore, a

plaintiff does not need to be a direct buyer from the defendant to file such a claim. For instance, in *Hatch v. Trail King Industries, Inc.*, it was acknowledged that Massachusetts law does not require privity in cases involving breach of implied warranty of merchantability. The court referenced § 2-318, which allows warranties to extend to third parties when it is reasonable to expect such persons might reasonably have expected to use, consume **or be affected by the goods** and they are injured by the breach of warranty. *Hatch v. Trail King Industries, Inc.,* 656 F.3d 59 (2011) (emphasis added).

Plaintiffs have pled sufficient facts to show SHI breached its warranty of merchantability for its products. "A seller breaches its warranty obligation when a product that is 'defective and unreasonably dangerous' for the '[o]rdinary purposes' for which it is 'fit' causes injury." *Haglund v. Philip Morris Inc.*, 446 Mass. 741, 746 (2006). Here, SHI sold Motorola's products that were intended to "make body wires a thing of the past," (FAC at ¶ 80), but the way in which they did, violated Massachusetts law. (FAC at ¶¶ 50-52). *See Back v. Wickes Corp.*, 375 Mass. 633, 642 (1978) (seller liable for breach of implied warranty).

SHI is also liable for the breach of the implied warranty of fitness for a particular purpose. "The warranty of fitness for a particular purpose is similar to the warranty of merchantability but applies only where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." *Taupier v. Davol, Inc.*, 490 F. Supp. 3d 430,440 (D. Mass. 2020) (internal quotations omitted). There may be a breach of warranty with respect to a particular product even if there has been no negligence in its manufacture or design. *Colter v. Barber-Greene Co.*, 403 Mass. 50, 61-62 (1988). In *Fernandes v. Union Bookbinding Co., Inc.* 400 Mass. 27 (1987) the Supreme Judicial Court held that an implied warranty of fitness for a purpose arises

when at the time of the contract, the seller "has reason to know any purpose for which the goods are required and that the buyer is relying on the seller's skill and judgment to select or furnish suitable goods."

Here, SHI sold products that Motorola designed and marketed to the MSP. (FAC at ¶¶ 74, 80-81). MSP and Motorola had conversations about the products, Massachusetts law, and how the products failed to comply with the law. (FAC at ¶¶ 50-52). MSP relied on Motorola and SHI's specialized skill and judgment in purchasing the products. (FAC at ¶¶ 106-107).

## III. Plaintiffs have adequately pled a claim against SHI under M.G.L. Ch. 93A.

Plaintiffs hereby incorporate their opposition to Motorola's Motion to Dismiss. For all the reasons stated therein, SHI is liable under Chapter 93A as the seller of Motorola's off-the shelf products to the MSP.

In addition, SHI is liable under Chapter 93A for its breach of implied warranties of merchantability and fitness for particular purpose. *Jacobs v. Yamaha Motor Corporation, U.S.A.* 420 Mass. 323 (1995).

## IV. Plaintiffs have adequately pled a conspiracy claim against SHI under 42 U.S.C. § 1983.

SHI and Motorola conspired with the MSP to illegally intercept Plaintiffs' oral communications and then stored the recordings on Motorola's servers, violating Plaintiff's constitutional due process rights. SHI's and Motorola's arguments in favor of dismissal lack merit.

## CONCLUSION

Plaintiffs respectfully request that this Court deny SHI's motion to dismiss.

Respectfully submitted,

JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, and DENNIS WILLIAMS, ON BEHALF OF THEMSELVES, AND ALL OTHERS SIMILARLY SITUATED,

by their attorneys,

/s/ Christopher R. Batinsey
Christopher R. Batinsey, Esq.
BBO# 688586

Batinsey Legal P.C.
344 Main St
Suite 14
Fitchburg, MA 01420
(617) 682-0254
cbatinsey@batinseylegal.com

/s/ James O'Connor, Jr.
James O'Connor, Jr., Esq.
BBO# 563450

Nickless, Phillips and O'Connor, P.C.
780 Main St
PO Box 2101
Fitchburg, MA 01420
(978) 342-4590
joconnor@npolegal.com

/s/ Christopher J. Walton
Christopher J. Walton, Esq.
BBO# 639819

Law Office of Christopher J. Walton
56 Elm St
Fitchburg, MA 01420
(978) 342-9100
attycjw@aol.com

## CERTIFICATE OF SERVICE

I, James O'Connor, Jr., hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: August 30, 2024

/s/ James O'Connor, Jr.
James O'Connor, Jr., Esq.