**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, AND DENNIS WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., SHI INTERNATIONAL CORP., and COLONEL JOHN E. MAWN, JR., Interim Superintendent of the Massachusetts State Police, in his official capacity,<br><br>Defendants. | Civil Action No.: 4:24-cv-40030-DHH |

**DEFENDANTS MOTOROLA SOLUTIONS, INC. AND CALLYO 2009 CORP.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT DISCOVERY**

Since even before this case was filed, Motorola Solutions, Inc. ("Motorola Solutions") and Callyo 2009 Corp. ("Callyo," together with Motorola Solutions, "Motorola") have repeatedly told Plaintiffs that they lack any factual or legal basis to assert a Chapter 93A claim against them, as it is undisputed that Motorola has no business, commercial, or transactional relationship with Plaintiffs. Motorola has since moved to dismiss all claims against it, including the Chapter 93A claim, for failure to state a claim and because the Court lacks jurisdiction over the claims asserted against Motorola.

Plaintiffs' intervening motion for leave is a transparent attempt to seek backdoor discovery to save their flawed pleading. Plaintiffs cite no authority permitting them to seek such discovery

at this stage. Nor could they, as the relief they are requesting is an improper attempt to circumvent the Federal Rules of Civil Procedure, which require Plaintiffs to have a plausible factual basis to assert a cause of action *before* discovery can begin. Plaintiffs have had ample opportunity to remedy their Chapter 93A claims over the past six months, but have chosen instead to stand on their bare and conclusory pleading. The Court should accordingly deny Plaintiffs' motion for leave to conduct discovery.

## BACKGROUND

Motorola Solutions and Callyo, a wholly-owned subsidiary of Motorola Solutions, manufacture and sell mobile devices and security software to a variety of consumers. Two of those products are the 10-21 application and Mobile Body Bug device ("Products") that Motorola sells exclusively to police departments and other law enforcement agencies to assist with their law enforcement investigations and community interactions. ECF No. 8 ¶¶ 25, 28 ("FAC"). In conjunction with these Products, Motorola provides customers a license and access to an online database. *See id.* ¶ 31. This putative class action stems from allegations that Plaintiffs Jason Courtemanche, Brett Foresman, Juan Rios, and Dennis Williams (collectively, "Plaintiffs") were convicted of various crimes in Massachusetts state criminal court after the Massachusetts State Police ("MSP") used the Products to records Plaintiffs' oral communications without Plaintiffs' consent and without first obtaining a warrant. *See id.* ¶¶ 7-8, 35-46.

Motorola first learned of these claims on February 1, 2024, when Plaintiffs sent Motorola Solutions a demand letter pursuant to Mass. Gen. L. c. 93A ("Chapter 93A"), seeking $15 million in relief. Before waiting for a response to this letter, Plaintiffs instituted this litigation by filing their original complaint on February 22, 2024. ECF No. 1. Plaintiffs then sent supplemental demand letters to both Motorola Solutions and Callyo between February 28, 2024 and March 21,

2024. Plaintiffs never served Motorola with the original complaint, and eventually filed a First Amended Complaint two-and-a-half months later on April 17, 2024, asserting Chapter 93A claims against Motorola, as well as claims under 42 U.S.C. § 1983, Mass. Gen. L. ch. 272, § 99(Q), Chapter 93A, and for breach of warranty. *See* FAC ¶¶ 10-15, 17-18. As relevant here, the asserted basis of their Chapter 93A claims against Motorola was that it purportedly "willfully and knowingly" "encouraged illegal conduct" through the marketing of its Products. *See id.* ¶¶ 79-83.

During the period between Plaintiffs serving their initial Chapter 93A demand letter and filing their First Amended Complaint, Motorola informed Plaintiffs that their Chapter 93A demands were deficient in several key respects, including, among other things, that the Plaintiffs had no business, commercial, or transactional relationship with Motorola when they were purportedly recorded by MSP, which is an essential element of any Chapter 93A claim. Despite these shortcomings, Plaintiffs pressed forward with their Chapter 93A claims by asserting them in the First Amended Complaint against Motorola.

On June 28, 2024, Motorola filed a motion to dismiss all claims in the First Amended Complaint on several grounds, including that the Court lacked subject-matter jurisdiction over Plaintiffs' claims against Motorola because, even assuming the truth of the allegations, Plaintiffs had failed to plausibly allege any injury fairly traceable to wrongdoing by Motorola. *See* ECF No. 30 at 2-5. Motorola also identified several deficiencies in Plaintiffs' attempt to plead their Chapter 93A claims in particular, including that Plaintiffs had failed to allege that they were engaged in a business, commercial, or transactional relationship with Motorola. *See id.* at 15-16. Thereafter, with Motorola's consent, Plaintiffs requested and received a 49-day extension of time, until August 30, 2024, to respond to Motorola's motion to dismiss. *See* ECF Nos. 37, 39.

On August 19, 2024, Plaintiffs contacted Motorola requesting its consent for leave to conduct discovery into "[t]he extent to which Motorola, Callyo, or other third-parties have used the license granted to it by the MSP to profit from the illegally-obtained interceptions [which] is known only to Motorola and Callyo," in order to purportedly discover facts that would enable them to replead their Chapter 93A claim in a way that addresses Motorola's argument in its motion to dismiss that "Plaintiffs have failed to allege a business, commercial, or transactional relationship between them and Motorola." ECF No. 44 at 2, 3 ("Mot."). The parties conferred on August 23, 2024. During this conferral, Motorola asked Plaintiffs whether they had identified any authority permitting the discovery they were seeking at this stage of the case with Motorola's motion to dismiss pending and neither a Rule 16 nor Rule 26(f) conference having taken place. Plaintiffs confirmed that they had been unable to identify any authority permitting the relief that they were seeking. Plaintiffs filed their motion for leave to conduct discovery on August 25, 2024, five days before their response to Motorola's motion to dismiss was due.

## ARGUMENT

Plaintiffs' motion seeks leave to conduct discovery regarding "[t]he extent to which Motorola, Callyo, or other third-parties have used the license granted to it by MSP to profit from the illegally-obtained interceptions" and "[t]he identity of any third-parties who have also profited from these illegally-obtained interceptions." Mot. 3. Plaintiffs' motion is improper and should be denied.

***First***, it is well-established that the Federal Rules "do[] not permit a complainant to file suit first, and subsequently to search for a cause of action." *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985) (quotation marks omitted). That is particularly so for claims "in which fraud lies at the core," like Plaintiffs' Chapter 93A claim for which Plaintiffs purport to seek this discovery.

*See id.* (emphasis omitted) (quotation marks omitted). Thus, "[t]he First Circuit has not authorized limited pre-amendment discovery outside of cases involving claims brought under the RICO statute." *Cal. ex rel. Wible v. Warner Chilcott PLC*, 2014 WL 1338285, at *2 (D. Mass. Apr. 1, 2014). Plaintiffs do not bring RICO claims, and have identified no authority allowing the discovery they are seeking at this stage. Rather, Plaintiffs' motion is a blatant attempt to skirt their obligation under the Federal Rules to adequately plead a viable Chapter 93A claim under Rule 12 before "unlock[ing] the doors of discovery." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is particularly true here, where the purported grounds for discovery are "purely speculative" assertions that "Motorola, Callyo, or other third-parties" *may* have "profit[ed] from the illegally-obtained interceptions" by MSP. *See Wayne Inv., Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 14 (1st Cir. 1984); Mot. 3 ("*The extent to which* Motorola, Callyo, or other third-parties have used the license granted to it by the MSP to profit from the illegally-obtained interceptions is known only to Motorola and Callyo." (emphasis added)). Indeed, granting Plaintiffs' request for discovery "to determine the extent of their damages" (Mot. 3) is exactly the type of "'fishing expedition' in uncharted waters" that the First Circuit has condemned as antithetical to the Federal Rules. *See Wayne*, 739 F.2d at 14.

***Second***, while Plaintiffs state that the discovery they are seeking is needed to plead a "business, commercial, or transactional relationship between them and Motorola," *see* Mot. 2, which is an essential element of their Chapter 93A claim, their own motion makes plain that this discovery has no bearing on their ability (or inability) to sustain a viable Chapter 93A claim.[1] Even

[1] In a footnote, Plaintiffs observe that "[t]his Court enjoys broad authority to consider extrinsic evidence, order discovery, and conduct evidentiary hearings to determine its own subject-matter jurisdiction." Mot. 2 n.1. But Plaintiffs do not identify any discovery sought through their motion that purports to bear on a question of this Court's jurisdiction. In any event, it is well-established that jurisdictional discovery concerning the Court's subject-matter jurisdiction is appropriate at the

if Plaintiffs' contentions were true that Motorola or some other third party profited from the license MSP granted to Motorola, that would only establish that Motorola or some other third party had a business, commercial, or transactional relationship with *MSP*. However, the fact is undisputed.[2] *See, e.g.*, FAC ¶¶ 29, 54. The relevant question for purposes of Chapter 93A is not whether Motorola had a business, commercial, or transactional relationship with some other third party, but whether Motorola had such a relationship with *Plaintiffs*. *See, e.g.*, *John Beaudette, Inc. v. Sentry Ins. A Mut. Co.*, 94 F. Supp. 2d 77, 121 (D. Mass. 1999) ("[N]o commercial relationship exists where the parties only contact occurs in the context of litigation"); ECF No. 30 at 15-16 (collecting cases). Any discovery to attempt to identify some additional business, commercial, or transactional relationship between MSP and Motorola or between MSP and some other third party would thus do nothing for Plaintiffs' cause. Because Plaintiffs cannot even show "that the discovery requested . . . would have produced any information that would have permitted [them] to allege the requisite [business, commercial, or transactional relationship] with particularity," that alone should doom their request. *See Cordero-Hernandez v. Hernandez-Ballesteros*, 449 F.3d 240, 245 (1st Cir. 2006).

***Third***, the discovery sought by Plaintiffs appears to be for the improper purpose of pleading an entirely new cause of action not alleged in the First Amended Complaint. Plaintiffs argue that they need this discovery to explore whether "Motorola, Callyo, and third-parties not known to

---

pleading stage only where the defendant has made a *factual* attack to the Court's jurisdiction, and not a facial attack as Motorola has done here. *See Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001) (noting "the court enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings" only "[i]n conducting [the] inquiry" for a "*factual* challenge" to subject-matter jurisdiction (emphasis added)).

[2] Plaintiffs claim they have adequately alleged a business, commercial, or transactional relationship between them and Motorola, citing to paragraph 54 of the First Amended Complaint. Mot. 2. But that paragraph merely describes the license (and therefore the commercial relationship) between Motorola and *MSP*, and does not even mention Plaintiffs.

Plaintiffs" "monetize[d] the illegally-obtained recordings without permission from the Plaintiffs," which "is a violation of common-law privacy rights, and statutory privacy rights found in M.G.L. c. 214 § 3A." Mot. 2-3. But Plaintiffs have not asserted any claim in the First Amended Complaint against Motorola under Mass. Gen. L. c. 214 § 3A or for an alleged violation of common-law privacy rights. "A plaintiff must adequately plead a claim before obtaining discovery, not the other way around. Simply stated, discovery is not to be used to find a cause of action." *In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, 2009 WL 294353, at *2 (D. Minn. Feb. 5, 2009) (quotation marks omitted), *aff'd*, 623 F.3d 1200 (8th Cir. 2010). Thus, "[t]o allow [Plaintiffs] to proceed with discovery on the basis of these purely speculative" assertions made in their motion "would be to issue a license for a 'fishing expedition' in uncharted waters." *See Wayne*, 739 F.2d at 14.

## CONCLUSION

For the reasons stated, the Court should deny Plaintiffs' motion for leave to conduct discovery.

Dated: September 9, 2024

Respectfully submitted,

**TODD & WELD LLP**

*/s/ Howard M. Cooper*
Howard M. Cooper
Alycia M. Kennedy
One Federal Street
27th Floor
Boston, MA 02110
Tel.: 617-832-1269
hcooper@toddweld.com
akennedy@toddweld.com

**ARNOLD & PORTER KAYE SCHOLER LLP**

Michael Kim Krouse (*pro hac vice forthcoming*)
Lori B. Leskin (*pro hac vice forthcoming*)
Elie Salamon (*pro hac vice forthcoming*)
250 West 55th Street
New York, NY 10019
Tel.: 212.836.8000
Fax: 212.836.8689
michael.krouse@arnoldporter.com
lori.leskin@arnoldporter.com
elie.salamon@arnoldporter.com

*Counsel for Defendants Motorola Solutions, Inc. and Callyo 2009 Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 9, 2024, a copy of the foregoing was electronically filed with the Clerk of Court of the United States District Court for the District of Massachusetts, using the CM/ECF system, which will send a Notice of Electronic filing to all parties of record.

*/s/ Howard M. Cooper*
Howard M. Cooper