UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, AND DENNIS WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., SHI INTERNATIONAL CORP., and COLONEL JOHN E. MAWN, JR., Interim Superintendent of the Massachusetts State Police, in his official capacity,<br><br>    Defendants. | Civil Action No.: 4:24-cv-40030-DHH |

**REPLY IN SUPPORT OF DEFENDANTS MOTOROLA SOLUTIONS, INC. AND CALLYO 2009 CORP.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

I.    Plaintiffs Lack Article III Standing to Pursue Their Claims Against Motorola Because They Fail to Plausibly Allege Their Injury Is Fairly Traceable to Motorola ...................................................................................................................... 1

II.    Plaintiffs Fail to Adequately Plead a Conspiracy Claim Under Section 1983 .................... 2

        A.    Plaintiffs Fail to Adequately Plead Motorola Acted Under Color of State Law ........................................................................................................................ 2

        B.    Plaintiffs Fail to Adequately Plead a Due Process Violation .................................. 3

        C.    Plaintiffs Fail to Adequately Plead the Existence of a Conspiratorial Agreement ................................................................................................................ 5

        D.    If Motorola Acted Under Color of State Law, Motorola Would Be Entitled to Qualified Immunity ............................................................................................ 5

III.    Plaintiffs Fail to Adequately Plead Motorola Violated the Massachusetts Wiretap Act .......................................................................................................................................... 6

IV.    Plaintiffs Fail to Adequately Plead a Chapter 93A Claim .................................................. 6

        A.    Plaintiffs Fail to Adequately Plead a Deceptive or Unfair Practice ......................... 6

        B.    Plaintiffs Fail to Allege a Business, Commercial, or Transactional Relationship Between Them and Motorola ............................................................. 7

        C.    Plaintiffs Fail to Adequately Plead Injury ............................................................... 8

        D.    Plaintiffs Fail to Adequately Plead Causation ......................................................... 9

V.    Plaintiffs Fail to Adequately Plead Their Breach-of-Warranty Claims .............................. 9

CONCLUSION ............................................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alberto San, Inc. v. Consejo De Titulares Del Condominio San Alberto*,
    522 F.3d 1 (1st Cir. 2008) ................................................................................................. 2

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................................... 5

*Barrios-Velazquez v. Asociacion de Empleados del Estado Libre Asociado de P.R.*,
    84 F.3d 487 (1st Cir. 1996) .............................................................................................. 3

*Brady v. Maryland*,
    373 U.S. 83 (1963) ........................................................................................................... 4

*UBS Fin. Servs., Inc. v. Aliberti*,
    483 Mass. 396 (2019) ...................................................................................................... 8

*Ciardi v. F. Hoffmann-La Roche, Ltd.*,
    436 Mass. 53 (2002) ........................................................................................................ 8

*Commonwealth v. Du*,
    103 Mass. App. Ct. 469 (2023) .................................................................................... 6, 7

*Cooper v. Hagelberg*,
    2022 WL 21758808 (D. Mass. Mar. 9, 2022) ................................................................. 9

*Cruz-Arce v. Mgmt. Admin. Servs. Corp.*,
    19 F.4th 538 (1st Cir. 2021) ............................................................................................ 2

*Doe v. Gavins*,
    2023 WL 6296398 (D. Mass. Sept. 27, 2023) ................................................................ 4

*Estades-Negroni v. CPC Hosp. San Juan Capestrano*,
    412 F.3d 1 (1st Cir. 2005) ............................................................................................... 2

*Estate of Bennett v. Wainwright*,
    548 F.3d 155 (1st Cir. 2008) ........................................................................................... 5

*Farmland Dairies, LLC v. Passaic Valley Sewerage Comm'rs*,
    2006 WL 3833477 (D.N.J. Dec. 29, 2006) ..................................................................... 5

*Hochendoner v. Genzyme Corp.*,
    823 F.3d 724 (1st Cir. 2016) ........................................................................................... 1

*In re Bridgestone/Firestone, Inc.*,
   288 F.3d 1012 (7th Cir. 2002) ........................................................................................8

*In re Celexa & Lexapro Mktg. & Sales Pracs. Litig.*,
   291 F.R.D. 13 (D. Mass. 2013) ......................................................................................8

*Integrated Facilities Constr. Corp. v. Div. of Cap. Asset Mgmt. & Maint.*,
   615 F. Supp. 3d 28 (D. Mass. 2022) ..............................................................................5

*Irish Venture, Inc. v. Fleetguard, Inc.*,
   270 F. Supp. 2d 84 (D. Mass. 2003) ............................................................................10

*Leaver v. Life Care Ctrs. of Am., Inc.*,
   2024 WL 218467 (D. Mass. Jan. 19, 2024) ...................................................................2

*Mulder v. Kohl's Dep't Stores, Inc.*,
   865 F.3d 17 (1st Cir. 2017) ............................................................................................7

*Organic Mulch & Landscape Supply of New Eng., LLC v. PROBEC, Inc.*,
   2017 WL 3122561 (D. Mass. July 21, 2017) .................................................................9

*Perkins v. Londonderry Basketball Club*,
   196 F.3d 13 (1st Cir. 1999) .........................................................................................2, 3

*Ryan v. Greif, Inc.*,
   708 F. Supp. 3d 148 (D. Mass. 2023) ............................................................................8

*Santiago v. Puerto Rico*,
   655 F.3d 61 (1st Cir. 2011) ............................................................................................3

*Sebago, Inc. v. Beazer E., Inc.*,
   18 F. Supp. 2d 70 (D. Mass. 1998) ................................................................................9

*Shea v. Millett*,
   2019 WL 184074 (D. Mass. Jan. 14, 2019) ...................................................................8

*Sherkat v. New Eng. Vill., Inc.*,
   2015 WL 8215983 (D. Mass. Dec. 8, 2015), *aff'd*, 691 F. App'x 644 (1st Cir. 2016) .........2, 3

*Soto v. Bushmaster Firearms Int'l, LLC*,
   202 A.3d 262 (Conn. 2019) ...........................................................................................8

*Steinmetz v. Coyle & Caron, Inc.*,
   862 F.3d 128 (1st Cir. 2017) ..........................................................................................7

*Strahan v. Durham Police Off. Rene Kelley*,
   2017 WL 2983231 (D.N.H. June 14, 2017) ...................................................................2

*Sundaramurthy v. Abbott Vascular, Inc.*,
    2023 WL 2311661 (D. Mass. Mar. 1, 2023) .................................................................10

*Swenson v. Yellow Transp., Inc.*,
    317 F. Supp. 2d 51 (D. Mass. 2004) ............................................................................8

*Taupier v. Davol, Inc.*,
    490 F. Supp. 3d 430 (D. Mass. 2020) ..........................................................................10

*Tomasella v. Nestle USA, Inc.*,
    962 F.3d 60 (1st Cir. 2020) .........................................................................................7

*Tomaselli v. Beaulieu*,
    2010 WL 2105347 (D. Mass. May 7, 2010) ................................................................7

*Walsh v. TelTech Sys., Inc.*,
    821 F.3d 155 (1st Cir. 2016) .......................................................................................9

*Willitts v. Life Ins. Co. of N. Am.*,
    2021 WL 735784 (D. Mass. Feb. 25, 2021) ................................................................4

**Statutes**

Mass. Gen. L. c. 214 § 1B ...................................................................................................8

Mass. Gen. L. c. 214 § 3A ...................................................................................................8

Mass. Gen. L. ch. 106, § 9-109 ...........................................................................................9

Mass. Gen. L. ch. 272, § 99(Q) ..................................................................................6, 7, 8

Plaintiffs' opposition to Motorola's motion to dismiss fails to meaningfully address the core flaw of all the claims asserted against Motorola in the FAC: that Plaintiffs do not plausibly allege that their injuries are fairly traceable to any alleged wrongdoing by Motorola. Accordingly, the Court should dismiss the claims against Motorola with prejudice.

**I.      Plaintiffs Lack Article III Standing to Pursue Their Claims Against Motorola Because They Fail to Plausibly Allege Their Injury Is Fairly Traceable to Motorola**

Plaintiffs offer no meaningful response to the central argument of Motorola's motion—that Plaintiffs allege no facts, plausible or otherwise, that the injuries allegedly caused by their criminal cases are "fairly traceable" to Motorola's sale of the Products and services to MSP, as opposed to MSP's alleged use of the Products to record Plaintiffs without a warrant. *See* Mot. 3. Plaintiffs attempt to distinguish cherry-picked authority cited by Motorola but, tellingly, fail to cite any authority of their own to establish that they have plausibly alleged standing to sue Motorola.

Plaintiffs fail to respond to Motorola's argument that the FAC is devoid of specific factual allegations that *Motorola* used the Products to record Plaintiffs' oral communications or did so without obtaining a warrant, or that *Motorola* had control over MSP's use of the Products or the legal process for obtaining a warrant before the Products were used to allegedly record Plaintiffs. Mot. 3-4. Nor do Plaintiffs address Motorola's point that the FAC alleges that the alleged interception of Plaintiffs' communications was not caused by Motorola, but instead by MSP's alleged inadequate training and policies. *See* Mot. 4 (citing FAC Ex. B). Plaintiffs' "conclusory assertions" and "unfounded speculation" are plainly unsupported by factual allegations in the FAC, and therefore are insufficient to "supply the necessary heft" required to establish Article III standing. *See Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 731 (1st Cir. 2016).

## II. Plaintiffs Fail to Adequately Plead a Conspiracy Claim Under Section 1983

### A. Plaintiffs Fail to Adequately Plead Motorola Acted Under Color of State Law

"It is [o]nly in rare circumstances that private parties can be viewed as state actors." *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4-5 (1st Cir. 2005) (alterations in original) (quotation marks omitted). In other words, establishing that a private party acted under color of state law is a high bar. The FAC comes nowhere close to meeting that high standard.

Plaintiffs argue that this determination "demands a fact-intensive and context-specific inquiry . . . generally inappropriate under a Rule 12(b)(6) motion." Opp. 3 (quotation marks omitted). Not so. Courts in this District have routinely held that "[i]nadequate allegations of state action are regularly handled at the motion to dismiss stage." *Leaver v. Life Care Ctrs. of Am., Inc.*, 2024 WL 218467, at *3 (D. Mass. Jan. 19, 2024) (collecting cases). Indeed, Plaintiffs complain that many of the cases cited by Motorola were decided on summary judgment, but they fail to address the numerous cases cited by Motorola that were decided on a motion to dismiss. *See* Mot. 5-7.[1] Further, the only authority cited by Plaintiffs *affirmed dismissal* of Section 1983 claims for failure to establish state action. *See* Opp. 3-4; *Cruz-Arce v. Mgmt. Admin. Servs. Corp.*, 19 F.4th 538, 544 (1st Cir. 2021); *Perkins v. Londonderry Basketball Club*, 196 F.3d 13, 18 (1st Cir. 1999)).

Plaintiffs claim they "more than satisfy" the joint action/nexus test because the FAC alleges a "symbiotic relationship" between Motorola and MSP. Opp. 4. Despite identifying certain factors that "courts typically attach special weight" in evaluating whether a symbiotic relationship exists, *Perkins*, 196 F.3d at 21, Plaintiffs make no effort to apply these factors to their pleading. Opp. 4. This is because all three factors weigh heavily against a finding that Motorola acted under color of

---

[1] *See Estades-Negroni v. CPC Hosp.*, 412 F.3d 1, 4 (1st Cir. 2005); *Alberto San, Inc. v. Consejo De Titulares Del Condominio San Alberto*, 522 F.3d 1, 4 (1st Cir. 2008); *Sherkat v. New Eng. Vill., Inc.*, 2015 WL 8215983, at *5 (D. Mass. Dec. 8, 2015), *aff'd*, 691 F. App'x 644 (1st Cir. 2016); *Strahan v. Durham Police Off. Rene Kelley*, 2017 WL 2983231, at *1 (D.N.H. June 14, 2017), *R&R adopted*, 2017 WL 2982956 (D.N.H. July 12, 2017).

state law. "The most salient of these [factors] is the extent to which the private entity is (or is not) independent in the conduct of its day-to-day affairs." *Perkins*, 196 F.3d at 21. The FAC makes clear the relationship between Motorola and MSP was at all times purely commercial and arms-length. Plaintiffs' failure to allege that Motorola is not independent in conducting its daily affairs, alone, warrants dismissal of their Section 1983 claims. *See, e.g.*, *Barrios-Velazquez v. Asociacion de Empleados del Estado Libre Asociado de P.R.*, 84 F.3d 487, 494-95 (1st Cir. 1996) (no symbiotic relationship where plaintiffs "failed to contest the proposition that [defendant] is essentially independent in the conduct of its daily affairs").

Plaintiffs appear to claim that a symbiotic relationship existed based on the "cloud-based servers" that Motorola allowed MSP to access to store recordings and the "royalty-free, worldwide, non-exclusive license" that allegedly allowed Motorola to use these recordings for its own financial gain. Opp. 4-5. Even if these allegations were true (they are not), they are insufficient to establish a symbiotic relationship.

First, any alleged license agreement or provision of cloud-based services would only establish, at best, the existence of a contractual agreement pursuant to which Motorola provided services to MSP, which courts have repeatedly rejected as insufficient to establish state action under the joint action/nexus test. *See Santiago v. Puerto Rico*, 655 F.3d 61, 72 (1st Cir. 2011); *Sherkat v. New Eng. Vill., Inc.*, 2015 WL 8215983, at *5 (D. Mass. Dec. 8, 2015), *aff'd*, 691 F. App'x 644 (1st Cir. 2016). Second, Plaintiffs do not—and cannot—allege that Motorola actually *used* any recordings of Plaintiffs, let alone that Motorola profited from the use of such recordings.[2]

### B. Plaintiffs Fail to Adequately Plead a Due Process Violation

In a footnote, Plaintiffs concede that their Fifth Amendment claim is meritless and

---

[2] The absence of such allegations is only underscored by Plaintiffs' recent motion for leave to take immediate discovery in search of material demonstrating "[t]he extent to which Motorola, Callyo, or other third-parties have used the license granted to it by the MSP to profit from the illegally-obtained interceptions." *See* ECF 44.

3

"withdraw" it, and state that they intended to plead a claim under the Fourteenth Amendment. Opp. 6 n.2. But Plaintiffs cannot use a brief in opposition to a motion to dismiss to amend their complaint, *see Willitts v. Life Ins. Co. of N. Am.*, 2021 WL 735784, at *4 (D. Mass. Feb. 25, 2021) (collecting cases), and the Court should thus dismiss Plaintiffs' Fifth Amendment claims. Moreover, Plaintiffs fail to address, and therefore concede, Motorola's argument that Plaintiffs do not plausibly allege a Fourteenth Amendment substantive due process violation to support their Section 1983 claims. *See* Mot. 9; *Doe v. Gavins*, 2023 WL 6296398, at *7 n.7 (D. Mass. Sept. 27, 2023) (finding plaintiffs waived any objection by failing to respond to defendant's argument for dismissal).

With respect to any alleged procedural due process violation, Plaintiffs fail to address how *Motorola's* conduct deprived Plaintiffs of either a liberty or property interest. Plaintiffs argue that they "suffered losses of liberty and property" because the purported recordings of Plaintiffs created by MSP "were not revealed to Plaintiffs in their criminal prosecutions." Opp. 7. But Plaintiffs do not allege that *Motorola* created the recordings of Plaintiffs or that *Motorola* failed to disclose them in Plaintiffs' criminal proceedings. Plaintiffs now contend the failure to disclose the recordings in Plaintiffs' criminal proceedings constituted a procedural due process violation under *Brady v. Maryland*, 373 U.S. 83 (1963). Opp. 7. But nowhere in the FAC do Plaintiffs allege a *Brady* violation as the basis for their claims. Plaintiffs cannot use their opposition to fill in gaps in the FAC to remedy their deficiently pled claims.[3] *See Willitts*, 2021 WL 735784, at *4.

---

[3] To the extent Plaintiffs argue that purported storage of the recordings using cloud-based services provided by Motorola constituted a due process violation, Plaintiffs fail to allege how providing such services violated Plaintiffs' Fourteenth Amendment rights. Moreover, Plaintiffs fail to allege that *Motorola* uploaded such recordings. At best, Plaintiffs allege that *MSP* used services provided by Motorola to store the alleged recordings of Plaintiffs. FAC ¶¶ 53, 134. These facts are insufficient to plausibly establish that *Motorola* violated Plaintiffs' Fourteenth Amendment rights. Indeed, Plaintiffs offer no authority that providers of cloud-based services can be held liable for the content uploaded or stored by users. Such a holding would have wide-ranging policy implications, potentially forcing cloud-based service providers to infringe on their customers' privacy by monitoring all data stored on their servers.

### C. Plaintiffs Fail to Adequately Plead the Existence of a Conspiratorial Agreement

Plaintiffs argue that "the 'conspiratorial agreement' is the licensing of the illegal recordings and contract." Opp. 8. But the mere existence of an agreement does not establish a conspiracy. Rather, the relevant inquiry is whether an agreement "*to inflict a wrong against or injury upon another*" exists between Motorola and MSP. *See* Mot. 9 (citing *Estate of Bennett v. Wainwright*, 548 F.3d 155, 178 (1st Cir. 2008)). Plaintiffs offer nothing beyond conclusory assertions that Motorola and MSP "agreed—either tacitly or expressly" to deprive Plaintiffs of their constitutional rights. Mot. 10. Nor do Plaintiffs allege what specific terms, if any, of the licensing agreement or other contract enabled MSP or Motorola to violate Plaintiffs' constitutional rights.

### D. If Motorola Acted Under Color of State Law, Motorola Would Be Entitled to Qualified Immunity

Plaintiffs argue that Motorola is not entitled to qualified immunity because of Plaintiffs' purported request for injunctive relief against Motorola. Opp. 8. They are wrong.

First, Plaintiffs' boilerplate request for injunctive relief does not even specify what relief Plaintiffs are seeking against Motorola. This alone warrants dismissal of such a request under Rule 8's fair notice principles. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). Second, even if Plaintiffs did plead a viable request for injunctive relief against Motorola, qualified immunity would still attach to Plaintiffs' claims seeking money damages. *See Integrated Facilities Constr. Corp. v. Div. of Cap. Asset Mgmt. & Maint.*, 615 F. Supp. 3d 28, 37 (D. Mass. 2022). Because Plaintiffs' purported harm stems from past criminal proceedings, for which the only apparent remedy is damages, Plaintiffs' claims "amount to nothing more than a request for monetary damages poorly disguised as a request for prospective injunctive relief." *Farmland Dairies, LLC v. Passaic Valley Sewerage Comm'rs*, 2006 WL 3833477, at *4 (D.N.J. Dec. 29, 2006). Thus, Plaintiffs' Section 1983 claims are barred by qualified immunity.

### III. Plaintiffs Fail to Adequately Plead Motorola Violated the Massachusetts Wiretap Act

Plaintiffs point to no allegations that would allow the Court to draw the reasonable inference that Motorola violated the Massachusetts Wiretap Act. Mot. 12. Plaintiffs argue that "Motorola sold the intercepting devices to the MSP, and hosted the recordings on their servers" and "Motorola specifically declined to modify its intercepting devices to comply with the Wiretap Act." Opp. 10. But, these allegations do not plausibly establish that *Motorola* "intercepted, disclosed or used" Plaintiffs' oral communications, as required to bring a private action under the Act. *See* Mass. Gen. L. ch. 272, § 99(Q). Plaintiffs' reliance on *Commonwealth v. Du*, 103 Mass. App. Ct. 469, 479 (2023), only amplifies the key flaw in Plaintiffs' claims against MSP. As Plaintiffs acknowledge, the *Du* court "determined that the *use* of these very Callyo products *by Massachusetts law enforcement officers* violated the Wiretap Act." Opp. 10. The *Du* court did not find that the Products themselves (or Callyo) violated the Act. Moreover, it emphasized that MSP could insulate itself from liability under the Act by obtaining a warrant. *Du*, 103 Mass. App. Ct. at 482. The decision whether or not to obtain a warrant was not Motorola's to make. Further, Motorola previously pointed out that Plaintiffs allege no facts that would allow the Court to conclude that a warrant was even required in connection with MSP's recordings of Plaintiffs. *See* Mot. 12 n.3. Plaintiffs do not respond to, and therefore concede, this point.[4] *See* Mot. 13 & n.3.

### IV. Plaintiffs Fail to Adequately Plead a Chapter 93A Claim

#### A. Plaintiffs Fail to Adequately Plead a Deceptive or Unfair Practice

Plaintiffs contend that Motorola's alleged marketing of the Products, such as being "hidden

---

[4] Plaintiffs argue that Motorola is liable under Mass. Gen. L. ch. 272, § 99(C)(1) because "Motorola has 'procured' the MSP's interception of Plaintiffs' communications." Opp. 10. This argument lacks merit. Section 99(C) of the Massachusetts Wiretap Act provides for *criminal* liability and is not incorporated by reference into § 99(Q), the section providing for *civil* liability, pursuant to which Plaintiffs bring their Massachusetts Wiretap Act claim against Motorola. Thus, § 99(C) is inapplicable here. Even so, Plaintiffs fail to allege any facts that Motorola "procured" or otherwise caused MSP to intercept Plaintiffs' communication *in violation of the Wiretap Act*.

6

in plain sight," or making "body wires a thing of the past," "encouraged illegal conduct." Opp. 11. But that conclusory assertion is unsupported by any factual allegations and is thus insufficient to plead a Chapter 93A claim under Rule 8, let alone do so with particularity under Rule 9(b)'s heightened pleading standard.[5] Indeed, nothing in the FAC indicates that the Products' features, allegedly advertised by Motorola, or MSP's use of the Products would violate the Massachusetts Wiretap Act *as long as MSP obtains a warrant or otherwise complies with the express exceptions in the Act*.[6] *See Du*, 103 Mass. App. Ct. at 482 (noting MSP could insulate self from liability under the Act if it obtained a warrant). Nor do Plaintiffs allege facts otherwise plausibly demonstrating that Motorola's marketing was immoral, unethical, oppressive, unscrupulous, or unconscionable.

### B. Plaintiffs Fail to Allege a Business, Commercial, or Transactional Relationship Between Them and Motorola

While contractual privity is not necessary to state a claim under Chapter 93A, "some business, commercial, or transactional relationship is required." *Steinmetz v. Coyle & Caron, Inc.*, 862 F.3d 128, 141 (1st Cir. 2017). The relevant inquiry is not simply whether a defendant operated in trade and commerce, as Plaintiffs contend (Opp. 13), but *also* whether the alleged wrongful conduct arose in a business context *between the defendant and the plaintiff*. *See* Mot. 16; *see also Tomaselli v. Beaulieu*, 2010 WL 2105347, at *8 (D. Mass. May 7, 2010) (dismissing Chapter 93A § 9 claim where defendants "were not acting in a business context vis-à-vis the plaintiffs").

Plaintiffs argue a Chapter 93A claim may be asserted "even without a direct commercial

---

[5] Plaintiffs argue they "do not allege any affirmative fraud or misrepresentations by Motorola" and therefore Rule 9(b) does not apply to Plaintiffs' Chapter 93A claims. But Plaintiffs also claim they "have adequately pled that Motorola committed *both* 'deceptive' *and* 'unfair' acts in violation of Chapter 93A." Opp. 12-13 (emphases added). The First Circuit has applied Rule 9(b)'s heightened pleading requirements to Chapter 93A claims alleging deceptive advertising. *See Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17 (1st Cir. 2017). Because Plaintiffs purport to allege "deceptive" acts by Motorola as the basis for their Chapter 93A claims, Rule 9(b)'s heightened standard applies.

[6] In any event, even if the Products' advertised features *could* be used by MSP in violation of the Massachusetts Wiretap Act, "the legality of the challenged act or practice is not dispositive of its unfairness." Mot. 15 (quoting *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 79 (1st Cir. 2020)).

7

link between the plaintiff and the defendant." Opp. 14. But that is refuted by Plaintiffs' own cited cases, which acknowledge that "*some kind of commercial link*" between the parties is still required. *See Ryan v. Greif, Inc.*, 708 F. Supp. 3d 148, 179 (D. Mass. 2023); *c.f. UBS Fin. Servs., Inc. v. Aliberti*, 483 Mass. 396, 412 (2019) (finding business relationship between consumer plaintiff and defendant where parties had several interactions in a commercial context); *Ciardi v. F. Hoffmann-La Roche, Ltd.*, 436 Mass. 53, 65-66 (2002) (same where plaintiff bought defendants' product and thus alleged connection between herself and defendants in consumer transaction). Here, Plaintiffs do not allege that they bought the Products. Nor do they allege a single interaction between themselves and Motorola prior to this litigation.[7] *See Swenson v. Yellow Transp., Inc.*, 317 F. Supp. 2d 51, 57 (D. Mass. 2004). Accordingly, Plaintiffs' Chapter 93A claims must be dismissed.

### C. Plaintiffs Fail to Adequately Plead Injury

Plaintiffs do not address, and therefore concede, Motorola's argument that Plaintiffs fail to allege any injury arising from conduct *separate and apart* from the alleged violation of the Massachusetts Wiretap Act. *See* Opp. 17 (listing the same alleged injuries stemming from Plaintiffs' other claims). Instead, Plaintiffs attempt to assert an entirely new cause of action based on Motorola's alleged use and monetization of Plaintiffs' recordings. Opp. 18 (citing M.G.L. c. 214 §§ 1B & 3A). However, Plaintiffs "cannot amend [their] Amended Complaint by asserting new facts or theories in [their] opposition brief." *Shea v. Millett*, 2019 WL 184074, at *3 (D. Mass. Jan. 14, 2019). The FAC's allegations provide no support for any purported use or monetization of Plaintiffs' recordings by Motorola. Thus, Plaintiffs' Chapter 93A claims also fail.

---

[7] Plaintiffs spend nearly two pages discussing *Soto v. Bushmaster Firearms International, LLC*, 202 A.3d 262 (Conn. 2019), a case involving an entirely different consumer protection statute of another state interpreted by that state's high court. As courts in this District have observed in the class certification context, "state consumer-protection laws . . . vary widely state to state and 'courts must respect these differences rather than apply one state's law to sales in other states with different rules.'" *In re Celexa & Lexapro Mktg. & Sales Pracs. Litig.*, 291 F.R.D. 13, 19 (D. Mass. 2013) (quoting *In re Bridgestone/Firestone, Inc.,* 288 F.3d 1012, 1018 (7th Cir. 2002)). *Soto* is thus neither persuasive nor helpful here, where Plaintiffs' claims are brought under Massachusetts's consumer protection law.

### D. Plaintiffs Fail to Adequately Plead Causation

Plaintiffs contend the FAC alleges "Motorola's manufacturing, marketing, and promotion of its products procured MSP to act in an illegal manner, and that Motorola knew that such illegal use would inevitably occur." Opp. 18. But the FAC is devoid of allegations that Motorola knew MSP would use the devices illegally. In *Walsh v. TelTech Sys., Inc.*, 821 F.3d 155, 162 (1st Cir. 2016), the court found that the plaintiff's "bare assertion" that TelTech "presumably" used recordings of her in connection with a feature of TelTech's application was insufficient to proceed with her Chapter 93A claim. The same is true here. Plaintiffs argue Motorola has access or a license to use the alleged recordings of Plaintiffs. But Plaintiffs do not allege Motorola actually used any of MSP's recordings of Plaintiffs. Plaintiffs' speculative assertions about Motorola's purported use of Plaintiffs' recordings also should not be credited because they appear nowhere in the FAC. *See Cooper v. Hagelberg*, 2022 WL 21758808, at *7 (D. Mass. Mar. 9, 2022) (rejecting plaintiff's arguments "based on speculation" because "at the motion to dismiss stage the Court must evaluate the sufficiency of the pleadings, not arguments made in an opposition to dismissal").

### V. Plaintiffs Fail to Adequately Plead Their Breach-of-Warranty Claims

***Lack of privity dooms all of Plaintiffs' warranty claims.*** Courts have "uniformly held that a contract-based breach of warranty claim arising in a commercial context requires a showing of privity of contract." *Organic Mulch & Landscape Supply of New Eng., LLC v. PROBEC, Inc.*, 2017 WL 3122561, at *2 (D. Mass. July 21, 2017). Plaintiffs rely on an *exception* to the privity requirement that only applies "in suits against remote manufacturers only for plaintiffs who purchase consumer goods," which are defined as goods "used or bought for use primarily for personal, family or household purposes." *See Sebago, Inc. v. Beazer E., Inc.*, 18 F. Supp. 2d 70, 98-99 (D. Mass. 1998); M.G.L. ch. 106, § 9-109. This exception does not apply here, where Plaintiffs allege that Motorola sold the Products to MSP, FAC ¶ 29, but not that MSP used these

9

devices for personal, family or household purposes. Thus, the privity requirement bars Plaintiffs' claims. *See, e.g.*, *Irish Venture, Inc. v. Fleetguard, Inc.*, 270 F. Supp. 2d 84, 87 (D. Mass. 2003) (dismissing for lack of privity where plaintiffs bought defendant's product for commercial use).

***No specific affirmation of fact or promise for their express-warranty claims.*** Plaintiffs contend that they "have pled specific affirmations of fact and promises in which Motorola warranted its products complied with Massachusetts law." Opp. 19. They are wrong. While Plaintiffs baldly plead that "Motorola expressly warranted that it would comply with applicable laws," FAC ¶ 55, nowhere in the FAC do Plaintiffs identify any specific representation or warranty. *See, e.g.*, *Sundaramurthy v. Abbott Vascular, Inc.*, 2023 WL 2311661, at *4 (D. Mass. Mar. 1, 2023) ("Plaintiff's conclusory allegation that [defendant] 'made express warranties' is not sufficient to survive a motion to dismiss for failure to state a claim.").

***No failure to deliver on a promise.*** Plaintiffs argue that they "have alleged that Motorola intentionally designed its product to violate Massachusetts law." Opp. 20. The FAC is devoid, however, of any allegations regarding Motorola's design of the Products. Nor would Plaintiffs be able to support this inflammatory contention with plausible facts.

***No reliance for their express-warranty claims.*** A "plaintiff must show reliance on such warranty" to state a claim for breach of express warranty. *Taupier v. Davol, Inc.*, 490 F. Supp. 3d 430, 438 (D. Mass. 2020) (quotation marks omitted). Plaintiffs' sole response is that *Taupier* is not controlling authority; yet, they fail to cite any cases to the contrary. Opp. 19-20. The FAC contains no allegations that Plaintiffs (or even the MSP) relied on any warranty from Motorola.

***No allegations that the Products were unmerchantable at the time of sale.*** Plaintiffs' implied-warranty-of-merchantability claims fail because Plaintiffs do not allege that the Products were unmerchantable at the time of sale. Plaintiffs' reliance on a purported allegation that "Motorola intentionally designed its product to violate Massachusetts law," which, as discussed

10

above, is not in the FAC, dooms their merchantability claims.

***Plaintiffs fail to state a fitness-for-a-particular-purpose claim.*** Plaintiffs' argument that "Motorola designed and marketed its products in a particular way which was desirable to the MSP" (another allegation that is not found in the FAC) demonstrates Plaintiffs' misunderstanding of the law. The relevant inquiry is whether the particular purpose for which MSP bought the Products differs from the Products' ordinary purpose. Because Plaintiffs do not allege a purpose "separate and apart" from the Products' ordinary purpose, their particular-purpose claims must be dismissed. Mot. 20.

## CONCLUSION

For the foregoing reasons, the Court should dismiss all claims asserted against Motorola Solutions and Callyo in the FAC with prejudice.

Dated: September 30, 2024　　　　　　　　Respectfully submitted,

**TODD & WELD LLP**

/s/ Howard M. Cooper
Howard M. Cooper
Alycia M. Kennedy
One Federal Street
27th Floor
Boston, MA 02110
Tel.: 617-832-1269
hcooper@toddweld.com
akennedy@toddweld.com

**ARNOLD & PORTER KAYE SCHOLER LLP**

Michael Kim Krouse (*pro hac vice*)
Lori B. Leskin (*pro hac vice*)
Elie Salamon (*pro hac vice forthcoming*)
250 West 55th Street
New York, NY 10019
Tel.: 212.836.8000
Fax: 212.836.8689
michael.krouse@arnoldporter.com
lori.leskin@arnoldporter.com
elie.salamon@arnoldporter.com

*Counsel for Defendants Motorola Solutions, Inc. and Callyo 2009 Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 30, 2024, a copy of the foregoing was electronically filed with the Clerk of Court of the United States District Court for the District of Massachusetts, using the CM/ECF system, which will send a Notice of Electronic filing to all parties of record.

                                                   */s/ Howard M. Cooper*
                                                   Howard M. Cooper