**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JASON COURTEMANCHE et. al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>MOTOROLA SOLUTIONS, INC., et. al.,<br><br>*Defendants.* | Civil Action No.: 4:24-cv-40030-MRG |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT**
**SHI INTERNATIONAL CORP.'S MOTION TO DISMISS**

Defendant SHI International Corp. ("SHI") joins and incorporates by reference the Reply Memorandum of Defendants Motorola Solutions, Inc. and Callyo 2009 Corp. (collectively, "Motorola") [ECF No. 49]. The arguments advanced by Motorola apply to SHI with even greater persuasive force.

Stating further, Plaintiffs' Opposition to SHI's Motion to Dismiss [ECF No. 46] starkly illustrates why the First Amended Complaint fails to plausibly allege any cause of action against SHI. SHI's Memorandum of Law pointed out that Plaintiffs do not allege that *any* of the four alleged interceptions involves a product resold by SHI. [ECF No. 32, at 2-3.] Plaintiffs respond by misrepresenting the contents of their own pleading. Plaintiffs claim in their Opposition that "SHI sold the intercepting devices to the [Massachusetts State Police ("MSP")]," citing paragraphs 52 and 54 of the First Amended Complaint. (Opp. at 3.) But those paragraphs do not even *mention* SHI, let alone plausibly allege a nexus between a device allegedly resold by SHI and the four alleged interceptions. The First Amended Complaint alleges only that the interceptions were made by the MSP "using a Motorola/Callyo intercepting device." (FAC ¶¶ 35, 38, 41, 44.)

In short, SHI is alleged to have resold *some* intercepting devices, but not necessarily any of those that caused Plaintiffs' alleged injuries.[1] The resulting pleading, as to SHI, is "so threadbare or speculative that [it] fail[s] to cross 'the line between the conclusory and the factual.'" *Penalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 n.5 (2007)).

Despite an amended pleading and the opportunity to articulate their position in motion practice, Plaintiffs have failed to articulate why SHI is named as a defendant in any respect, let alone with the specificity required by Article III of the United States Constitution and the *Iqbal/Twombly* pleading standard.[2] Accordingly, the First Amended Complaint should be dismissed against SHI with prejudice.

[1] Of course, even if Plaintiffs had alleged that any products resold by SHI were used in the interceptions, the First Amended Complaint would still fail to state a claim upon which relief can be granted for the reasons articulated in Motorola's Memorandum and Reply Brief.

[2] Apparently recognizing their failure to connect third parties in any legally significant way to the allegedly wrongful interceptions made by the MSP, Plaintiffs have moved for leave to conduct unspecified "limited discovery" from Motorola in an attempt to discover parties who have "profit[ed] from the illegally obtained interceptions." [ECF No. 44.] Motorola has correctly observed that while the Federal Rules of Civil Procedure authorize parties to discover facts relevant to adequately-pleaded causes of action, they do not authorize plaintiffs to use discovery to rescue a defective pleading. [ECF No. 48, at 4-5.]

Dated: September 30, 2024

Respectfully submitted,

SHI INTERNATIONAL CORP.,

By their counsel,

*/s/ Jonathan D. Persky*
David C. Kurtz, BBO #641380
*dkurtz@constangy.com*
Jonathan D. Persky, BBO #666651
*jpersky@constangy.com*
CONSTANGY, BROOKS, SMITH & PROPHETE LLP
800 Boylston Street, Suite 1005
Boston, Massachusetts 02199
Tel: 617.849.7880
Fax: 617.849.7870

**CERTIFICATE OF SERVICE**

I, Jonathan D. Persky, hereby certify that on September 30, 2024, a true and correct copy of the foregoing document filed by ECF was served electronically on all recipients as designated by the Notice of Electronic Filing (NEF).

*/s/ Jonathan D. Persky*
Jonathan D. Persky