UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, AND DENNIS WILLIAMS, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

v.

MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., SHI INTERNATIONAL CORP., and COLONEL JOHN E. MAWN, JR., Interim Superintendent of the Massachusetts State Police, *in his official capacity.*

Defendants.

Civil Action No. 4:24-cv-40030-MRG

**PLAINTIFFS REQUEST ORAL ARGUMENT**

**PLAINTIFFS' PARTIAL OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT FILED BY DEFENDANT COLONEL JOHN E. MAWN, JR., INTERIM SUPERINTENDENT OF THE MASSACHUSETTS STATE POLICE, IN HIS OFFICIAL CAPACITY**

Plaintiffs partially oppose the motion to dismiss ("Motion") the First Amended Complaint ("FAC") (Doc. No. 53) filed by defendant Colonel John E. Mawn, Jr., Interim Superintendent of the Massachusetts State Police, in his official capacity ("Mawn" or "MSP"). Plaintiffs in their FAC have pled a valid claim under 42 U.S.C. § 1983 ("Section 1983") against Mawn in this Court (Count IX), and neither sovereign nor qualified immunity constitute valid grounds for dismissal. As stated below, Plaintiffs voluntarily dismiss without prejudice Count VIII against Mawn for violation of the Massachusetts Wiretap Act, M.G.L. c. 272, § 99 (the "Wiretap Act") now that the MSP have affirmatively stated that it is not consenting to have all claims against them brought in this single federal lawsuit.

**STANDARD ON A MOTION TO DISMISS**

Since a motion to dismiss pursuant to Rule 12(b)(6) "calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom." *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (citation omitted). As a result, this Court "must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff." *United States ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 384 (1st Cir. 2011). A Court may only dismiss a complaint or a claim that fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a plausible claim, a complaint need not contain detailed factual allegations, but it must recite facts sufficient to at least "raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555.

"This context-specific inquiry does not demand a high degree of factual specificity." *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (citation omitted).

## ARGUMENT

### I. Mawn is not entitled to sovereign immunity under the Eleventh Amendment against Plaintiffs' Section 1983 claims.

Mawn first argues that Plaintiffs' claim against him under the Wiretap Act (Count VIII) should be dismissed because the State and its agencies (including Mawn in his official capacity as Interim Superintendent of the MSP) have immunity from suit being filed against them in federal court. *See* Motion at 4-5. Plaintiffs have two valid claims against the MSP – violation of the Wiretap Act and violation of Section 1983 – and decided for efficiency's sake to bring both claims against Mawn in the same federal lawsuit. The State and its agencies could have opted to waive their right to assert immunity. S*ee, e.g.*, *Bradley v. Cruz*, 2017 U.S. Dist. LEXIS 127044, at *3 (D. Mass. Aug. 10, 2017) ("A state may waive its immunity in three ways: '(1) by a clear declaration that it intends to submit itself to the jurisdiction of a federal court or administrative proceeding; (2) by consent to or participation in a federal program for which waiver of immunity is an express condition; or (3) by affirmative conduct in litigation.'"), quoting *Consejo De Salud De La Comunidad De La Playa De Ponce, Inc. v. González-Feliciano*, 695 F.3d 83, 103 (1st Cir. 2012). Had Mawn done so, both claims could have continued to be litigated in this Court.

However, Mawn through his Motion has now affirmatively opted to assert sovereign immunity against state law claims like the Wiretap Act. Plaintiffs acknowledge that the Wiretap Act claim against Mawn is barred in this Court under the Eleventh Amendment, and voluntarily dismisse Count VIII without prejudice to reassert that claim in state court, as is Plaintiffs' right. As a result, it is unnecessary for Plaintiffs to respond to the balance of the MSP's substantive

grounds for dismissal targeted at the Wiretap Act and will do so in state court if Mawn raises similar arguments in that forum.

Mawn raises the same immunity claim with respect to Plaintiffs' Section 1983 claim (Count IX), but here Defendant's argument is not well taken. *See* Motion at 5-7. This is because while the Eleventh Amendment bars state law claims against the State in federal court, as well as federal claims seeking monetary damages, here Plaintiffs' Section 1983 claim against Mawn only seeks prospective injunctive and declaratory relief. "While the Eleventh Amendment prohibits a party from bringing suit against a state in federal court, it does not prohibit a party from bringing suit against a state officer in federal court for prospective declaratory or injunctive relief under federal law." *Asociación De Subscripción Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza*, 484 F.3d 1, 24 (1st Cir. 2007) (first internal citation omitted), citing *Ex parte Young*, 209 U.S. 123 (1908). As a result, "[u]nder *Ex parte Young's* exception, individuals can sue state officials … for prospective injunctive relief." *Daly v. Mason*, 2024 U.S. Dist. LEXIS 182246, at *11 (D. Mass. Sep. 30, 2024). Thus, if the operative complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective," there is no immunity bar to suit in federal court. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (citation omitted). This analysis should not "analyze whether the claims are meritorious," but instead the "pivotal question" is whether the requested relief would "directly bring an end to an ongoing violation of federal law." *Daly*, 2024 U.S. Dist. LEXIS 182246 at *11-12 (citation omitted).

Here, in Count IX of the FAC Plaintiffs have sought injunctive relief against Mawn to cease and curtail ongoing violations of federal constitutional rights. Thus, while the FAC details a pattern of conduct which has occurred since approximately 2017, Plaintiffs have learned that the

MSP are failing to respond to public records requests,[1] discovery orders,[2] and trial summons[3] concerning this use of the intercepting device, Callyo 10-21.[4] At all relevant times and continuing into the present, MSP has created, stored, and reproduced these illegally-obtained secret recordings, and the injunctive, declaratory, and other relief requested (appointment of master and receiver) requested in Count IX seeks to remedy these ongoing violations. *See* FAC at ¶ 184. These secret recordings continue to be house on online servers today. *See* FAC at ¶¶ 31-33, 53-54, 149, 170. The continued actions of the MSP are depriving Plaintiffs and other similarly-situated persons in Massachusetts of important Constitutional rights, including procedural due process and the effective assistance of counsel.

**II. Plaintiffs have standing to sue in this Court.**

Next, MSP claims that Plaintiffs lack standing to bring their lawsuit in this Court. *See* Motion at 7-9. This largely mirrors almost identical arguments raised by Motorola in its motion to dismiss (Doc. No. 30 at 2-5), and to which Plaintiffs have responded (Doc. No. 47 at 1-2). As stated previously, the three requirements for Article III standing are: an injury in fact which is

---

[1] *Committee for Public Counsel Services v. Massachusetts State Police,* Civil Action No. 2384CV02324, Suffolk Superior Court (concerning the MSP's failure to produce Callyo 10-21 and other records in criminal proceedings).

[2] *See* October 15, 2024 Order and Docket Report (**Exhibit A**) in *Commonwealth v. Medina,* Docket No. 2316CR001111, Fitchburg Division of the District Court Department (dismissing the case because "MSP failed to cooperate with discovery requests").

[3] *See* March 6, 2024 Order and Findings Pursuant to Motion to Dismiss (**Exhibit B**) in *Commonwealth v. Courtemanche*, Docket No. 2216CR000457, Fitchburg Division of the District Court Department (dismissing the case because "none of the witnesses appeared. In the interests of justice, case dismissed").

[4] This Court enjoys broad authority to consider extrinsic evidence, order discovery, and conduct evidentiary hearings to determine its own subject-matter jurisdiction. *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001).

"concrete and particularized" and "actual or imminent, not conjectural or hypothetical," that the injury is "fairly traceable to the challenged action," and that it is "likely ... that the injury will be redressed by a favorable decision." *Massachusetts v. U.S. Dep't of Health & Human Servs.*, 923 F.3d 209, 221 (1st Cir. 2019) (internal quotations omitted). Plaintiffs meet this standard as against Mawn.

The MSP asserts that Plaintiffs have not sufficiently alleged that their injuries were caused by the MSP's conduct. *See* Motion at 8. Mawn does not dispute that the secret recordings were unconstitutional and illegal, but then claims that no harm resulted because they "were not used in any of the Plaintiffs' criminal cases in any way." *Id.* This misses the point entirely.[5] The MSP intentionally withheld evidence from the prosecutor's office, Plaintiffs' counsel, the legislature, and the judiciary. Every day it failed to disclose its use of Callyo 10-21 was a violation of *Brady*. Every fact of every case in which the MSP used Callyo 10-21 was a violation of *Brady*. Every police report from every case in which the MSP used Callyo 10-21 and failed to write of its use in a report was a violation of *Brady*. Every MSP Trooper, Sergeant, Lieutenant, Commander, and

[5] The *Brady* rule is: "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *United States v. Bagley*, 473 U.S. 667, 676-77 (1985) (impeachment material falls within *Brady* rule); *Kyles v. Whitley*, 514 US 419 (1995) (prosecutor has duty to learn of exculpatory evidence regardless of any failure by the police to bring favorable evidence to the prosecutor's attention); *Commonwealth v. Murray*, 461 Mass. 10, 22-23 (2011); *Commonwealth v. Baldwin*, 385 Mass. 165, 177 n.12 (1982) (evidence in the possession of police is *Brady* material even if prosecutor is unaware of it).

Here, pursuant to Mass. R. Crim. P. 14, the Worcester County District Attorney's Office requested from the MSP all of the surreptitious audio and video recordings while Plaintiffs' criminal cases were active. Fitchburg District Court (LoConto, J.) found the MSP Troopers knew of their discovery obligations and nevertheless intentionally failed to comply with them. *See* July 08, 2024 Decision and Order (**Exhibit C**), *Commonwealth v. Aponte & Others*, Docket No. 2216CR000495, Fitchburg Division of the District Court Department. All of these facts in the Decision and Order are exculpatory.

Colonel who knew of MSP's use of Callyo 10-21, and failed to disclose this information to the prosecutor's office, was a violation of *Brady*. Hundreds or thousands of individual violations of the MSP's disclosures under *Brady* were committed in the previous decade and continue to be committed through today, and the First Amended Complaint contains sufficient allegations of the MSP's ongoing pattern and practice to satisfy the motion to dismiss pleadings standard. *See* FAC at ¶ 1-6.

Mawn also argues that Plaintiffs' injuries would not be redressed by the injunctive and declaratory relief they have requested. *See* Motion at 9. On the contrary, as described above, Plaintiffs are seeking to cease ongoing constitutional violations that Mawn and the MSP are continuing to impose on Plaintiffs and the class they represent. As a result, Mawn's standing argument under Rule 12(b)(1) must fail.

**III. Plaintiffs have sufficiently pled a violation of their constitutional rights.**

Next, the MSP turns to an attack on the sufficiency of Plaintiffs' substantive allegations of a violation of Section 1983. *See* Motion at 10-12. Once again, Mawn's argument largely mirrors those previously raised by Motorola and effectively rebutted by Plaintiffs. (Doc. No. 30 at 7-9; Doc. No. 47 at 6-8). The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This prohibition guards against "the arbitrary exercise of the powers of government." *Harron v. Town of Franklin*, 660 F.3d 531, 535 (1st Cir. 2011) (citation omitted). All that is necessary, therefore, is for Plaintiffs to allege that they were "deprived of [their] liberty and

property interests" through the MSP's actions. *Fusion Learning, Inc. v. Andover Sch. Comm.*, 609 F. Supp. 3d 5, 14 (D. Mass. 2022).[6]

Plaintiffs have pled a deprivation of their life, liberty, and property. The surreptitious and illegal recordings between MSP and Plaintiffs were not revealed to Plaintiffs in their criminal prosecutions, a violation of Plaintiffs' procedural due process rights. *See* FAC at ¶¶ 4-5. Plaintiffs suffered losses of liberty and property. *Id.* at ¶¶ 6-8, 33, 75, and 88. Plaintiffs seek a declaration that their losses of liberty and property violates constitutional due process, and injunctive relief to stop ongoing constitutional violations through the maintenance and use of such illicit recordings. *Id.* Plaintiffs' numerous factual allegations satisfy the minimal pleading requirements.

The Supreme Court has defined the "liberty interest" protected by the Fourteenth Amendment to be "broad indeed," and encompassing not only "freedom from bodily restraint," but also the right to "enjoy those privileges long recognized … as essential to the orderly pursuit of happiness by free men." *Board of Regents v. Roth*, 408 U.S. 564, 572 (1972) (citation omitted). Plaintiffs have alleged they lost both liberty and property due to Motorola's actions in concert with the MSP. *See, e.g.*, *Brady v. Maryland,* 373 U.S. 83 (1963) (holding that withholding evidence in criminal prosecutions violates the Fourteenth Amendment's grant of procedural due process); *United States v. Bagley*, 473 U.S. 667, 676-77 (1985) (impeachment material falls within *Brady* rule). Mawn gets it all wrong that no deprivation occurred because the recordings were not used in Plaintiffs' criminal proceedings. (Motion at 10). It is this very improper withholding from

[6] As they did in their opposition to Motorola's motion to dismiss (DE 47 at 6, fn. 2), Plaintiffs withdraw any claim that Count IX is based on a violation of the Fifth Amendment and clarify that their Section 1983 claim against Mawn under the Fourteenth Amendment is based on defendants' unconstitutional deprivation of Plaintiffs' liberty and property interests, in violation of Plaintiffs' procedural due process rights. In addition, Plaintiffs have pled a valid claim under Section 1983 against Mawn for violation of the Sixth Amendment, as described *infra*.

Plaintiffs' attorneys of evidence which constitutes the *Brady* violations here. *See* Mass. R. Crim. P. 14 (prosecution must disclose from "persons under the prosecutor's direction and control … [a]ny written or recorded statements … made by the [Plaintiffs]"). The FAC sufficiently pleads that Plaintiffs were improperly denied procedural due process resulting from the MSP's surreptitious recordings, and Mawn's Motion must be denied.

In addition, through Mawn, the Attorney General for the Commonwealth of Massachusetts seeks to significantly limit the Plaintiffs' Sixth Amendment rights to confrontation and effective assistance of counsel. Mawn argues that Plaintiffs were not deprived of their Sixth Amendment rights because "the recordings at issue were not produced to prosecutors and were not used against Plaintiffs in any way in their criminal matters." *See* Motion at 12. While it is true that the secret audio and video recordings were not produced to Plaintiffs – which itself is a violation of *Brady* – "[t]he recordings in these cases were **not made for 'officer safety'** but rather for evidentiary purposes and to **induce the cooperation of individuals suffering from addiction**." *See* **Exhibit C,** Decision and Order, at p. 33. (emphasis added). Here, Mawn's policies and procedures enabled a regime to take advantage of the Commonwealth's residents, induce involuntary waivers of rights, induce admissions against their interest, and deprive them of their rights to confront the witnesses and evidence against them. *See Turner v. Louisiana*, 379 U.S. 466, 472-73 (1965) ("In the constitutional sense, trial by jury in a criminal case necessarily implies at the very least that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross-examination, and of counsel."); *See* FAC at ¶ 4.

In any event, the MSP are estopped from raising this argument at the outset. Collateral estoppel may be applied where "(1) the issue sought to be precluded in the later action is the same

as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment." *Ramallo Bros. Printing, Inc. v. El Dia, Inc.,* 490 F.3d 86, 90 (1st Cir. 2007).

Here, the factual issues concerning the underlying criminal cases involving the use of Callyo 10-21 and conduct of the MSP were the same issues which were litigated in the motions for new trial. MSP counsel appeared and had a full and fair opportunity to litigate the issues. The issues were actually litigated across nearly seventeen hours of evidentiary hearings. Fitchburg District Court issued a valid and binding Order allowing the motions for new trial. The Commonwealth failed to appeal the Order. The determination of the issues was essential to the motions for new trial. Therefore, MSP are estopped in this matter from arguing contrary to the Fitchburg District Court's findings of fact and order. *See* **Exhibit C,** Decision and Order.

**IV. Mawn is not entitled to dismissal based on a qualified immunity defense.**

Finally, Mawn seeks dismissal of Plaintiffs' Section 1983 claim on the ground that the MSP is entitled to qualified immunity from suit. However, Plaintiffs in their response to Motorola's identical argument have already identified two reasons why such a position is meritless (Doc. No. 47 at 8-9). First "qualified immunity is not available in cases, such as this one, 'where injunctive relief is sought instead of or in addition to damages.'" *Alianza Ams. v. DeSantis*, 2024 U.S. Dist. LEXIS 59893, at *73 (D. Mass. Mar. 29, 2024), quoting *Pearson v. Callahan*, 555 U.S. 223, 242 (2009). Plaintiffs seek injunctive relief, and therefore Mawn is not entitled to qualified immunity as a matter of law. (FAC at ¶ 7, wherefore clause).

In addition, "as a general rule, the defense of qualified immunity cannot support the grant of a Rule 12(b)(6) motion." *Alianza*, 2024 U.S. Dist. LEXIS 59893 at *73, (internal quotations

omitted). Because qualified immunity is an affirmative defense that the defendant must plead in its answer, the defendant has the burden of proof and persuasion. *Chavez v. Zachowski*, 2013 U.S. Dist. LEXIS 163008, at *9 (D. Mass. Nov. 15, 2013) (seeking qualified immunity determination in motion to dismiss was "premature" and must wait until a court can analyze the affirmative defense "based on a fully developed factual record").

More fundamentally, however, qualified immunity is unavailable to Mawn because he is being sued in his official capacity for injunctive and declaratory relief. "When government officials ***are sued in their individual capacities for money damages***, the doctrine of qualified immunity shields them from pecuniary liability." *Lawless v. Town of Freetown*, 63 F.4th 61, 67 (1st Cir. 2023) (emphasis added); *see also Yahtues v. Kennedy*, 2024 U.S. Dist. LEXIS 182623, at *3 n.2 (D. Mass. Oct. 7, 2024) ("Eleventh Amendment sovereign immunity pertains to official capacity claims, as opposed to qualified immunity which pertains to personal capacity claims."); *Hussey v. City of Cambridge*, 2022 U.S. Dist. LEXIS 185303, at *19-20 (D. Mass. Oct. 11, 2022) ("Qualified immunity applies to claims against government officials in their individual capacities, and not to official capacity claims."); *Hourihan v. Bitinas*, 2018 U.S. Dist. LEXIS 233147, at *8 (D. Mass. June 27, 2018) ("[Q]ualified immunity protects officers from suit in their individual capacities but not their official capacities."). Neither necessary condition exists here, and therefore Mawn cannot rely upon qualified immunity to avoid liability.

Even if this Court considers this qualified immunity claim on the merits, it should still deny the Motion. The constitutional right to procedural due process in criminal proceedings is most assuredly "clearly established," and a core part of that due process is the right to full disclosure of all evidence. *See Brady*, *supra*. Moreover, the FAC alleges that the MSP had an established policy, practice, and procedure of using intercepting devices that violated the law, and that the MSP failed

to end this practice despite knowing it violated the constitution and the rights of hundreds of Massachusetts citizens. *See* FAC ¶¶ 160-64. These violations deprived Plaintiffs not only of the right to exculpatory evidence at trial, but also to effective assistance of counsel. *Id.* at ¶¶ 165-66. This is more than sufficient to avoid dismissal based on qualified immunity at this early stage, notwithstanding the fact that (as described above) such a claim of immunity is completely inapplicable as a matter of law to the FAC as pled.

## **CONCLUSION**

There is no legal or factual basis to dismiss Plaintiffs' Section 1983 claim against the MSP. As a result, Plaintiffs respectfully request that this Court deny Mawn's motion to dismiss Count IX of the First Amended Complaint. With respect to Count VIII, Plaintiffs voluntarily dismiss their claim for violation of the Wiretap Act without prejudice, which it will refile in an appropriate state court.

Respectfully submitted,

JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, and DENNIS WILLIAMS, ON BEHALF OF THEMSELVES, AND ALL OTHERS SIMILARLY SITUATED,

by their attorneys,

/s/ Christopher R. Batinsey
Christopher R. Batinsey, Esq.
BBO# 688586

Batinsey Legal P.C.
344 Main St
Suite 14
Fitchburg, MA 01420
(617) 682-0254
cbatinsey@batinseylegal.com

/s/ James O'Connor, Jr.
James O'Connor, Jr., Esq.
BBO# 563450

Nickless, Phillips and O'Connor, P.C.
780 Main St
PO Box 2101
Fitchburg, MA 01420
(978) 342-4590
joconnor@npolegal.com

/s/ Christopher J. Walton
Christopher J. Walton, Esq.
BBO# 639819

Law Office of Christopher J. Walton
56 Elm St
Fitchburg, MA 01420
(978) 342-9100
attycjw@aol.com

## CERTIFICATE OF SERVICE

I, Christopher R. Batinsey, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: November 27, 2024

/s/ Christopher R. Batinsey
Christopher R. Batinsey, Esq.