UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, and DENNIS WILLIAMS, *on behalf of themselves and all others similarly situated*,<br><br>    Plaintiff(s),<br><br>v.<br><br>MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., SHI INTERNATIONAL CORP., and JOHN E. MAWN, JR.,[1] interim Superintendent of the Massachusetts State Police, *in his official capacity*,<br><br>    Defendant(s). | Civil No. 4:24-CV-40030-MRG |

**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY [ECF NO. 44]**

**GUZMAN, J.**

---

[1] Plaintiffs filed their complaint against John E. Mawn, Jr., who was interim Superintendent of the Massachusetts State Police at the time. Since Mawn is no longer Superintendent, his "successor is automatically substituted as a party." Fed. R. Civ. P. 25(d); see Daly v. Mason, No. 4:23-cv-40162-MRG, 2024 WL 4425628, at *1 n.1 (D. Mass. Sept. 30, 2024). The Court takes judicial notice that on October 4, 2024, it was announced that Geoffrey D. Noble was selected as the next Superintendent. Press Release, Governor Healey Names Geoffrey D. Noble as Massachusetts State Police Colonel (Oct. 4, 2024), https://www.mass.gov/news/governor-healey-names-geoffrey-d-noble-as-massachusetts-state-police-colonel. These facts "can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." Fed. R. Evid. 201(b)(2); see Mazzarino v. Mass. State Lottery Comm'n, 616 F. Supp. 3d 118, 124 n.4 (D. Mass. 2022); Madison v. Cruz, 393 F. Supp. 3d 135, 137 n.2 (D. Mass. 2019). Since Defendant Mawn no longer holds this title, his successor in interest, Noble, is automatically substituted for purposes of the official capacity claims. See Fed. R. Civ. P. 25(d); Old Town Util. & Tech. Park, LLC v. Consol. Edison, Sols., Inc., No. 2:19-cv-00029-JDL, 2019 WL 4784603, at *4 n.6 (D. Me. Sept. 30, 2019) (substituting new official as defendant for official capacity claims when prior official was named in complaint).

Plaintiffs Jason Courtemanche, Brett Foresman, Juan Rios, and Dennis Williams (collectively "Plaintiffs") bring this putative class-action lawsuit against Defendants Motorola Solutions, Inc. ("Motorola"), Callyo 2009 Corp. ("Callyo"), SHI International Corp. ("SHI"), and the Superintendent of the Massachusetts State Police in his official capacity (collectively "Defendants"). The Defendants have each filed motions to dismiss, which the Court will address in a separate order. [ECF Nos. 29, 31, 53]. Before the Court is Plaintiffs' motion for leave to conduct limited discovery. [ECF No. 44] For the reasons stated below, the motion is **DENIED**.

## I. BACKGROUND

In essence, Plaintiffs' First Amended Complaint ("FAC") alleges that the Massachusetts State Police ("MSP") unlawfully recorded the contents of conversations between officers and Plaintiffs, then used the intercepted recordings to pursue criminal charges against the Plaintiffs and others. [FAC ¶¶ 1-2, 4, ECF No. 8]. Plaintiffs also allege that Motorola, Callyo, and SHI "willfully procured MSP" in committing the alleged interceptions by providing the MSP with intercepting devices and storing the recordings on Motorola's server. [Id. ¶¶ 3, 24; Pls.' Mot. at 1-2, ECF No. 44]. As a result of these alleged violations, Plaintiffs bring this putative class action against all Defendants with claims under 42 U.S.C. § 1983, as well as other claims against various subsets of defendants. Relevant to this motion, Plaintiffs bring claims for unfair and deceptive acts or practices under Mass. Gen. Laws ch. 93A ("Chapter 93A") against Motorola and Callyo in Count II, and against SHI in Count VI.

In their motions to dismiss, Motorola, Callyo, and SHI argue that Plaintiffs' Chapter 93A claim should be dismissed because Plaintiffs have failed to allege a business, commercial, or transactional relationship between them and Motorola/Callyo/SHI. The motion for limited discovery before the Court is an attempt by Plaintiffs to establish such a relationship by

2

determining whether Motorola, Callyo, or SHI profited off the recordings of the Plaintiffs, perhaps by "analyzing MSP's intercepted oral communications, creating new Motorola/Callyo products and services, and operating, maintaining, managing, and improving Motorola/Callyo's products and service." [FAC ¶ 54; Pls.' Mot. at 2-3]. Plaintiffs state that Motorola and Callyo are the only parties who could identify the extent to which they or other third-parties have used the license granted to them by the MSP for profit. [Pls.' Mot. at 3]. Plaintiffs allege that if they are not allowed to conduct discovery for this purpose, they will be "denied the opportunity to determine the extent of their damages and potential additional defendants." [Id.]

## II.  LEGAL STANDARDS

The First Circuit has identified two circumstances in which a district court considering a motion to dismiss under Rule 12(b)(6) might appropriately permit limited discovery. The first is specific to complaints alleging a scheme to defraud, which is not relevant here. In the second circumstance, "limited discovery may be appropriate where 'a plausible claim may be indicated by the plaintiff's allegations, . . . information needed [to flesh out the allegations before trial] may be in the control of [the] defendants,' and 'modest discovery may provide the missing link.'" Douglas v. Hirshon, 63 F.4th 49, 59 (1st Cir. 2023), cert. denied, 144 S. Ct. 621 (2024) (quoting Menard v. CSX Transportation, Inc., 698 F.3d 40, 45 (1st Cir. 2012) (cleaned up)). However, even where the defendants may have exclusive control over the information sought, "the plausibility inquiry properly takes into account whether discovery can reasonably be expected to fill any holes in the pleader's case." García-Catalán v. United States, 734 F.3d 100, 104 (1st Cir. 2013). Further, Plaintiffs must show that the discovery sought is relevant and must properly plead a relevant factual basis for their claims before the Court will allow discovery to be conducted. See, e.g., Milazzo v. Sentry Ins., 856 F.2d 321, 322 (1st Cir. 1988) ("Discovery is not 'a fishing expedition';

parties must disclose some relevant factual basis for their claim before requested discovery will be allowed." (quoting MacKnight v. Leonard Morse Hosp., 828 F.2d 48, 52 (1st Cir. 1987)).

Mass. Gen. Laws ch. 93A "makes unlawful '[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.'" Valley Children's Hosp. v. Athenahealth, Inc., No. 22-cv-10689-DJC, 2023 WL 6065800 at *2 (D. Mass. Sept. 18, 2023) (quoting Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 243 (1st Cir. 2005)); Mass. Gen. Laws ch. 93A, § 2(a). To properly allege a claim under Mass. Gen. Laws ch. 93A § 9, a plaintiff must demonstrate that "some business, commercial, or transactional relationship" exists between the plaintiff and the defendant. Ryan v. Greif, Inc., 708 F. Supp. 3d 148, 179 (D. Mass. 2023) (quoting Steinmetz v. Coyle & Caron, Inc. (In re Steinmetz), 862 F.3d 128, 141 (1st Cir. 2017)). While consumer actions under § 9 have a "lower burden in establishing a commercial relationship than an action between two businesses under [§] 11[,]" a commercial link must still exist between the plaintiff consumer and the defendant engaged in commerce. Id. (citing Begelfer v. Najarian, 409 N.E.2d 167, 190-191 (1980)).

### III.   DISCUSSION

The Court is unconvinced that allowing Plaintiffs to conduct limited discovery would be appropriate in this case. Plaintiffs assert that they have properly alleged the factual basis for a business, commercial, or transactional relationship between them and Motorola or SHI; however, they rely exclusively on their allegations relating to Motorola, Callyo, and unknown third parties' usage of the license MSP allegedly granted to Motorola/Callyo. [Pls.' Mot. at 2]. Plaintiffs allege:

> MSP granted to Motorola/Callyo a royalty-free, worldwide, non-exclusive license to use MSP's intercepted oral communications. This license allowed Motorola/Callyo to process, host, cache, store, reproduce, copy, modify, combine, analyze, and create derivative works from MSP's intercepted oral communications, and to communicate, transmit, and distribute these intercepted oral communications to third-parties engaged by Motorola/Callyo . . .

[FAC ¶ 54]. Plaintiffs claim the recordings were distributed "for the purpose of, among other things, analyzing MSP's intercepted oral communications, creating new Motorola/Callyo products and services, and operating, maintaining, managing, and improving Motorola/Callyo's products and services." [Id.]

The issue, as Defendants note, is that these allegations merely highlight the commercial relationship between Motorola/Callyo and the MSP, not any commercial relationship with the Plaintiffs. While § 9 of Chapter 93A permits consumer plaintiffs to allege an *indirect* commercial link, such as when a plaintiff is an upstream consumer of a defendant's product, see Ryan, 708 F. Supp. 3d at 179, Plaintiffs here have not plausibly provided a factual basis that would support how the limited discovery they seek could establish anything other than more information about the commercial relationship between the defendants in question. It is true that limited discovery *may* uncover the extent to which Motorola, Callyo, or third parties profited from the alleged interceptions through their own transactions with each other. Limited discovery could also show the ways the defendants used the MSP license. However, there is little indication that the discovery requested will yield any information supporting the requisite commercial relationship between *Plaintiffs* and the Defendants in question. See Cordero-Hernández v. Hernández-Ballesteros, 449 F.3d 240, 245 (1st Cir. 2006). As such, Plaintiffs have failed to demonstrate how the information sought could be relevant to bolstering their Chapter 93A claim. To allow limited discovery on these facts would amount to the type of "fishing expedition" the First Circuit has disallowed. MacKnight, 828 F.2d at 52.

**IV.    CONCLUSION**

For the reasons stated above, the Court **<u>DENIES</u>** Plaintiffs' motion for leave to conduct limited discovery.

**SO ORDERED.**

Dated: December 13, 2024

 /s/ Margaret R. Guzman  
Margaret R. Guzman  
United States District Judge