**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, AND DENNIS WILLIAMS,** ***on behalf of themselves and all others similarly situated,*** <br><br> **Plaintiffs** <br><br> **v.** <br><br> **MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., SHI INTERNATIONAL CORP., and COLONEL JOHN E. MAWN, JR.,** ***Interim Superintendent of the Massachusetts State Police, in his official capacity.*** <br><br> **Defendants** | ) | **C.A. No. 4:24-cv-40030-MRG** |

**DEFENDANT COLONEL JOHN E. MAWN, JR.'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

**Leave to file granted on December 13, 2024**

## I. INTRODUCTION

Defendant Colonel John E. Mawn Jr. ("Defendant"), in his official capacity as the Interim Superintendent of the Massachusetts State Police, hereby submits this Reply to Plaintiffs' Partial Opposition[1] to Defendant's Motion to Dismiss (hereinafter, the "Opposition"). Plaintiffs' Opposition suffers from the same fatal flaws as their Complaint. The Opposition is riddled with conclusory allegations, lacks substantive argument, and fails to rebut the critical flaws identified in their 42 U.S.C. § 1983 claims ("Section 1983 claims").

[1] Plaintiffs concede that they are unable to maintain – as a matter of law – a claim for violation of the Massachusetts Wiretap Act and a Section 1983 claim for violation of the Fifth Amendment, and have voluntarily dismissed these claims. Based on Plaintiffs' representations and admissions, Defendant requests that these claims be dismissed with prejudice.

Rather than point to factual assertions in the Amended Complaint, Plaintiffs simply reiterate in general conclusory fashion that they seek prospective injunctive relief, and do not discern what prospective injunctive relief is even possible for the named Plaintiffs. That is because they cannot. Plaintiffs do not allege that they have active criminal cases resulting from the allegations in the Complaint, and indeed, provided the dismissal of one named Plaintiff's criminal case. Simply put, there is no prospective injunctive relief the named Plaintiffs could obtain, and even if other putative class members are eligible for prospective injunctive relief (which the Plaintiffs do not allege), the named Plaintiffs are inadequate class representatives. In addition, Plaintiffs fail to establish any of the elements of Article III standing to bring suit in federal court. Instead, Plaintiffs nakedly assert that Defendant committed a *Brady* violation, which they incorrectly argue meets Article III standing's causation requirement. Plaintiffs then act as if the redressability prong is self-evident, although as outlined, there is no prospective injunctive relief the named plaintiffs could obtain. Finally, Plaintiffs fail to substantively allege valid Section 1983 claims. Accordingly, Defendant's Motion to Dismiss should be granted in its entirety.

## II. ARGUMENT

### 1. Defendant Mawn is Entitled to Sovereign Immunity Against Plaintiffs' Section 1983 Claims

Plaintiffs acknowledge in their Opposition that the Eleventh Amendment to the United States Constitution protects Defendant, a state official acting in his official capacity, from suit in federal court. *See* Dkt. No. 57 at p. 4. Plaintiffs nevertheless seek to assert Section 1983 claims against Defendant Mawn under a narrow exception to Eleventh Amendment immunity permitting suits against the state that seek prospective declaratory injunctive relief. However, this exception is only available where the complaint truly seeks prospective relief only, and

courts will dismiss a complaint where relief characterized as injunctive relief sought to remedy an ongoing violation only seeks retrospective relief in reality. *See Urella v. Verizon New England, Inc.*, 682 F. Supp. 3d 134, 138 (D. Mass. 2023). In addition, where a class action claim seeks injunctive relief, a named plaintiff is an inadequate class representative where the plaintiff would not benefit from such relief. *See DeRosa v. Massachusetts Bay Commuter Rail Co.*, 694 F. Supp. 2d 87, 102 (D. Mass. 2010).

Plaintiffs do not even attempt to rebut Defendant's argument that their Complaint fails to allege a present violation of federal law. Plaintiffs also fail to allege that any of the named Plaintiffs have active criminal cases against them resulting from the allegations in the Complaint.[2] There is simply no basis to conclude that the (entirely unspecified) injunctive relief requested by Plaintiffs can remedy any ongoing constitutional violation. Further, if there are any members of the putative class with ongoing criminal cases that would benefit from prospective injunctive relief (which Plaintiffs do not allege), the named Plaintiffs are inadequate class representatives because they would not benefit from the relief sought. *See DeRosa*, 694 F. Supp. 2d at 102 (a named plaintiff is an inadequate representative for a putative class where an injunction is the primary relief requested but because the named plaintiff cannot benefit from such relief, they cannot ardently advocate for it). Accordingly, Plaintiffs' claims that they seek only prospective relief do not survive scrutiny, and their Section 1983 claim against Defendant Mawn should be dismissed as Defendant is entitled to sovereign immunity under the Eleventh Amendment.

**2. Plaintiffs Fail to Establish Article III Standing**

---

[2] In fact, Plaintiffs attached a dismissal of a criminal case against Plaintiff Courtemanche to their Opposition. *See* Dkt. No. 57-2.

Plaintiffs, in their Complaint and Opposition, fail to sufficiently allege that they have Article III standing to pursue their claims in federal court.

Plaintiffs allege in their Opposition that they meet the standing doctrine's causation requirement because they allege that Defendant's conduct violated the *Brady* rule. To meet Article III standing's causation requirement, Plaintiffs must demonstrate that a *Brady* violation caused the harm they allegedly suffered. This they fail to do. The parties do not dispute that to establish a *Brady* violation, Plaintiffs must demonstrate that the government withheld material exculpatory evidence. As they did in their Complaint, Plaintiffs in their Opposition only raise conclusory allegations that the at-issue recordings were exculpatory. As Defendant stated in its Motion, this is insufficient as a matter of law to survive a motion to dismiss. However, even if Plaintiffs can establish *Brady* violations, they still need to establish that the *Brady* violations caused their harms. Again, Plaintiffs do not do so. As a result, Plaintiffs cannot establish that they have standing to assert their Section 1983 claims against Defendant in federal court.

In response to Defendant's redressability arguments, Plaintiffs merely state in a vague and conclusory fashion that they are seeking to cease ongoing constitutional violations. As previously discussed, however, the named Plaintiffs do not allege that they have ongoing criminal cases related to the conduct alleged in the Complaint. As a result, the nature of the purported ongoing constitutional violations are unclear at best, and there is simply no basis to conclude that prospective injunctive relief would remedy any purported ongoing constitutional violation from which they allegedly suffer. Again, to the extent Plaintiffs allege that there are other class members who are suffering from ongoing constitutional violations, Plaintiffs cannot adequately represent their interests since the named Plaintiffs do not allege that they themselves

are suffering from ongoing constitutional violations. Accordingly, Plaintiffs lack Article III standing and their Section 1983 claims should be dismissed.

### 3. Plaintiffs Section 1983 Claims Fail on the Merits

Even if the Court were to conclude that Defendant is not entitled to sovereign immunity and that Plaintiffs can establish Article III standing, Plaintiffs' Section 1983 claims still fail on the merits. As discussed, Plaintiffs rely on conclusory allegations that Defendant's actions constituted a *Brady* violation, although they provide no basis to conclude that the at-issue recordings would have been material or exculpatory. Accordingly, Plaintiffs cannot rely on *Brady* to establish a Section 1983 claim.

In support of their confrontation clause and effective assistance of counsel claims, Plaintiffs puzzlingly attempt to assert that Defendant is collaterally estopped from asserting that the at-issue recordings were made for officer safety. Not only is Plaintiffs' collateral estoppel argument without merit,[3] it is also entirely irrelevant to the issue at hand. Defendant only raised officer safety as a defense to Plaintiffs' Massachusetts Wiretap Act claims, which Plaintiffs have voluntarily dismissed, making it unclear why Plaintiffs raise it in opposing dismissal of their Section 1983 claims. Setting aside the irrelevant collateral estoppel argument, Plaintiffs' Sixth Amendment argument in opposition to Defendant's Motion to Dismiss begins and ends with a single conclusory allegation that "Mawn's policies and procedures enabled a regime to . . . deprive them of their rights to confront the witnesses and evidence used against them." *See* Dkt. No. 57 at p. 9. Plaintiffs once again did not undertake any effort to explain how Defendant

---

[3] In brief, Defendant is not collaterally estopped from asserting that the at-issue recordings were made for officer safety because Judge LoConto's findings on the point in *Commonwealth v. Aponte and others*, Docket No. 2216CR000495, Fitchburg Division of the District Court Department, was non-essential to the judgment. Judge LoConto's decision concerned the defendants' requests for new trial and accordingly only discovery and admissibility concerns were at-issue in the matter. The officer safety exception to the Massachusetts Wiretap Act concerns civil and criminal liability rather than admissibility of evidence, and accordingly, it was unnecessary for Judge LoConto to rule on the officer safety issue, and his rulings on this issue were non-essential to his decision.

violated these rights, particularly where the at-issue recordings were not used against Plaintiffs in any way in their criminal matters. Further, even if it is assumed that the Plaintiffs suffered a constitutional violation in the past, Plaintiffs do not allege an ongoing constitutional violation that could be remedied by prospective injunctive relief.

As Plaintiffs do not plausibly allege a Fourteenth Amendment, Sixth Amendment, or any other constitutional violation claim, their Section 1983 claims fail and should be dismissed.

## III. CONCLUSION

Plaintiffs devote most of their Opposition to general legal principles and issues irrelevant to deciding the instant Motion. The remainder consists of the same conclusory assertions that are riddled throughout their Complaint. Ultimately, Plaintiffs' Opposition does not rebut the points raised in Defendant's Motion to Dismiss, fails to establish that this court has jurisdiction over their Section 1983 claim, and even if the court has jurisdiction, fails to plausibly allege valid Section 1983 claims. Accordingly, Defendant's Motion to Dismiss should be granted in its entirety.

Respectfully submitted,

COLONEL JOHN E. MAWN, JR.,
Interim Superintendent of the
Massachusetts State Police, in his
Official Capacity,

By His Attorney,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Jeffrey T. Collins*

Jeffrey T. Collins (BBO No. 640371)
Special Assistant Attorney General
Robert Papandrea (BBO No. 711504)
MORGAN, BROWN & JOY, LLP
200 State Street, Suite 11A
Boston, MA 02109-2605
(617) 523-6666
jcollins@morganbrown.com
rpapandrea@morganbrown.com

Dated: December 16, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2024, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Jeffrey T. Collins*
Jeffrey T. Collins