UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, and DENNIS WILLIAMS, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiff(s),<br><br>v.<br><br>MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., SHI INTERNATIONAL CORP., and JOHN E. MAWN, JR.,[1] interim Superintendent of the Massachusetts State Police, *in his official capacity*,<br><br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 4:24-CV-40030-MRG |

**ORDER ON SHI'S MOTION TO DISMISS [ECF No. 31]**

**GUZMAN, J.**

**I.     INTRODUCTION**

Plaintiffs' First Amended Complaint ("FAC") alleges that the Massachusetts State Police ("MSP") unlawfully recorded the contents of conversations between officers and Plaintiffs, then used the intercepted recordings to pursue criminal charges against the Plaintiffs and others. [FAC ¶¶ 1-2, 4, ECF No. 8]. Plaintiffs also allege that Defendants Motorola Solutions, Inc. ("Motorola"), Callyo 2009 Corp. ("Callyo"), and SHI International Corp. ("SHI") "willfully procured MSP" in committing the alleged interceptions by providing the MSP with intercepting devices and storing the recordings on Motorola's server. [Id. ¶¶ 3, 24]. SHI moved to dismiss Plaintiffs' claims against

1

it, arguing that Plaintiffs have not put forth a sufficient factual basis to state a plausible claim against SHI. For the reasons stated below, the Court agrees and SHI's motion to dismiss, [ECF No. 31] is **GRANTED**.

## II. LEGAL STANDARD

Dismissal under Rule 12(b)(6) is appropriate "if, after accepting all well-pleaded facts as true and drawing all reasonable inferences in favor of a plaintiff, the court determines that [the complaint] 'fails to state a claim upon which relief can be granted.'" Doe v. Williston Northampton Sch., 766 F. Supp. 2d 310, 311-12 (D. Mass. 2011) (quoting Edes v. Verizon Commc'ns, Inc., 417 F.3d 133, 137 (1st Cir. 2005)); Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient factual allegations to state a claim to relief that is "both actionable as a matter of law and 'plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (citation omitted). Further, except in a few limited circumstances, "an adequate complaint must include not only a plausible claim but also a plausible defendant," meaning there must be sufficient factual allegations to establish that a named defendant is plausibly liable for the unlawful acts alleged in the complaint. Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 594 (1st Cir. 2011).

## III. DISCUSSION

In the FAC, Plaintiffs allege that SHI was a reseller of Motorola/Callyo products containing the "10-21" and "Mobile Body Bug" applications, which Plaintiffs state MSP procured from SHI

and utilized to illegally record Plaintiffs without their consent. [FAC ¶¶ 27, 28, 29, 33]. Plaintiffs have failed to allege any facts to indicate that SHI has any liability in this case. Unlike Motorola and Callyo, who are direct creators of the products at issue, SHI has a more passive and "middle-man" role in the supply chain of Motorola devices to MSP. However, Plaintiffs have not alleged that a single identifiable intercepting device actually came into MSP possession through SHI's action. Further, Plaintiffs allege that MSP, not SHI, was directly responsible for the unlawful recordings. Moreover, Plaintiff allege that MSP began the conduct at issue in the FAC "in or about 2017," [Id. ¶ 33]. whereas the FAC states that SHI did not begin procuring Motorola/Callyo products for MSP until "in or around 2022." [Id. ¶ 30]. As SHI summarizes in its memorandum,

> Plaintiffs do not allege that SHI (i) trained the MSP on use of the products; (ii) were asked to, or failed to, modify the products' "default" setting; (iii) recorded any of the Plaintiffs; (iv) failed to disclose recordings to the Plaintiffs after they were made; (v) stored any of the data related to those recordings in its databases; or (vi) discussed the Massachusetts wiretap law with the MSP, Motorola, or anyone else. Indeed, Plaintiffs do not allege that SHI had any knowledge or involvement in any of the events at issue in this case. According to the well-pleaded allegations in the Amended Complaint, all that SHI did was resell Motorola's "off-the-shelf products." (Amended Compl. ¶¶ 27, 49.)

[ECF No. 32 at 2]. With such general and barebones allegations, Plaintiffs have not put forth a sufficient factual basis to establish that SHI is a "plausible defendant." Penalbert-Rosa, 631 F.3d at 594–95 (1st Cir. 2011) (dismissing claims because there was "nothing in the complaint beyond raw speculation to suggest that the named defendants participated—either as perpetrators or accomplices" in the conduct injuring the plaintiff). Accordingly, Plaintiffs have failed to state a claim against SHI and the claims against it must be dismissed.

## IV.   CONCLUSION

For the reasons stated above, SHI's motion to dismiss, [ECF No. 31], is **GRANTED**.

**SO ORDERED.**

Dated: February 27, 2025

                                                  /s/ Margaret R. Guzman
                                                  Margaret R. Guzman
                                                  United States District Judge