**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, AND DENNIS WILLIAMS,** ***on behalf of themselves and all others similarly situated,*** <br><br> **Plaintiffs** <br><br> **v.** <br><br> **MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., SHI INTERNATIONAL CORP., and COLONEL GEOFFREY D. NOBLE** ***Superintendent of the Massachusetts State Police, in his official capacity.*** <br><br> **Defendants** | **C.A. No. 4:24-cv-40030-MRG** |

**DEFENDANT COLONEL GEOFFREY D. NOBLE'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

Defendant Colonel Geoffrey D. Noble, in his official capacity as Superintendent of the Massachusetts State Police ("Defendant"), hereby submits this Opposition to Plaintiffs'[1] Motion for Entry of Default against Defendant (the "Motion"). Dkt. No. 77. In the Motion, which Plaintiffs filed without complying with their Local Rule 7.1 obligation to meet and confer with counsel, Plaintiffs astoundingly assert that Defendant should be held in default despite Defendant's active and diligent efforts to defend the matter, such as filing a Motion to Dismiss (Dkt. No. 53), timely and properly appealing the Court's ruling denying the same (Dkt No. 75) and seeking to confer with Plaintiffs' counsel about filing a Rule 60(b) motion. Due to Defendant's diligent efforts to defend this matter in compliance with all applicable rules and

[1] The Plaintiffs include Jason Courtemanche, Brett Foresman, Juan Rios, and Dennis Williams, individually and on behalf of a class of similarly situated persons.

court orders, and Plaintiffs' failure to satisfy their meet and confer obligations prior to filing the instant Motion, Plaintiffs' Motion should be denied.

## I. LEGAL ARGUMENT

### A. Standard of Review

"Entry of a default under Rule 55(a) is appropriate when the defendant 'has failed to plead or otherwise defend.'" *Lu v. Davis*, No. CV 19-11968-PBS, 2020 WL 7408278, at *7 n. 12 (D. Mass. Nov. 2, 2020), *report and recommendation adopted,* No. 1:19-CV-11968, 2020 WL 8026733 (D. Mass. Nov. 24, 2020), quoting Fed R. Civ. P. 55(a). "'The term "otherwise defend" is broader than filing an answer or motion under Rule 12(b).'" *Id.*, quoting *Mir v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-1315, 2019 WL 1237143, at *1 (C.D. Ill. Mar. 18, 2019). Motions for a default judgment are appropriately denied where the Defendant is "otherwise defending" the action and opposed the motion for a default. *See id.*

### B. Plaintiffs' Motion for Entry of Default Should be Denied for Failure to Comply with Civil Local Rule 7.1(a)(2)

As an initial matter, Plaintiffs' Motion should be denied for failure to comply with Civil Local Rule 7.1(a)(2), which required Plaintiffs' counsel to confer and attempt in good faith to resolve or narrow the issues subject to this Motion prior to filing the Motion. Plaintiffs made no effort to comply with Local Rule 7.1(a)(2), and for this reason alone, the Motion should be denied. *Melino v. Bos. Med. Ctr.*, No. CV 22-12119-RGS, 2024 WL 2724145 n. 2 (D. Mass. May 28, 2024), *aff'd,* 127 F.4th 391 (1st Cir. 2025).

Indeed, on April 18, 2025, the undersigned counsel emailed Plaintiffs' counsel to schedule a Rule 7.1 conference to discuss a Rule 60(b) motion Defendant intends to file in the coming days. In response, Attorney Batinsey represented to the undersigned that Plaintiffs intended on filing the instant Motion *at the later of* the conclusion of the parties' Rule 7.1

conference regarding the Rule 60(b) motion or "the Court's dismiss[al of Defendant's] notice of appeal, *sua sponte*, for lack of jurisdiction . . . ." *See* **Exhibit A**, Email Correspondence Between Attorney Collins and Attorney Batinsey. Inexplicably, and without any notice that they were intending to contradict their own statements just days earlier, Plaintiffs did not wait for either of these events to take place. Had Plaintiffs attempted to satisfy their meet and confer obligations, Defendant would have informed them that the Motion would be both futile and frivolous due to the procedural validity of Defendant's Notice of Appeal and the jurisdictional divesting nature of filing the Notice of Appeal. They did not seek to meet and confer with counsel prior to filing the Motion, however, and thus, Plaintiffs' Motion should be denied for failing to comply with Civil Local Rule 7.1(a)(2).

### C. Defendant's Timely and Procedurally Proper Notice of Appeal Divests the Court of Jurisdiction to Enter a Default Judgment Against Defendant, and Thus the Court Should Stay Defendant's Obligation to File an Answer Pending Disposition of Defendant's Appeal

On April 18, 2025, Defendant filed a timely and procedurally proper Notice of Appeal regarding the Court's ruling denying Defendant's Motion to Dismiss. *See* Dkt. No. 75; Fed. R. App. P. 4(a)(1)(A).[2] By filing a timely and procedurally proper Notice of Appeal, "the court is divested of jurisdiction to act on those aspects of the case involved in the appeal . . . ." *Cunningham v. Lyft, Inc.*, No. 1:19-CV-11974-IT, 2020 WL 2616302, at *1 (D. Mass. May 22, 2020), *aff'd,* 17 F.4th 244 (1st Cir. 2021). *Cf.* 16A Charles A. Wright et al., *Federal Practice & Procedure* § 3949.1 (5th ed. 2016) ("[a]n interlocutory appeal . . . does not oust district-court jurisdiction to continue with proceedings *that do not threaten either the appeal's orderly*

[2] Although Plaintiffs' counsel assumed the Court would dismiss Defendant's appeal *sua sponte* for lack of jurisdiction, the Court's ruling denying Defendant's Motion to Dismiss is immediately appealable under the collateral order doctrine as the Court's ruling involved immediately appealable issues of law such as Eleventh Amendment immunity, standing, and qualified immunity.

*disposition or its raison d'etre*.") (emphasis added). As Defendant appeals the aspects of the Court's ruling denying Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, Defendant's obligation to file an Answer to Plaintiffs' Amended Complaint should be stayed pending the Appeal. *Cunningham*, 2020 WL 2616302, at *1. Indeed, entering an order of default against Defendant would interfere with the First Circuit Court of Appeal's orderly disposition of Defendant's appeal, and thus would be improper. Accordingly, Plaintiffs' Motion should be denied, and Defendant's obligation to file an Answer should be stayed pending disposition of Defendant's appeal.

**D. The Court Should Not Enter a Default Judgment Against Defendant Because Defendant is Diligently Defending This Action**

Finally, Plaintiffs' Motion should be denied because a default is not appropriate under Fed. R. Civ. P. 55(a) in these circumstances. An entry of default is only appropriate where a defendant fails "to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). Here, it is plainly obvious that Defendant is "otherwise defending" this matter. Defendant moved to dismiss Plaintiffs' Amended Complaint (Dkt. No. 53), and when the Court denied that motion in part (Dkt. No. 72), Defendant timely and properly filed a Notice of Appeal (Dkt. No. 75). Defendant now promptly opposes the instant Motion. Further, Defendant has been corresponding with Plaintiffs' counsel about filing a Rule 60(b) motion in this matter. *See* **Exhibit A**. As Defendant is actively defending this matter and intends to comply with all applicable rules and court orders, Plaintiff's Motion for Entry of a Default should be denied.

## II. <u>CONCLUSION</u>

For the foregoing reasons, Defendant submits that Plaintiff's Motion should be denied in its entirety.

Respectfully submitted,

COLONEL GEOFFREY D. NOBLE,
Superintendent of the
Massachusetts State Police, in his
Official Capacity,

By His Attorney,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Jeffrey T. Collins*

Jeffrey T. Collins (BBO No. 640371)
Special Assistant Attorney General
Robert Papandrea (BBO No. 711504)
MORGAN, BROWN & JOY, LLP
28 State Street, 16th Floor
Boston, MA 02109-2605
(617) 523-6666
jcollins@morganbrown.com
rpapandrea@morganbrown.com

Dated: April 22, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2025, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Jeffrey T. Collins*
Jeffrey T. Collins