**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, AND DENNIS WILLIAMS,** ***on behalf of themselves and all others similarly situated,*** | ) | |
| **Plaintiffs** | ) | |
| **v.** | ) | **C.A. No. 4:24-cv-40030-MRG** |
| **MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., SHI INTERNATIONAL CORP., and COLONEL GEOFFREY D. NOBLE,** ***Superintendent of the Massachusetts State Police, in his official capacity.*** | ) | |
| **Defendants** | ) | |

**DEFENDANT COLONEL GEOFFREY D. NOBLE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 60(b)(6)**

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 60(b)(6), and this Court's request both at oral argument and in its ruling on Defendant Colonel Geoffrey D. Noble's ("Defendant Noble") motion to dismiss, for an unequivocal statement concerning the Massachusetts State Police's use of the Callyo applications and the disclosure of recordings in criminal proceedings, Defendant Noble submits this memorandum of law in support of his Motion for Relief from the portions of the Court's Memorandum and Order dated March 28, 2025, denying Defendant Noble's Motion to Dismiss. Dkt. No. 72.

The Court, in its ruling denying Defendant Noble's Motion to Dismiss, stated, "[u]ntil there is proof *or an unequivocal statement from MSP* that it has completely terminated the use of the Callyo apps for covert recording and that every single covert recording already made has

been disclosed in any relevant proceeding, the threat that MSP will engage in the same conduct against Plaintiffs and others similarly situated is a live issue." (emphasis added).

The Massachusetts State Police ("MSP") submits this memorandum, and affidavit in support, to unequivocally make the following statement: The Massachusetts State Police has not used any form of technology (including the Callyo applications) to conduct covert audio and/or video recording without a court order or warrant since the Fall of 2023. *See* **Exhibit A**, Affidavit of Lieutenant Colonel Daniel T. Tucker. Moreover, the MSP has disclosed all covert recordings made in all relevant criminal proceedings. *Id*.

As the MSP is no longer conducting covert recordings without a warrant and has disclosed all covert recordings made in all relevant criminal proceedings, and where the MSP has satisfied this Court's request for such an unequivocal statement, Defendant Noble is entitled to relief from the Court's March 28, 2025 Order. Specifically, the unequivocal statement demonstrates that Plaintiffs do not have standing to seek prospective injunctive relief, and thus, the Court should dismiss the Amended Complaint with respect to Defendant Noble in its entirety.

## II. ARGUMENT

### A. Defendant Noble is Entitled to Relief Pursuant to Fed. R. Civ. P. 60(b)(6) Because the MSP's Unequivocal Statement Demonstrates that Plaintiffs Lack Standing

Fed. R. Civ. P. 60(b)(6) "is the residual clause of Rule 60(b)" and allows "relief for 'for any other reason justifying relief.'" *See Lubben v. Selective Serv. Sys. Loc. Bd. No. 27*, 453 F.2d 645, 651 (1st Cir. 1972), quoting Fed. R. Civ. P. 60(b)(6). "The reason asserted must be one *other* than those enumerated in 60(b) (1)-(5), and must be sufficient to justify the relief sought." *Id*. Although a Notice of Appeal generally divests the District Court of jurisdiction of its control over aspects of the case involved in an appeal, the Federal Rules of Appellate Procedure permit

the District Court to rule on this Motion for Relief. *See Fontanillas-Lopez v. Morell Bauza Cartagena & Dapena, LLC*, 832 F.3d 50, 63 n. 10 (1st Cir. 2016); Fed. R. App. P. 4(a)(4)(A)(vi).

Defendant Noble is entitled to relief from the Court's March 28, 2025 Order because, at the Court's request, the MSP has affirmatively stated, under oath, that it is not conducting covert audio and/or video recordings with the Callyo applications without a court order or warrant, and has disclosed all covert recordings made in all relevant criminal proceedings, which establishes that Plaintiffs lack standing to seek the prospective injunctive relief described in the Court's Order. *See* **Exhibit A**.

To have standing to seek injunctive relief, Plaintiffs are required to demonstrate: (1) that they are under threat of suffering "injury in fact" that is concrete and particularized; (2) the threat must be actual and imminent, not conjectural or hypothetical; (3) it must be fairly traceable to the challenged action of the defendant; and (4) it must be likely that a favorable decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); citing *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180–181 (2000). Since the MSP is not conducting covert audio and/or video recordings, and have disclosed all covert recordings made in all relevant criminal proceedings, Plaintiffs do not face any "concrete and particularized" risk of suffering an actual or imminent injury. As a result, they lack standing to pursue prospective injunctive relief against Defendant Noble. *See, e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (holding that where a plaintiff sought an injunction against the use of control holds, "[a]bsent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles; and a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional.").

As the MSP's unequivocal statement that it is not conducting warrantless covert audio and/or video recordings, and that it has disclosed all covert recordings made in all relevant criminal proceedings, Plaintiffs lack standing to pursue prospective injunctive relief and the Amended Complaint should be dismissed in its entirety with respect to Defendant Noble.

## III. CONCLUSION

For the foregoing reasons, the Court should grant Defendant Noble's Motion for Relief and dismiss all claims asserted against Defendant Noble in the Amended Complaint with prejudice.

Respectfully submitted,

COLONEL GEOFFREY D. NOBLE
Superintendent of the
Massachusetts State Police, in his
Official Capacity,

By His Attorney,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Jeffrey T. Collins*
Jeffrey T. Collins (BBO No. 640371)
Special Assistant Attorney General
Robert Papandrea (BBO No. 711504)
MORGAN, BROWN & JOY, LLP
28 State Street, 16th Floor
Boston, MA 02109-2605
(617) 523-6666
jcollins@morganbrown.com
rpapandrea@morganbrown.com

Dated: April 25, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2025, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.

*/s/ Jeffrey T. Collins*______________
Jeffrey T. Collins