**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, AND DENNIS WILLIAMS,** ***on behalf of themselves and all others similarly situated,*** <br><br> **Plaintiffs** <br><br> **v.** <br><br> **MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., SHI INTERNATIONAL CORP., and COLONEL GEOFFREY D. NOBLE,** ***Superintendent of the Massachusetts State Police, in his official capacity.*** <br><br> **Defendants** | **C.A. No. 4:24-cv-40030-MRG** |

**DEFENDANT COLONEL GEOFFREY D. NOBLE'S MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR A STAY PENDING APPEAL PURSUANT TO FED. R. APP. P. 8(a)(1)(A)**

## I. INTRODUCTION

Pursuant to Fed. R. App. P. 8(a)(1)(A), Defendant Colonel Geoffrey D. Noble ("Defendant Noble") submits this memorandum of law in support of his Emergency Motion for a Stay Pending Appeal with respect to the Court's Order on April 29, 2025, directing Defendant Noble to answer Plaintiffs' Amended Complaint by May 13, 2025. Dkt. No. 89.

As this Court is aware, Defendant Noble is appealing, as a matter of right, this Court's ruling denying Defendant Noble's Motion to Dismiss, and that appeal has been docketed in the First Circuit Court of Appeals. Further, a Motion for Relief from the Court's ruling is also pending. *See* Dkt. No. 83.

This Action should be stayed pending the Court's ruling on Defendant Noble's Motion for Relief and/or the First Circuit Court of Appeals' disposition of Defendant Noble's appeal.

Otherwise, Defendant Noble will be required to engage in litigation and discovery that may be unnecessary and moot after the Motion for Relief and/or appeal are adjudicated. The Eleventh Amendment to the United States Constitution provides Defendant Noble with immunity from suit, and the value of his immunity will be lost if this litigation proceeds past Rule 12 motion practice. To promote judicial economy and ensure that the benefit of Defendant Noble's Eleventh Amendment immunity is not frustrated, the Court should grant Defendant Noble's Emergency Motion for a Stay Pending Appeal.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In Plaintiffs' First Amended Complaint, Plaintiffs allege that in at least 181 known situations, the Massachusetts State Police ("MSP") brought criminal charges against individuals they secretly recorded, and these recordings were not disclosed to prosecuting agencies or Plaintiffs. *See* Dkt. No. 8 at ¶ 4. In the Amended Complaint, Plaintiffs seek to establish a claim against Defendant Noble under 42 U.S.C. § 1983 and seek unspecified injunctive and declaratory relief. *See id.* at p. 23.

Defendant Noble moved to dismiss Plaintiffs' Amended Complaint based on, among other grounds, Article III standing and Eleventh Amendment immunity. *See* Dkt. Nos. 53-54. With respect to Eleventh Amendment immunity, Defendant Noble noted that the Amended Complaint does not allege that the MSP continues to carry out the alleged secret recordings; indeed, he stated that "the MSP no longer makes such recordings," as evidenced by what Plaintiffs allege was a publicized admission by the MSP that their past practice was unlawful. *See* Dkt. No. 54 at p. 6. Accordingly, Defendant Noble argued that based on the allegations in the Amended Complaint, Plaintiffs did not seek relief that can be fairly considered prospective in

nature, and to the extent there was a request for prospective injunctive relief, such a request is moot. *Id.* at pp. 6-7.

On March 28, 2025, this Court issued a ruling denying in part Defendant Noble's Motion to Dismiss. *See* Dkt. No. 72. In its ruling, the Court stated that Plaintiffs plausibly alleged their prospective injunctive relief, thereby rejecting Defendant Noble's Eleventh Amendment immunity argument. *Id.* at p. 37. Later in the ruling, the Court explained that the requested injunctive relief is "for MSP to stop the conduct that Plaintiffs complain of – the use of the Callyo apps to make surreptitious recordings of the public, and MSP's failure to disclose covert recordings made with the Callyo apps in criminal prosecutions." *Id.* at p. 43. In rejecting Defendant Noble's argument with respect to Article III standing, the Court stated that the Complaint plausibly alleged that the MSP "continues to maintain and use covert Callyo recordings in criminal investigations." *Id.* at p. 41.[1] The Court stated that "[u]ntil there is proof or an unequivocal statement from MSP that it has completely terminated the use of the Callyo apps for covert recordings and that every single covert recording already made has been disclosed in any relevant criminal proceeding, the threat that MSP will engage in the same conduct against Plaintiffs and others similarly situated is a live issue." *Id.* at p. 42.

Defendant Noble timely filed a Notice of Appeal with respect to the Court's ruling on April 18, 2025. *See* Dkt. No. 75. The interlocutory appeal is made as of right, under the collateral order doctrine, given that Defendant Noble appeals the Court's denial of his Motion to Dismiss based on Eleventh Amendment immunity and standing. Despite Defendant Noble

---

[1] The Court based this conclusion on Plaintiffs' allegation in the Amended Complaint that they "have suffered and continue to suffer substantial past and future harm" (Dkt. No. 8 at ¶ 184), and, presumably, their assertion in their Opposition that "Plaintiffs seek a declaration that their losses of liberty and property violates constitutional due process, and injunctive relief to stop ongoing constitutional violations through the maintenance and use of such illicit recordings." Dkt. No. 57 at p. 8.

diligently defending this Action and informing opposing counsel of a forthcoming Motion for Relief based on the Court's request for an unequivocal statement, Plaintiffs moved for an entry of default against Defendant Noble on April 21, 2025, which Defendant Noble opposed the following day. *See* Dkt. Nos. 78; 80.

On April 25, 2025, Defendant Noble filed a Motion for Relief under Fed. R. Civ. P. 60(b) to comply with the Court's request for an unequivocal statement concerning the MSP's use of Callyo applications and the disclosure of recordings in criminal proceedings. *See* Dkt. No. 83. In support of the Motion, the MSP submitted a Declaration by Lieutenant Colonel Daniel T. Tucker, under oath, unequivocally stating that the MSP has not conducted surreptitious audio and/or video recordings without a court order or warrant since the Massachusetts Appeals Court's ruling in *Commonwealth v. Du*, 103 Mass. App. Ct. 469 (2023). *See* Dkt. No. 87-1. Lieutenant Colonel Tucker also stated that the MSP has disclosed all recordings made using the Callyo applications in any relevant criminal proceedings, and that the named Plaintiffs did not have open criminal cases involving the MSP as of the date of Lieutenant Colonel Tucker's Declaration. *Id*. Accordingly, Defendant Noble argued that the MSP's unequivocal statement demonstrates that Plaintiffs lack standing to seek prospective injunctive relief against Defendant Noble. Dkt. No. 87 at p. 4.

On April 29, 2025, this Court entered an Order denying Plaintiffs' Motion for Entry of Default and ordered Defendant Noble to respond to Plaintiffs' Amended Complaint on or before May 13, 2025. Dkt. No. 89. This Emergency Motion follows.

## III. LEGAL ARGUMENT

### A. Standard of Review

The Supreme Court has long held that "the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court . . . ." *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987) (citation omitted). The Supreme Court has also held that "the value to the States of their Eleventh Amendment immunity, like the benefit conferred by qualified immunity to individual officials, is for the most part lost as litigation proceeds past motion practice." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993).

For this reason, the Supreme Court has held, in the qualified immunity context, that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The First Circuit has also held that, in the qualified immunity context, "[a] stay of discovery, of necessity, ordinarily must carry over through the *appellate court's* resolution of that question, so long as the appeal is non-frivolous." *Hegarty v. Somerset Cnty.*, 25 F.3d 17, 18 (1st Cir. 1994). Further, multiple federal appeals courts, discussing the jurisdiction divesting nature of an interlocutory appeal, hold that where an interlocutory appeal involves grounds related to the entire action, the appeal divests the district court of jurisdiction to proceed with the action against an appealing defendant. *See Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990); *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989).

Where a stay is discretional, under Fed. R. App. P. 8(a), a stay may be issued based on a framework that balances four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured

absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citation omitted). In applying this test, the first two factors are the most critical. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

### B. Issuance of a Stay is Warranted Under *Puerto Rico Aqueduct & Sewer Auth.* And *Harlow*

The doctrines of qualified immunity and Eleventh Amendment immunity entitle holders immunity from suit, including the burdens of discovery. *See Hegarty*, 25 F.3d at 18, citing *Harlow*, 478 U.S. at 818, and *Mitchell v. Forsyth*, 472 U.S. 511, 525-27 (1985); *Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. at 145. If, pending appeal, the Court allows this litigation against Defendant Noble to proceed, the benefit Eleventh Amendment immunity confers on him will be largely lost, even if the First Circuit Court of Appeals ultimately rules in his favor. *Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. at 145. The First Circuit holds that discovery should be stayed through its resolution of a qualified immunity defense on appeal so long as the appeal is non-frivolous. *Hegarty*, 25 F.3d at 18. This reasoning is equally sound and applicable with respect to an appeal involving Eleventh Amendment immunity. As will be discussed *infra*, Defendant Noble's appeal is not frivolous and involves a complete defense to the action. Thus, this Court should stay further proceedings pending resolution of Defendant Noble's Motion for Relief [2] and/or his appeal to the First Circuit.

### C. If the Court Finds that a Stay is Discretionary, the *Hilton* Factors Warrant a Stay

If the Court analyzes this Emergency Motion under the factors discussed in the Supreme Court's *Hilton* decision, a stay is still warranted.

---

[2] Despite Defendant Noble's appeal, this Court retains jurisdiction to rule on his Rule 60(b) Motion for Relief pursuant to Fed. R. App. P. 4(a)(4)(A)(vi).

With respect to the first factor, "common sense dictates that the moving party need not persuade the court that it is likely to be reversed on appeal. Rather, with regard to the first prong of the *Hilton* test, the movant must only establish that the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear." *Canterbury Liquors & Pantry v. Sullivan*, 999 F. Supp. 144, 150 (D. Mass. 1998). This factor undoubtedly weighs in Defendant Noble's favor.

With respect to Eleventh Amendment immunity, a plaintiff cannot end-run around Eleventh Amendment immunity by characterizing a request for retroactive relief as one for prospective injunctive relief. *Urella v. Verizon New England, Inc.*, 682 F. Supp. 3d 134, 138 (D. Mass. 2023). On appeal, Defendant Noble will persuasively argue that Plaintiffs' Amended Complaint fails to allege that the MSP continues to carry out the alleged secret recordings, or that they are doing so without producing the recordings to relevant prosecuting agencies. In addition, given the MSP's Declaration, under oath, that they are no longer performing surreptitious recordings without court supervision, and that they have turned over all recordings in any relevant criminal proceedings, there simply is no ongoing conduct to enjoin. Thus, Defendant Noble is likely to succeed on the merits with respect to his Eleventh Amendment immunity arguments on appeal. In any event, Defendant Noble is also likely to succeed on standing grounds.

To have standing to seek prospective injunctive relief, Plaintiffs are required to demonstrate: (1) that they are under threat of suffering "injury in fact" that is concrete and particularized; (2) the threat must be actual and imminent, not conjectural or hypothetical; (3) it must be fairly traceable to the challenged action of the defendant; and (4) it must be likely that a favorable decision will prevent or redress the injury. *Summers v. Earth Island Inst.*, 555 U.S.

488, 493 (2009); citing *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180–181 (2000). The Court, in its ruling denying Defendant Noble's Motion to Dismiss, stated, "MSP's past alleged injuries against Plaintiffs do not offer Plaintiffs any protection from the same conduct being repeated against them. To an MSP officer in the field, Plaintiffs are like any other member of the public, and until MSP unequivocally terminates the Callyo app recording features, Plaintiffs and putative class members could be subject to the same practices again." Dkt. No. 72 at p. 42. However, the Supreme Court in *City of Los Angeles v. Lyons* held that Adolph Lyons *did not* have standing to seek an injunction prohibiting the LAPD from using chokeholds based on this same reasoning. 461 U.S. 95, 111 (1983) ("Absent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles; and a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional"). In any event, by unequivocally stating that the MSP is no longer conducting surreptitious recordings without court supervision, Defendant Noble has demonstrated Plaintiffs' risk of similar future harm is miniscule to non-existent. Accordingly, Defendant Noble's appellate arguments are likely to succeed, and factor one strongly weighs in his favor.

Factor two similarly weighs in Defendant Noble's favor. If a stay is not granted, Defendant Noble and the MSP will be forced to continue to litigate this matter before this District Court while simultaneously arguing to the First Circuit that this case should have been dismissed at the Rule 12 stage. If Defendant Noble is required to do so, he will lose the benefit of his Eleventh Amendment immunity. *Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. at 145. Further, Defendant Noble's appellate argument contemplates a complete defense to this action.

Thus, if this litigation proceeds in this Court, Defendant Noble will be forced to undergo the costs and pains of discovery even though a favorable ruling with respect to either Defendant Noble's Motion for Relief or appeal would make discovery unnecessary. Discovery in this Action also would not be useful in any foreseeable future litigation, as the present Action concerns the MSP's present and future practices, and any foreseeable state court action would involve the MSP's past conduct. Accordingly, Defendant Noble will be irreparably harmed if the Court does not stay the proceedings.

Factor three also weighs in Defendant Noble's favor, as other interested parties will not be injured by a stay. This case does not involve active criminal cases involving the Plaintiffs, but harms allegedly suffered in the past. Staying Defendant Noble's obligation to file an Answer or participate in discovery would impose no hardship upon Plaintiffs. Plaintiffs may assert that they need discovery to confirm that the MSP is no longer conducting surreptitious recordings without a warrant, but discovery would yield them exactly what Defendant Noble has already provided, i.e., a statement under oath concerning the MSP's covert recordings policy and that the MSP is no longer conducting warrantless surreptitious recordings. Indeed, a stay would be beneficial to all parties in this Action and promote judicial economy. The Court retained jurisdiction of Plaintiffs' claims against Motorola as Plaintiffs' federal law claim survived against Defendant Noble, and if the claim against Defendant Noble is dismissed, the Court may exercise its discretion to decline to retain supplemental jurisdiction. A stay would thus be beneficial to all parties, as "there is a significant chance that the First Circuit will opine on issues germane" to the remaining claims against Motorola, and efficiency and judicial economy would be better served by staying the matter until the Court rules on Defendant Noble's Motion for Relief and/or "until

the First Circuit has issued its opinion." *Akebia Therapeutics, Inc. v. Azar*, 2020 WL 5732331, at *3 (D. Mass. Sept. 24, 2020). Factor three accordingly weighs in favor of issuing a stay.

Factor four weighs in Defendant Noble's favor for a similar reason. Based on the MSP's sworn statement that they are no longer conducting surreptitious recordings without a warrant, the decision to issue a stay will have no impact on the public interest. If a stay is granted, either this Court or the First Circuit Court of Appeals may hold that Plaintiffs lack standing and Defendant Noble is entitled to Eleventh Amendment immunity and dismiss the Action. If a stay is not granted, this litigation will continue on a dual track in this Court and the First Circuit. Discovery will reveal no more than what Defendant Noble already produced in his Motion for Relief, and the end result will be a race to either summary judgment in this Court, or a ruling at the First Circuit. Either way, the public interest will not be served by allowing this matter to continue in this Court. Indeed, staying this matter is more aligned with the public interest, as it will promote the goals of Defendant Noble's Eleventh Amendment immunity and the efficient use of judicial resources.

Accordingly, as the four *Hilton* factors dictate that a stay should be granted, the Court should stay any further proceedings in this matter pending its ruling on Defendant Noble's Motion for Relief and/or the First Circuit's ruling on Defendant Noble's appeal.

## IV. CONCLUSION

For the reasons stated in this memorandum of law, Defendant Noble requests that the Court grant his Emergency Motion for a Stay and stay all proceedings in this matter pending the Court's ruling on Defendant Noble's Motion for Relief and/or the First Circuit's ruling on Defendant Noble's appeal.

Respectfully submitted,

COLONEL GEOFFREY D. NOBLE
Superintendent of the
Massachusetts State Police, in his
Official Capacity,

By His Attorney,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Jeffrey T. Collins*____________________

Jeffrey T. Collins (BBO No. 640371)
Special Assistant Attorney General
Robert Papandrea (BBO No. 711504)
MORGAN, BROWN & JOY, LLP
28 State Street, 16th Floor
Boston, MA 02109-2605
(617) 523-6666
jcollins@morganbrown.com
rpapandrea@morganbrown.com

Dated: May 2, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2025, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.

*/s/ Jeffrey T. Collins*
Jeffrey T. Collins