UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, AND DENNIS WILLIAMS, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., and COLONEL GEOFFREY D. NOBLE, Superintendent of the Massachusetts State Police, *in his official capacity.*<br><br>Defendants. | Civil Action No. 4:24-cv-40030-MRG |

**PLAINTIFFS' OPPOSITION TO DEFENDANT COLONEL GEOFFREY D. NOBLE'S EMERGENCY MOTION FOR A STAY PENDING APPEAL**

**INTRODUCTION**

Plaintiffs oppose the Emergency Motion for a Stay Pending Appeal (Doc. No. 90) filed by Defendant Colonel Geoffrey D. Noble, Superintendent of the Massachusetts State Police, in his official capacity (the "MSP"), and respond to the MSP's Memorandum of Law in Support of the Motion (Doc. No. 91) (the "Motion"). On March 28, 2025, this Court entered a Memorandum and Order (Doc. No. 72) (the "Order") denying the MSP's attempt to dismiss Plaintiffs' claim for violation of constitutional rights under 42 U.S.C. § 1983 against the MSP in Count IX of Plaintiffs' First Amended Complaint (Doc. No. 8) (the "FAC").

Among the bases for dismissal rejected by the Court in its Order was that the MSP enjoyed Eleventh Amendment sovereign immunity against Plaintiffs' Section 1983 claim. *See* Order at 35-37, 42-44. The Court determined that Plaintiffs had standing and adequately alleged the existence

of valid prospective injunctive relief in the FAC, meaning that Plaintiffs could proceed against the MSP in federal court under the doctrine set out in *Ex Parte Young*, 209 U.S. 123 (1908). *See id.*

The MSP has now initiated an interlocutory appeal in the First Circuit challenging this conclusion, and have sought to stay proceedings in the Court pending the outcome of that appeal. The Court should decline MSP's invitation to halt activity here. MSP's appeal is almost entirely based on the post-Order filing of a declaration containing facts well outside the four corners of the FAC, which should not be considered on a motion to dismiss. Therefore, the appeal is frivolous and a clear attempt to impede the progress of this litigation. Under such circumstances, the Court is under no obligation to stay these proceedings. For this same reason, MSP cannot possibly demonstrate that it is likely to prevail in the First Circuit, or satisfy any of the other necessary factors for entry of a discretionary stay. At the very least, the MSP should be required to file its answer and affirmative defenses to the FAC now that a full year has passed since Plaintiffs' commencement of the action.

## ARGUMENT

### I. BECAUSE MSP'S APPEAL IS PATENTLY FRIVOLOUS AND INTENDED TO IMPEDE THE PROGRESS OF THE CASE, THE COURT WAS NEVER DIVESTED OF ANY JURISDICTION IN THE FIRST INSTANCE.

Whether and to what extent a district court's proceedings should be stayed pending an interlocutory appeal is driven by a need to avoid overlapping and concurrent jurisdiction between two courts over the same subject matter, which "almost always portends a potential for conflict and confusion." *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998). However, the appeal itself must be sufficiently meritorious and non-frivolous to require the invocation of these rules of parity. Thus, "a district court can proceed, notwithstanding the filing of an appeal, if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on

an unappealable order) or if it otherwise constitutes a transparently frivolous attempt to impede the progress of the case." *Id.*

Such is the case here. The Court, in its Order, reviewed the allegations in the FAC, interpreted in the light most favorable to Plaintiffs as is required in a Rule 12(b) motion, and determined that "Plaintiffs have plausibly alleged their prospective injunctive relief, thereby overcoming the Eleventh Amendment's immunity provisions and establishing standing for their Section 1983 claim." Order at 37. Later, the Court elaborated that Plaintiffs have alleged in their FAC that "MSP continues to maintain and use covert recordings in criminal investigations," and that "MSP is presently continuing [to] obstruct efforts to unravel the scope of the Callyo recordings by 'failing to respond to public records requests, discovery orders, and trial summons concerning the use of the [10-21 app].'" *Id.* at 42-43. The Court then concluded: "Taking the allegations of the Amended Complaint as true, Plaintiffs have sufficiently alleged a risk of future injury." *Id.* at 43. The Court also held that the requested injunctive relief would redress Plaintiffs' claimed injury, holding that an injunction "would cease MSP's use of the Callyo apps in covert recordings and would prevent MSP from unlawfully withholding evidence from the recordings in criminal prosecutions." *Id.*

As the basis for its appeal, the MSP largely ignores these reasonable conclusions based on a fair reading of the four corners of the FAC. Instead, the MSP rely almost entirely on a self-serving declaration executed by an employee, Daniel T. Tucker (Doc. No. 87-1) (the "Tucker Declaration"), filed after the Order had already been issued, professing the MSP's alleged "about face" on its use of the Callyo application and claiming that it is no longer blatantly violated the

constitutional rights of Massachusetts citizens. *See* Motion at 7.[1] However, the Tucker Declaration constitutes extrinsic evidence outside of the four corners of the FAC, which cannot be considered when ruling on a Rule 12(b) motion. *See RFF Fam. P'ship, LP v. Link Dev., LLC*, 849 F. Supp. 2d 131, 135 (D. Mass. 2012) ("[T]he defenses raised in its motion to dismiss turn on disputed issues of fact and extrinsic evidence which the Court may not consider at this early stage of the litigation."). The MSP's convenient claims contained in the Tucker Declaration "are irrelevant because they raise factual disputes not appropriate for the court to consider at the pleading stage, and it is the duty of the courts to beware of efforts to defeat … relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate suit." *Trailblazhers Run Co. v. Bos. Ath. Ass'n*, 2025 U.S. Dist. LEXIS 51433, at *31 (D. Mass. Mar. 20, 2025) (citation omitted) (disregarding affidavit and holding that "[t]aking the allegations in the complaint as true, Plaintiffs have sufficiently alleged a risk of future injury" for Article III standing purposes). Therefore, both this Court and the First Circuit on appeal should disregard the Tucker Declaration. Without this declaration, the MSP has no legitimate basis for appeal, let alone reversal. As such, MSP's appeal is frivolous and clearly intended to delay these proceedings, and the Court's jurisdiction is not divested notwithstanding MSP's notice of appeal.

---

[1] The MSP filed the Tucker Declaration to support its so-called motion for relief pursuant to Rule 60(b)(6). (Doc. Nos. 83, 87). Plaintiffs are filing a separate opposition to that motion but note here that First Circuit precedent does not permit a party to challenge the denial of a motion to dismiss under Rule 60, which is reserved for ***final*** judgments and orders and not interlocutory orders. *See Greene v. Union Mut. Life Ins. Co.*, 764 F.2d 19, 22 (1st Cir. 1985) (holding that "plaintiff ought not to have" challenged "an interlocutory district court decision dismissing *portions* of a complaint" under Rule 60) (emphasis in original).

## II. **A STAY IS NOT MANDATORY IN APPEALS INVOLVING ELEVENTH AMENDMENT IMMUNITY CLAIMS, AND MSP DO NOT SATISFY THE TEST FOR A DISCRETIONARY STAY.**

Even if the Court finds that MSP's appeal is not frivolous despite the fact that it relies on an extrinsic document that cannot be considered at the motion to dismiss stage, a stay of these proceedings is still not warranted. First, the MSP intimates that an automatic stay might be imposed since the MSP is claiming sovereign immunity under the Eleventh Amendment. *See* Motion at 6. However, the cases cited by MSP all involve instances of qualified immunity of government employees acting in their individual capacities, not state sovereign immunity. *See Hegarty v. Somerset Cty.*, 25 F.3d 17, 18 (1st Cir. 1994) (involving qualified immunity defense); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (same). The only case involving sovereign immunity, *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993), does not address the issue of a stay in the lower court or whether such a stay is automatic. Therefore, the MSP have failed to cite any authority for the proposition that the Court lacks discretion to determine whether the MSP should be awarded the benefit of a stay pending its collateral attack on the Order. *See, e.g.*, *Joubert-Vazquez v. Alvarez-Rubio*, 841 F. Supp. 2d 570, 572-73 (D.P.R. 2012) (holding that under applicable First Circuit precedent, the only cases authorizing an automatic stay of the district court proceedings involve qualified immunity, and in the case before it rejecting a request for stay pending an appeal involving claim of sovereign immunity).

The filing of a notice of appeal "divests a district court of authority to proceed with respect to ***any matter touching upon, or involved in, the appeal***." *United States v. Mala*, 7 F.3d 1058, 1061 (1st Cir. 1993) (emphasis added). The issues related to MSP's claim of sovereign immunity are legal in nature, narrow and discrete, and completely unrelated to any of the substantive facts

involving the MSP's misuse of the Callyo application in this litigation. Therefore, because this litigation, if allowed to proceed, will not "touch upon" or "involve" any issue directly related to the MSP's claim of immunity, the Court's jurisdiction to move forward with the balance of the case should be unimpeded. The MSP has the burden of demonstrating that the Court should nonetheless enter a discretionary stay despite having the inherent authority to proceed.

As cited by the MSP, the discretionary test for imposition of a stay pending an interlocutory appeal requires that the appealing party satisfy all of the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citation omitted). The first two factors are the most critical, requiring a showing of more than "mere possibility." *Respect Maine PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010). The moving party "must show a strong likelihood of success, and they must demonstrate that irreparable injury will be likely" without a stay. *Id.*, citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

**A. MSP is not likely to succeed on the merits.**

In its Order, the Court detailed how the well-pled allegations contained in the FAC, interpreted in the light most favorable to the Plaintiffs, demonstrated that they had pled current and ongoing constitutional violations by the MSP that could be remedied through the requested injunctive relief. *See* Order, at p. 42-43. Among these allegations and claims were those indicating that the MSP has continued to the present day to thwart public records requests and avoid document production in criminal cases relating to the MSP's misuse of Callyo, and that the illegal recordings the MSP obtained were still being housed on a Motorola server that was available to the MSP,

which MSP had wrongfully licensed to Motorola for use in a variety of commercial uses. *Id.* at 42. This was sufficient to deny MSP's motion to dismiss and allow the litigation to proceed to discovery to flesh out these issues with additional testimony and documents, many of which the MSP has been actively fighting against seeing the light of day.

To demonstrate that it is likely to prevail on appeal, the MSP has almost exclusively relied upon the Tucker Declaration, *see* Motion at 7, which as described above cannot be considered as part of its Rule 12 motion, either in this Court or on appeal. Setting aside the Tucker Declaration (as must occur), the MSP has made no showing whatsoever that it will likely obtain reversal on this issue in the First Circuit. The MSP cites to *Los Angeles v. Lyons*, 461 U.S. 95 (1983), but this case is easily distinguishable. *Lyons* involved a highly speculative claim of future harm and arose out of the individual actions of one police officer, *see id.* at 111, whereas here the harm to persons in Massachusetts, represented by the class members, is alleged to be immediate, real, and ongoing, and the result of a department-wide practice by the MSP to misuse Callyo. Moreover, the MSP completely ignores the fact that the Court's ruling was based on additional ongoing acts and omissions by the MSP above and beyond the threat of future repetition of the MSP's wrongful conduct involving Callyo, such as MSP's continuing obstruction of efforts to investigate its actions and the existing Motorola server housing the MSP's illicit recordings. These allegations must be taken as true both here and on appeal, and therefore the MSP has not met its significant burden of demonstrating a likelihood of success.

**B. MSP will not be irreparably harmed without a stay.**

The MSP also fails to demonstrate that it will be irreparably harmed without a stay. First, the MSP claims that it will "lose the benefit of [its] Eleventh Amendment immunity" if this case proceeds while the appeal is pending. Motion at 8. However, if this were a valid claim of harm,

then all interlocutory appeals involving claims of sovereign immunity would be automatically stayed, and this is simply not the case. Clearly, where an appellant cannot satisfy the test for a discretionary appeal, the district court case moves forward despite the appeal and the appellant is not "harmed" by the fact that it must proceed in two courts, let alone irreparably so. Thus, the MSP must offer more than this claim of procedural injury to satisfy the "irreparable harm" test. The only other argument made by the MSP is that any discovery undertaken would be "unnecessary" and not "useful" in the unlikely event that the First Circuit ultimately agrees that the MSP is entitled to sovereign immunity. Motion at 8-9. However, this is inaccurate. The MSP will not avoid litigation of Plaintiffs' Section 1983 claim against it by prevailing in its current interlocutory appeal. Plaintiffs will either amend their complaint to address whatever pleading deficiencies might exist, or will bring the same lawsuit against the MSP in state court (along with its Wiretap Act claim, which was previously dismissed). Either way, the discovery obtained from the MSP will be used in future litigations, either in this Court or in state court. As a result, the MSP is not harmed in any way by participating in discovery here while the appeal proceeds in the First Circuit.

**C. Plaintiffs will be substantially injured by a stay.**

This case is over one-year old. The MSP has not yet filed a responsive pleading. Plaintiffs bear the burden of proving their claims, and any delay will cause documents to be lost and memories to fade. Justice delayed is justice denied. Plaintiffs are entitled to seek discovery from the MSP regarding its widespread and illegal use of the Callyo application now, and not one year from now or longer when the First Circuit resolves the MSP's appeal.

The MSP flippantly claims that Plaintiffs will only discover what the MSP has "already provided" in the Tucker Declaration, essentially preemptively declaring its own innocence and asking Plaintiffs and this Court to "trust them" on that score. Plaintiffs have not been allowed to

cross-examine Tucker, test his authority to make the claims contained in his declaration, or uncover documents or other testimony which could undermine and contradict the MSP's self-serving and unchallenged "facts."[2] This is simply not how litigation works. While the MSP might prefer to avoid immediately revealing the full extent of its activities involving Motorola and the Callyo application, this is not grounds to impose a stay on Plaintiffs' right to prosecute their claims.

### D. Public interest favors denying MSP's requested stay.

The public interest favors denial of a stay. Once again, the MSP relies on nothing more than the Tucker Declaration and the general prospect of litigation in both the Court and the First Circuit, but does not specify what public interest would be served by a stay or cite to any case law. *See* Motion at 10. Here, the public interest "is served by quick and efficient resolutions of lawsuits against [government] officials and in which official immunity does not apply." *Diaz-Colon v. Toledo-Davila*, 980 F. Supp. 2d 214, 218 (D.P.R. 2013). Because "[t]he public has an interest in … the prompt resolution of civil cases," the Court should reject a stay which would delay swift resolution. *Dig. Equip. Corp. v. Currie Enters.*, 142 F.R.D. 8, 14 (D. Mass. 1991). As noted, this case is already over one-year old, and the MSP has not yet answered Plaintiffs' FAC. No further unnecessary delay should be countenanced.

## III. AT A MINIMUM, THE MSP SHOULD BE REQUIRED TO ANSWER THE FAC.

If the Court is inclined to exercise its discretion to implement some form of stay of proceedings despite the above, at a minimum the Court should require the MSP to file its answer by the current deadline of May 13. Simply requiring the MSP to file a responsive pleading will not

---

[2] Even without the benefit of discovery, Plaintiffs are aware of evidence that would counter the Tucker Declaration. In the event the Court agrees to consider the Tucker Declaration, Plaintiffs request that the Court grant a period for discovery and the opportunity to present material to rebut the Tucker Declaration.

impose any hardship on the MSP, and will not interfere with the issues presented on appeal. There is no reasonable basis to allow the MSP to avoid this basic procedural requirement while its appeal is pending. [3]

## CONCLUSION

Plaintiffs respectfully request the Court deny MSP's emergency motion for a stay pending appeal. To the extent the Court does implement a stay, the MSP should be required to file its responsive pleading no later than May 13, 2025.

[3] The MSP also claims that Motorola might benefit from a stay because if the First Circuit finds that the MSP enjoys sovereign immunity, it might obtain dismissal and the Court might then "decline to retain supplemental jurisdiction." Motion at 9. However, even assuming that the MSP is not a party to this action, the Court would still have diversity jurisdiction over Motorola pursuant to 28 U.S.C. § 1332 as Motorola is a foreign corporation and plaintiffs are all Massachusetts residents. *See* FAC, at ¶¶ 14-20. Also, Motorola has attempted to use the MSP's own appeal to its advantage by seeking certification from the Court under § 1292(b) to allow its own interlocutory appeal. (Doc. Nos. 85 & 86). Motorola's attempt to manufacture a right to appeal where none would otherwise exist is unfounded and is more fully addressed by Plaintiffs in their separate opposition to that motion.

Respectfully submitted,

JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, and DENNIS WILLIAMS, ON BEHALF OF THEMSELVES, AND ALL OTHERS SIMILARLY SITUATED,

by their attorneys,

/s/ Christopher R. Batinsey
Christopher R. Batinsey, Esq.
BBO# 688586

Batinsey Legal P.C.
344 Main St
Suite 14
Fitchburg, MA 01420
(617) 682-0254
cbatinsey@batinseylegal.com

/s/ James O'Connor, Jr.
James O'Connor, Jr., Esq.
BBO# 563450

Seder & Chandler, LLP
780 Main St
PO Box 2101
Fitchburg, MA 01420
(978) 342-4590
joconnor@sederlaw.com

/s/ Christopher J. Walton
Christopher J. Walton, Esq.
BBO# 639819

Law Office of Christopher J. Walton
56 Elm St
Fitchburg, MA 01420
(978) 342-9100
attycjw@aol.com

**CERTIFICATE OF SERVICE**

I, Christopher R. Batinsey, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: Thursday, May 8, 2025

/s/ Christopher R. Batinsey
Christopher R. Batinsey, Esq.