UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, AND DENNIS WILLIAMS, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

v.

MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., and COLONEL GEOFFREY D. NOBLE, Superintendent of the Massachusetts State Police, *in his official capacity.*

Defendants.

Civil Action No. 4:24-cv-40030-MRG

**PLAINTIFFS' OPPOSITION TO DEFENDANT COLONEL GEOFFREY D. NOBLE'S MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 60(b)(6)**

Plaintiffs oppose the Motion for Relief (Doc. No. 83) filed by Defendant Colonel Geoffrey D. Noble, Superintendent of the Massachusetts State Police, in his official capacity (the "MSP"), and respond to the MSP's Memorandum of Law in Support of the Motion (Doc. No. 87) (the "Motion").

## ARGUMENT

### I. THE COURT LACKS JURISDICTION TO CONSIDER THE MOTION.

The MSP has improperly characterized the Motion as one filed under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b)(6) states that "the court may relieve a party … from a final judgment, order, or proceeding" for any reason "that justifies relief." Fed. R. Civ. P. 60(b)(6). Yet the very language of the Rule limits its application to a "***final*** judgment [or] order,"

and not an interlocutory order like the denial of a motion to dismiss challenged here by the MSP. The First Circuit has stated that unless the order attacked is "final," a movant seeking to challenge that non-final order "ought not" to utilize Rule 60(b) but should instead file "a routine request for reconsideration of an interlocutory district court decision." *Greene v. Union Mut. Life Ins. Co.*, 764 F.2d 19, 22 (1st Cir. 1985). As stated in the advisory committee notes to Rule 60(b), "[i]nterlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief as justice requires." *Notes of Advisory Committee on Rules*, Fed. R. Civ. P. 60(b). Such a motion should be filed under Rule 54(b) instead, which gives the district courts "the inherent power of the rendering district court to afford such relief from interlocutory judgments . . . as justice requires." *Greene*, 764 F.2d at 22 (citation omitted). Federal courts in other jurisdictions agree with this conclusion. *See, e.g.*, *Datiz v. Int'l Recovery Assocs.*, 2017 U.S. Dist. LEXIS 2477, at *5-7 (E.D.N.Y. Jan. 4, 2017) ("[I]n the present case, the Court's order denying the Defendant's motion to dismiss was not final because it allowed the case to continue to trial. Therefore, Rule 60(b) is inapplicable in this case."); *Hafferman v. Westinghouse Elec. Corp.*, 653 F. Supp. 423, 426 (D.D.C. 1986) ("Rule 60(b) has no bearing in this case, however, because it only deals. with final orders. Denial of a motion to dismiss … is clearly not a final order.").

As a result, the Motion should properly be considered as a motion for reconsideration under Rule 54(b), and not a motion for relief from judgment under Rule 60(b). Once designated properly as a Rule 54(b) motion, a fatal infirmity arises. Here, the MSP filed a notice of appeal on April 18, 2025, indicating that the MSP intended to challenge "all aspects of this Court's Order denying Defendant's Motion to Dismiss." (Doc. No. 75). The MSP has also sought a stay of proceedings. (Doc. No. 90). It is axiomatic that "[t]he filing of a notice of appeal is an event of jurisdictional

significance" in that "it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

Whatever jurisdiction a notice of appeal might divest from the district court, there can be no doubt that it includes the specific subject matter contained in the very order from which the appeal has been taken. Here, however, the MSP has filed the Motion which directly challenges the same order that is made subject to its interlocutory appeal. Therefore, this Court is divested of jurisdiction to even consider the Motion and must deny it on this basis.

The MSP incorrectly contends that the Motion is among those which toll rendition of the underlying final order and which can be considered by a district court despite the filing of a notice of appeal. Fed. R. App. P. 4(a)(4)(A); *see* Motion at 2-3. While Rule 60(b) motions are included among such privileged motions, Rule 54(b) motions for reconsideration are not. Therefore, the MSP is incorrect in claiming that the Court can consider the Motion, and therefore the Court must decline to do so without reaching the merits.

## II. <u>THE MSP HAS FAILED TO MEET ITS HIGH BURDEN FOR RELIEF</u>.

Even if the Court were to reach the merits of the Motion despite the above, the MSP has failed to demonstrate a right to relief. As the Motion should be considered one seeking reconsideration under Rule 54(b), the MSP has failed to meet the high burden necessary to require the Court to reverse itself. A federal district court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment. *See Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994) ("Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case."). Such power emanates from Rule 54 of the Federal Rules of Civil Procedure, which states that "any

order or decision … that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Supreme Court, however, has admonished that "courts should be loathed to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988), quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983).

As such, the granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006), citing 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995) ("[B]ecause of the narrow purposes for which they are intended, . . . motions [for reconsideration] typically are denied"). "[A] court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).

Here, there is no allegation of any change in the law since the Order. Likewise, the MSP has also not demonstrated that the Court "misapprehended" the law or that the Order contained "clear errors of law." Finally, because the Order involved the denial of a motion to dismiss, the "discovery of new evidence" is not a valid basis for seeking reconsideration. This is because no "evidence" was involved in the Court's initial determination, as the Court is limited to the well-pled allegations in the FAC and was barred from considering any facts beyond the pleading. Despite this, the MSP relies exclusively on the declaration executed by an employee, Daniel T. Tucker (Doc. No. 87-1) (the "Tucker Declaration") for the relief it has requested. Such extrinsic

evidence beyond the four corners of the FAC cannot be considered as part of any reconsideration of a Rule 12(b) motion. Moreover, such extrinsic facts did not form any part of the Court's initial consideration of that motion.[1]

By fundamentally misunderstanding the nature of the relief available to it and the rule under which it has been brought, the MSP's Motion is fatally defective and should be summarily rejected.

## III. THE DECLARATION FAILS TO SHOW THAT THERE IS A MERITORIOUS DEFENSE

If the Court were to consider the Tucker Declaration cited in the Motion, the MSP still has failed to show that it's entitled to the "extraordinary relief" of reconsideration. Count IX of the FAC alleges a violation of 42 U.S.C. § 1983. The MSP moved to dismiss pursuant to Fed. R. Civ. P. 12 (b)(1) and (6). The Court denied MSP's motion to dismiss. The Court found:

> Plaintiffs have alleged a Brady injury that is fairly traceable and caused by MSP's conduct."
>
> . . . .
>
> Further, Plaintiffs allege that MSP's conduct is ongoing-that MSP continues to maintain and use Callyo recordings in criminal investigations. [ECF No. 57 at 8; Am. Compl. ¶ 184]. The Court finds this allegation plausible. First, neither MSP nor Motorola have stated that MSP no longer contracts with Motorola to use Callyo apps, or that MSP has stopped its use of the Callyo apps or recordings made on the apps. When asked directly if MSP has 'gotten rid of' the Callyo apps, counsel for MSP said 'I don't know[.]' [Hr'g Tr. 35:10-12]. When asked if MSP has gotten rid of the evidence recorded through the apps or the ability to record surreptitiously, counsel for MSP evaded the question and stated, 'I think that's irrelevant.'

Order at 39-42.

Now, the MSP has submitted the Tucker Declaration which provides in part:

---

[1] The MSP clings to a one-sentence excerpt from page 42 of the Order to now argue the Court should dismiss Count IX. In doing so, the MSP attempts to convert a motion to dismiss into a motion for summary judgment. The single sentence – taken out of context by the MSP – cannot be interpreted as an invitation to file extraneous evidence beyond the four-corners of the FAC.

> Since the *Du* decision was issued in the Fall of 2023, the Department has stopped using any form of technology (including the Callyo applications) to conduct covert audio and/or video recording without a court order or warrant . . .Moreover, the Department has disclosed all covert recordings made using the Callyo applications in each of the 181 criminal proceeding (i.e. all relevant criminal proceedings identified in Plaintiffs' First Amended Complaint."

Tucker Declaration at 3, ¶ 7.

The Tucker Declaration fails to address any actions by MSP to disclose and turn over covert recordings to non-criminal defendants, such as witnesses or persons who may have been coerced or developed into confidential informants. (Doc. No. 57-3 at 9, 16, and 24). Further, defendants who later defaulted in their criminal cases have not yet received any of the recordings.[2]

Nowhere in the Tucker Declaration are the following key issues addressed:

- The MSP does not aver that the facts are based on Tucker's personal knowledge or review of any documents.
- The MSP does not provide an answer to the Court's inquiry about whether the evidence recorded through the Callyo app has been destroyed.
- The MSP does not even attempt to answer the question its counsel failed to answer at oral argument: Specifically, whether the MSP still contracts with Motorola.
- The MSP does not address its disclosure of secretly recorded audio and video interceptions using applications other than Callyo.
- The MSP does not address its failure to cease its pattern and practice of *Brady* violations.

[2] Plaintiffs do not concede that the universe of injured persons is limited to 181 that MSP have identified. *See* FAC at ¶ 57.

- In a conclusory fashion, the Tucker Declaration merely states that since sometime in 2023, the MSP promulgated a policy regarding covert audio and video recordings that purportedly "fixes" all wrongdoing by the Department.[3]

The Tucker Declaration is also woefully deficient in that it fails to state whether any investigation has been conducted to determine if MSP personnel are in compliance with the policy and whether the MSP has instituted any form of internal review to assess compliance.

Even considering the Tucker Declaration, the MSP falls well short of the standard for obtaining reconsideration.

## CONCLUSION

Plaintiffs respectfully request the Court deny the MSP's motion for reconsideration for lack of jurisdiction and failing to meet the required standard.

[3] Even without the benefit of discovery, Plaintiffs are aware of evidence that would counter the Tucker Declaration. In the event the Court agrees to consider the Tucker Declaration, Plaintiffs request that the Court grant a period for discovery and the opportunity to present material to rebut the Tucker Declaration.

Respectfully submitted,

JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, and DENNIS WILLIAMS, ON BEHALF OF THEMSELVES, AND ALL OTHERS SIMILARLY SITUATED,

by their attorneys,

/s/ Christopher R. Batinsey
Christopher R. Batinsey, Esq.
BBO# 688586

Batinsey Legal P.C.
344 Main St
Suite 14
Fitchburg, MA 01420
(617) 682-0254
cbatinsey@batinseylegal.com

/s/ James O'Connor, Jr.
James O'Connor, Jr., Esq.
BBO# 563450

Seder & Chandler, LLP
780 Main St
PO Box 2101
Fitchburg, MA 01420
(508) 757-7721
joconnor@sederlaw.com

/s/ Christopher J. Walton
Christopher J. Walton, Esq.
BBO# 639819

Law Office of Christopher J. Walton
56 Elm St
Fitchburg, MA 01420
(978) 342-9100
attycjw@aol.com

**CERTIFICATE OF SERVICE**

I, Christopher R. Batinsey, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: Thursday, May 8, 2025

/s/ Christopher R. Batinsey
Christopher R. Batinsey, Esq.