UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, AND DENNIS WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., SHI INTERNATIONAL CORP., and COLONEL GEOFFREY D. NOBLE., Superintendent of the Massachusetts State Police, in his official capacity,<br><br>**Defendants.** | Civil No. 4:24-cv-40030-MRG |

**MEMORANDUM AND ORDER**

**GUZMAN, J.**

### I. BACKGROUND

The Court previously related the underlying facts in its memorandum and order on Defendants' motions to dismiss dated March 28, 2025. [MTD Order, ECF No. 72]. In that Order, the Court denied a motion to dismiss brought by Massachusetts State Police Superintendent Geoffrey Noble (hereinafter "MSP"). The Court rejected MSP's assertion that it was entitled to Eleventh Amendment sovereign immunity against Plaintiffs' Section 1983 claim. [See MTD Order at 35–37, 42–44]. The Court determined that Plaintiffs had standing and adequately alleged the existence of valid prospective injunctive relief in the First Amended Complaint ("FAC") [ECF No.

1

8], which allowed Plaintiffs to proceed against MSP in federal court under the doctrine set out in Ex Parte Young, 209 U.S. 123 (1908). [See MTD Order at 35–37, 42–44].

On April 18, 2025, MSP initiated an appeal in the First Circuit of the MTD Order. [ECF No. 75]. On April 25, 2025, MSP filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(6). [ECF No. 83]. Subsequently, on May 2, 2025, MSP filed an emergency motion to stay pending its appeal pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A). [ECF No. 90]. On May 9, 2025, this Court denied those two motions by electronic order with written order to issue. This memorandum of decision explains the Court's reasoning for the denials.

## II.    JURISDICTION

The Court first considers whether it has jurisdiction to rule on MSP's motions, ECF Nos. 83 & 90, and concludes that it does. The First Circuit Court of Appeals generally only has jurisdiction to hear appeals of final judgments of the district court. Wadsworth v. Chuck Nguyen, No. 23-1400, 2024 U.S. App. LEXIS 28778, at *3 (1st Cir. Nov. 13, 2024) (quoting Lee-Barnes v. Puerto Ven Quarry Corp., 513 F.3d 20, 25 (1st Cir. 2008)); 28 U.S.C. § 1291. The MTD Order denied MSP's motion to dismiss Plaintiffs' claim under 42 U.S.C. § 1983 ("Section 1983"), which allowed the case to continue to trial. Hence, the MTD Order was not a final order. Nor did this Court certify the Order as an interlocutory appeal under 28 U.S.C. § 1292(b). "As a general rule, [the First Circuit] do[es] not grant interlocutory appeals from a denial of a motion to dismiss." Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (citation omitted). MSP contends its appeal to the First Circuit is proper under the collateral order doctrine as the Court's denial of MSP's motion to dismiss was based on a determination of Eleventh Amendment sovereign immunity. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139,

141 (1993); Espinal-Dominguez v. Puerto Rico, 352 F.3d 490, 496 (1st Cir. 2003). The Court will leave the determination of whether appellate jurisdiction is appropriate for the First Circuit to determine.

Even if MSP's appeal is proper, this Court still has jurisdiction to decide MSP's Rule 60(b) motion:

> Typically, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam). Under the Federal Rules of Appellate Procedure, however, a notice of appeal filed while a Rule 60(b) motion is outstanding in the district court "becomes effective" only once that motion is resolved. Fed. R. App. P. 4(a)(4)(B)(i); see also Fed. R. App. P. 4(a)(4) advisory committee's note to 1993 amendment ("A notice [of appeal] filed . . . after the filing of a motion [such as a Rule 60(b) motion] but before disposition of the motion is, in effect, suspended until the motion is disposed of . . . .").

Fontanillas-Lopez v. Morell Bauza Cartagena & Dapena, LLC, 832 F.3d 50, 63 n. 10 (1st Cir. 2016) ("The district court therefore acted within its jurisdiction in denying Fontanillas's Rule 60(b) motion and, consequently, we have jurisdiction over Fontanillas's properly noticed, see Fed. R. App. P. 4(a)(4)(B)(ii), appeal of that denial."). The First Circuit's jurisdiction over MSP's appeal does not become effective until the Rule 60(b) motion is ruled on.

### III.   STAY PENDING APPEAL

Before reaching MSP's Rule 60(b) motion, the Court turns to MSP's motion for a stay pending appeal, ECF No. 90. "A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right." New Jersey v. Trump, 131 F.4th 27, 34 (1st Cir. 2025) (quoting Nken v. Holder, 556 U.S. 418, 427 (2009) (internal quotation marks omitted)). The party seeking a stay – here, MSP – "bears the burden of proving that the circumstances justify one." Id. (citing Nken. 556 U.S. at 433–34). As a result, MSP must: "(1)

3

make a 'strong showing that [it] is likely to succeed on the merits in its appeal; (2) show that it 'will be irreparably injured absent a stay'; (3) show that 'issuance of the stay will [not] substantially injure the other parties interested in the proceeding'; and (4) show that the stay would be in 'the public interest.'" Id. at 34–35 (quoting Nken, 556 U.S. at 434). In conducting this analysis, "[t]he first two factors . . . are the most critical." Id. (quoting Nken, 556 U.S. at 434).

MSP fails to make a "strong showing that [it] is likely to succeed on the merits in its appeal," id., because its appeal asks the court to allow a declaration *filed after the Order was entered* to supersede the reasonable conclusions this Court made based on a detailed reading of the FAC with all inferences taken in favor of the Plaintiffs, as is required on a motion to dismiss. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)) (The district court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor"). Unlike a 12(b)(6) motion, when considering a 12(b)(1) motion, the Court may consider materials beyond the pleadings to determine jurisdiction. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002). While the Court has the freedom to consider jurisdictional evidence beyond the complaint, it is restricted to evidence that "has been submitted[.]" See also Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

In this case, the underlying issue in dispute is whether Plaintiffs sufficiently alleged the existence of valid prospective injunctive relief. The Court will not restate its entire reasoning from the MTD Order here. See MTD Order at 35–44. Based on the record before the Court as was filed when deciding the motion to dismiss, the Court determined that Plaintiffs had plausibly alleged that MSP's conduct was ongoing. As the Plaintiffs note, "the Court's ruling was based on

4

additional ongoing acts and omissions by the MSP above and beyond the threat of future repetition of the MSP's wrongful conduct involving Callyo, such as MSP's continuing obstruction of efforts to investigate its actions and the existing Motorola server housing the MSP's illicit recordings." [ECF No. 93 at 7; MTD Order at 42–43]. The Court held a hearing on the matter and asked counsel for MSP directly if MSP has "gotten rid of" the Callyo apps. Counsel replied, "I don't know[.]" [Hr'g Tr. 35:10–12, ECF No. 70]. When asked if MSP has gotten rid of the evidence recorded through the apps or the ability to record surreptitiously, counsel for MSP evaded the question and stated, "I think that's irrelevant." [Id. 35:10–16]. In the MTD Order, the Court went on to state, "[u]ntil there is proof or an unequivocal statement from MSP that it has completely terminated the use of the Callyo apps for covert recordings and that every single covert recording already made has been disclosed in any relevant criminal proceeding, the threat that MSP will engage in the same conduct against Plaintiffs and others similarly situated is a live issue." MTD Order at 42. MSP had ample opportunity to establish in the record that it ceased and would not restart its surreptitious recording practices. However, not until making its motion for relief under Rule 60(b), *after the issuance of the MTD Order,* did MSP attempt to provide an unequivocal statement of such. In support of the Rule 60(b) motion, MSP submitted a Declaration made under oath by Lieutenant Colonel Daniel T. Tucker, stating that MSP has not conducted surreptitious audio and/or video recordings without a court order or warrant since the Massachusetts Appeals Court's ruling in Commonwealth v. Du, 219 N.E.3d 843 (Mass. App. Ct. 2023). [See ECF No. 87-1]. The

Tucker Declaration further states, "[MSP] has no intention of resuming covert audio[1] recordings without court permission unless there is a change in state law which allows for such practice." [Id.]

The assertions in the Tucker Declaration are inappropriate for the Court to consider now as the Tucker Declaration was not before the Court in considering the motion to dismiss. Instead, the Court properly took as true the facts as alleged in the FAC with all inferences made in favor of the Plaintiffs. In doing so, the Court found that Plaintiffs have sufficiently alleged a risk of future injury. In rejecting a defendant's proffer at a motion to dismiss that it would not engage in future conduct that plaintiffs sought to enjoin, another session of this Court warned, "[i]t is the duty of the courts to beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate suit[.]" Trailblazhers Run Co. v. Bos. Ath. Ass'n, No. 1:24-cv-10950-IT, 2025 U.S. Dist. LEXIS 51433, at *31 (D. Mass. Mar. 20, 2025) (quoting E.E.O.C. v. Astra U.S.A., Inc., 94 F.3d 738, 745 (1st Cir. 1996). Like in Trailblazhers, the Court finds the Tucker Declaration is irrelevant because it is not appropriate for the Court to consider at this stage. As MSP's appeal largely rests on the argument that the Tucker Declaration makes Plaintiffs' claim moot, MSP has failed to show that it is likely to succeed on the merits on appeal.

MSP is likewise unable to meet the other factors for a stay pending appeal. MSP has not shown it will suffer irreparable harm if the stay is denied. MSP relies on cases involving qualified immunity, not sovereign immunity, to argue that it should be shielded from discovery. While it is true that "avoidance of disruptive discovery is one of the very purposes for the official immunity

---

[1] The Court notes that the Tucker Declaration fails to make the same disavowal of covert *video* recordings, which MSP concedes were made using the 10-21 Callyo app. [See ECF No 87-1 ¶ 5].

doctrine," Siegert v. Gilley, 500 U.S. 226, 236 (1991), discovery in this case would not be disruptive. This litigation has been pending in federal court for over a year, and the MSP audit of the covert recording practices occurred in June of 2023. [See FAC, Ex. A, ECF No. 8]. The Du and Aponte decisions in Massachusetts state courts involved substantial discovery and evidentiary hearings in the summer and fall of 2023 regarding MSP's creation and usage of the covert recordings at issue in this case. See Du, 219 N.E.3d 843; Commonwealth v. Aponte, No. 2216CR000495 (Mass. Dist. Ct. July 8, 2024). The Court will not define the scope of any remaining discovery the Plaintiffs are seeking; however, it would likely pertain to Plaintiffs' allegations of continued and future harm and MSP's continued relationship with Motorola in using Motorola's server to house recordings. But, given that "the parties have already spent a great deal of time and expense on discovery[,] 'disruptive discovery' will not be avoided because it has [already] been completed." See Diaz-Colon v. Toledo-Davila, 980 F. Supp. 2d 214, 218 (D.P.R. 2013). Accordingly, the Court is not persuaded that MSP will suffer irreparable harm if a stay is denied and the second Nken factor weighs against MSP. On the other hand, if a stay were granted, the Plaintiffs, who are otherwise ready for trial, would be harmed – although the Court does not find their potential injury posed by a stay to be "substantial." See New Jersey v. Trump, 131 F.4th at 34 (quoting Nken, 556 U.S. at 434). Thus, the third Nken factor weighs in favor of MSP.

      Turning now to the fourth Nken factor, the consideration of the public interest cuts against a stay. Regarding immunity under the doctrine of qualified immunity, courts have recognized, "[w]hile 'there is a strong public interest in protecting public officials from the costs associated with the defense of damages actions,' . . . the same public interest is served by quick and efficient resolutions of lawsuits against those officials and in which official immunity does not

7

apply." Diaz-Colon, 980 F. Supp. 2d at 218 (quoting Crawford-El v. Britton, 523 U.S. 574, 590 (1998)). The same reasoning applies to cases involving sovereign immunity under the Eleventh Amendment. Moreover, there is a presumption that the public has an interest in prompt resolution of civil cases. See Fed. R. Civ. P. 1; Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 79 n.4 (1st Cir. 2004)

As three of four of the Nken factors weigh against ordering a stay, the Court finds MSP has not met its burden and its motion for a stay pending appeal, ECF No. 90, is **DENIED**.

### IV. RELIEF UNDER RULE 60(b)

Rule 60(b) allows a court to "relieve a party . . . from a *final* judgment, order, or proceeding" for certain specified reasons. Fed. R. Civ. P. 60(b) (emphasis added). The commentary to Rule 60(b) makes clear that the rule applies only to final judgments and orders, not interlocutory judgments. *Notes of Advisory Committee on Rules*, Fed. R. Civ. P. 60(b) ("the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule"). As Plaintiffs assert, federal courts in other jurisdictions agree with this conclusion. See, e.g., Datiz v. Int'l Recovery Assocs., No. 15-cv-3549 (ADS)(AKT), 2017 U.S. Dist. LEXIS 2477, at *5-7 (E.D.N.Y. Jan. 4, 2017) ("[I]n the present case, the Court's order denying the Defendant's motion to dismiss was not final because it allowed the case to continue to trial. Therefore, Rule 60(b) is inapplicable in this case."); Hafferman v. Westinghouse Elec. Corp., 653 F. Supp. 423, 426 (D.D.C. 1986) ("Rule 60(b) has no bearing in this case, however, because it only deals with final orders. Denial of a motion to dismiss . . . is clearly not a final order."). The proper procedural vehicle to challenge "an interlocutory district court decision dismissing *portions* of a complaint"

is a "routine request for reconsideration[.]" Greene v. Union Mut. Life Ins. Co. of Am., 764 F.2d 19, 22 (1st Cir. 1985). Because the MTD Order was not a final order, MSP's Rule 60(b) motion is procedurally improper and ECF No. 83 is **DENIED**. Having now ruled on the Rule 60(b) motion, MSP's notice of appeal is triggered and becomes effective, divesting this Court of further jurisdiction to rule on any aspects of the case involved in the appeal. See Fontanillas-Lopez, 832 F.3d at 63 n. 10. Accordingly, the Court declines to consider the merits of a hypothetical motion for reconsideration.

## V. CONCLUSION

For the reasons stated above, ECF Nos. 90 & 83 are **DENIED**.

**SO ORDERED.**

Dated: May 12, 2025

                                           /s/ Margaret R. Guzman
                                           Margaret R. Guzman
                                           United States District Judge