UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, AND DENNIS WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>  v.<br><br>MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., SHI INTERNATIONAL CORP., and COLONEL JOHN E. MAWN, JR., Interim Superintendent of the Massachusetts State Police, in his official capacity,<br><br>                Defendants. | Civil Action No.: 4:24-cv-40030-DHH |


**DEFENDANTS MOTOROLA SOLUTIONS, INC. AND CALLYO 2009 CORP.'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A STAY PENDING APPEAL AND OPPOSITION TO PLAINTIFFS' MOTION TO SET A RULE 16.1 SCHEDULING CONFERENCE**

**TABLE OF CONTENTS**

<u>Page</u>

INTRODUCTION ...................................................................................................................1

BACKGROUND .....................................................................................................................1

ARGUMENT ...........................................................................................................................3

I.     The Interests of Justice and Judicial Economy Favor a Stay of Proceedings Pending Appeal Under This Court's Inherent Power to Control Its Docket .......................3

II.    Motorola's Appeal Also Raises Serious Questions of Law and a Stay of Proceedings Is in the Interest of All Parties and the Public Interest ...................................6

        A.    Motorola's Appeal Presents a Substantial Case on the Merits with Serious Legal Questions Involved ........................................................................6

        B.    Motorola Will Be Irreparably Injured Absent a Stay ...............................................7

        C.    Plaintiffs Will Suffer No Harm From a Stay ............................................................8

        D.    The Public Interest Favors a Stay ...........................................................................10

CONCLUSION......................................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACQIS, LLC v. EMC Corp.*,
   109 F. Supp. 3d 352 (D. Mass. 2015) ....................................................................................... 9

*Ark. Tchr. Ret. Sys. v. State St. Bank & Tr. Co.*,
   527 F. Supp. 3d 40 (D. Mass. 2021): (1) ................................................................................... 6

*Baker v. Smith & Wesson, Inc.*,
   40 F.4th 43 (1st Cir. 2022) ........................................................................................................ 4

*Bean Me. Lobster, Inc. v. Monterey Bay Aquarium Found.*,
   2025 WL 1114801 (D. Me. Apr. 15, 2025) ...................................................................... passim

*City of Bangor v. Citizens Commc'ns Co.*,
   532 F.3d 70 (1st Cir. 2008) .................................................................................................... 3, 5

*Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*,
   2011 WL 5416058 (D.N.J. Nov. 4, 2011) .................................................................................. 9

*Dicenzo v. Mass. Dep't of Corr.*,
   2016 WL 158505 (D. Mass. Jan. 13, 2016) ............................................................................... 9

*Hilton v. Braunskill*,
   481 U.S. 770 (1987) ......................................................................................................... 6, 7, 11

*In re Atl. Pipe Corp.*,
   304 F.3d 135 (1st Cir. 2002) .................................................................................................. 4, 5

*Insulet Corp. v. EOFlow Co.*,
   2025 WL 1196055 (D. Mass. Apr. 24, 2025) ............................................................................ 6

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................................................... 3

*Lawson v. FMR LLC*,
   724 F. Supp. 2d 167 (D. Mass. 2010) ........................................................................................ 4

*Malanowski v. Wells Fargo Bank N.A. Tr. Option One Mortg. Corp. Tr. 2005-1
   Asset-Backed-Certificates, Series 2005-1*,
   2022 WL 2758474 (D. Mass. July 14, 2022) ............................................................... 3, 7, 9, 10

*Marquis v. F.D.I.C.*,
   965 F.2d 1148 (1st Cir. 1992) ................................................................................................... 3

*MAZ Partners, LP v. Shear*,
  2011 WL 13254246 (D. Mass. Sept. 2, 2011) ....................................................................3, 8

*Republic Maximal LLC v. Romulus Cap. Partners II, LLC*,
  754 F. Supp. 3d 264 (D. Mass. 2024) ....................................................................................6

*Rivera-Aponte v. Gomez Bus Line, Inc.*,
  62 F.4th 1 (1st Cir. 2023)......................................................................................................3

*Simmons v. Galvin*,
  2008 WL 11456109 (D. Mass. Jan. 16, 2008) ..............................................................3, 4, 5

*United States ex rel. Witkin v. Medtronic, Inc.*,
  2025 WL 928777 (D. Mass. Mar. 27, 2025) .......................................................................3, 8

**Statutes**

28 U.S.C. § 1292(b) ...............................................................................................................1, 2, 4

**Other Authorities**

Fed. R. App. P. 8(a)(2).....................................................................................................................2

Fed. R. Civ. P. 26(b)(1)...................................................................................................................8

**INTRODUCTION**

Defendants Motorola Solutions, Inc. and Callyo 2009 Corp. (together, "Motorola") respectfully requests that this Court stay proceedings pending appeal by Motorola and the Massachusetts State Police ("MSP"). MSP assents to this request.

As explained below, there is good cause to grant a stay pending appeal. As the Court stated in its Opinion & Order issued on August 5, 2025, this case presents novel and complex legal issues that go to the heart of plaintiffs' claims and render an interlocutory appeal appropriate. If those legal issues are resolved in Motorola and MPS's favor, this action would be terminated without the need for costly discovery and further expenditure of this Court's resources. Moreover, Motorola intends to request that its appeal be consolidated with MSP's so that these issues can be resolved as expeditiously as possible. Given these circumstances, Motorola respectfully requests that this Court stay proceedings and deny plaintiffs' request for a scheduling conference and order. Plaintiffs oppose this motion.

**BACKGROUND**

On March 28, 2025, the Court granted in part and denied in part Motorola's motion to dismiss, and denied MSP's motion to dismiss. ECF 72. MSP filed a notice of appeal and sought relief from the Court's order pursuant to Rule 60(b)(6). ECF 75, 83. Motorola moved for reconsideration of the order to the extent the Court denied Motorola's motion to dismiss as to plaintiffs' Wiretap Act, Chapter 93A, and implied warranty of merchantability claims. ECF 85. Alternatively, Motorola requested certification of the Court's order for interlocutory review under 28 U.S.C. § 1292(b), so that the First Circuit could decide these issues together with the appeal by MSP. *Id.*

On May 12, 2025, the Court denied MSP's Rule 60(b) motion and held that, "[h]aving now ruled on the Rule 60(b) motion, MSP's notice of appeal is triggered and becomes effective,

divesting this Court of further jurisdiction to rule on any aspects of the case involved in the appeal." ECF 97 at 9. MSP then sought a motion to stay pending appeal from the First Circuit pursuant to Federal Rule of Appellate Procedure 8(a)(2). That motion is fully briefed and currently pending decision.

On July 24, the First Circuit issued a briefing schedule for MSP's appeal by which merits briefing will be completed by October. Three days later, on July 27, plaintiffs filed a motion requesting a scheduling conference so that discovery can begin, citing as the sole basis for the motion that "[t]he case has now been pending for 519 days" and "[t]here has been no discovery conducted." ECF 101 ¶ 14.

On August 5, this Court denied Motorola's motion for reconsideration, but certified its motion-to-dismiss order to the First Circuit under 28 U.S.C. § 1292(b). The Court identified three separate questions for interlocutory appeal, concluding that an appeal on each of these issues was warranted because (1) their "reversal would terminate the action," and (2) "there is a substantial ground for difference of opinion" regarding each question. ECF 102 at 10-20 (quotation marks omitted). The Court also observed that "[c]ertification for interlocutory review is especially appropriate in this case because Motorola's co-defendant, Colonel Noble, has already appealed the de[nia]l of his motion to dismiss," and that certification here would accordingly "promote[] judicial economy as many of Plaintiffs' claims against Motorola are intertwined with MSP's actions," and it would therefore be "most efficient for the First Circuit to consider both Defendants' claims together." *Id.* at 12.

On August 6, counsel for Motorola asked counsel for plaintiffs whether they would withdraw their motion for a scheduling conference and order, and for their position on a motion to

stay proceedings pending appeal. Plaintiffs declined to withdraw the motion and stated that they would oppose Motorola's motion to stay proceedings.

## ARGUMENT

I. **The Interests of Justice and Judicial Economy Favor a Stay of Proceedings Pending Appeal Under This Court's Inherent Power to Control Its Docket**

The interests of justice and judicial economy weigh heavily in favor of a brief stay of proceedings pending appeal and deferring scheduling under this Court's broad and inherent power to control its docket.

"[F]ederal district courts possess the inherent power to stay pending litigation" for "good cause." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154-55 (1st Cir. 1992).[1] A stay of proceedings pending appeal "must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Id.* at 1155; *see also City of Bangor v. Citizens Commc'ns Co.*, 532 F.3d 70, 99 (1st Cir. 2008) ("A district court enjoys inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))). Because "a district court must be able to manage its docket effectively and efficiently," they are "afford[ed] a wide margin of discretion in the performance of their case-management functions," such as scheduling. *See Rivera-Aponte v. Gomez Bus Line, Inc.*, 62 F.4th 1, 3 (1st Cir. 2023). Such "inherent powers must be used in a

---

[1] *See, e.g.*, *United States ex rel. Witkin v. Medtronic, Inc.*, 2025 WL 928777, at *1 (D. Mass. Mar. 27, 2025) (staying proceedings for good cause pending defendant's motion for reconsideration pursuant to court's inherent powers); *Malanowski v. Wells Fargo Bank N.A. Tr. Option One Mortg. Corp. Tr. 2005-1 Asset-Backed-Certificates, Series 2005-1*, 2022 WL 2758474, at *2-3 (D. Mass. July 14, 2022) (granting stay of discovery pending resolution of motion for judgment on the pleadings for good cause pursuant to court's inherent powers); *MAZ Partners, LP v. Shear*, 2011 WL 13254246, at *6-7 (D. Mass. Sept. 2, 2011) (staying discovery for good cause pending resolution of motion to dismiss pursuant to court's inherent powers); *Simmons v. Galvin*, 2008 WL 11456109, at *3-4 (D. Mass. Jan. 16, 2008) (staying proceedings pending resolution of interlocutory appeal where "plaintiffs will not be prejudiced by a stay" and "a stay is necessary to achieve the substantial savings of time and expense that an interlocutory appeal may provide").

3

way reasonably suited to the enhancement of the court's processes, including the orderly and expeditious disposition of pending cases" and "must comport with procedural fairness." *In re Atl. Pipe Corp.*, 304 F.3d 135, 143 (1st Cir. 2002). Courts in this Circuit accordingly regularly stay proceedings in the interests of justice and judicial economy pending appeals certified for interlocutory review under 28 U.S.C. § 1292(b) that may greatly impact the scope of claims and discovery or obviate the need for discovery and further proceedings in the district court altogether. *See, e.g.*, *Baker v. Smith & Wesson, Inc.*, 40 F.4th 43, 46 (1st Cir. 2022); *Bean Me. Lobster, Inc. v. Monterey Bay Aquarium Found.*, 2025 WL 1114801, at *5 (D. Me. Apr. 15, 2025); *Lawson v. FMR LLC*, 724 F. Supp. 2d 167, 169 (D. Mass. 2010); *Simmons v. Galvin*, 2008 WL 11456109, at *4 (D. Mass. Jan. 16, 2008).

There is good cause here for a brief stay of proceedings and deferral of a case schedule pursuant to the Court's inherent powers. The resulting delay is expected to be short, the delay will not materially prejudice plaintiffs, and the absence of a stay will unduly prejudice Motorola. Within a matter of days, Motorola will petition the First Circuit for interlocutory review of "difficult and pivotal questions of law not settled by controlling authority," which have the potential to "terminate the action." ECF 102 at 6, 11 (quotation marks omitted). Further, an appeal has already been taken by Motorola's co-defendant, MSP, which the Court recognized "divest[ed] this Court of further jurisdiction to rule on any aspects of the case involved in the appeal." ECF 97 at 9. And, to minimize any delay, Motorola intends to request that its appeal be consolidated with MSP's, which is already pending.

As this Court recognized in its certification order, "[c]ertification here promotes judicial economy as many of Plaintiffs' claims against Motorola are intertwined with MSP's actions," which are already before the First Circuit. ECF 102 at 12. Because the claims and allegations

4

against Motorola and MSP are inextricably intertwined, so are the discovery and pretrial matters, which will greatly complicate scheduling if discovery were to proceed now while MSP is unavailable. Discovery into how MSP used Motorola's devices and into MSP's knowledge and conduct will be critical for resolution of this case and are essential to the claims against Motorola and Motorola's defenses; yet, MSP will be unavailable for these proceedings and to participate in discovery until the termination of its First Circuit appeal. Motorola will be unable to fairly depose plaintiffs without the benefit of document discovery from MSP that Motorola will be unable to obtain during the pendency of MSP's appeal. Discovery accordingly cannot meaningfully and fairly advance as to the claims against Motorola while MSP's appeal proceeds. *See In re Atl. Pipe Corp.*, 304 F.3d at 143 (court's use of its "inherent powers" "must comport with procedural fairness"). And discovery that does proceed without MSP's participation, such as depositions, might need to be redone depending on the outcome of MSP's appeal. *See id.* (court's inherent powers must "be used in a way reasonably suited to the enhancement of . . . the orderly and expeditious disposition of pending cases"); *City of Bangor*, 532 F.3d at 99 (court's inherent powers must be exercised in a manner that promote matters "with economy of time and effort for itself, for counsel, and for litigants" (quotation marks omitted)).

Moreover, as the Court explained in its certification order, if its motion-to-dismiss order is reversed on appeal, "all three of Plaintiffs['] surviving claims against Motorola would fail" and "terminate the action," ECF 102 at 11 (quotation marks omitted), which would dispense with the need for any scheduling or discovery, and render any proceedings that took place in this Court during the pendency of that appeal a waste of judicial and party resources. *See Bean Me. Lobster*, 2025 WL 1114801, at *5. Accordingly, "a stay is necessary to achieve the substantial savings of time and expense that an interlocutory appeal may provide." *Simmons*, 2008 WL 11456109, at *4.

5

This Court can and should exercise its inherent authority and grant the requested stay of proceedings pending appeal and deny plaintiffs' premature request for a scheduling conference and order.

## II. Motorola's Appeal Also Raises Serious Questions of Law and a Stay of Proceedings Is in the Interest of All Parties and the Public Interest

Because Motorola seeks a stay of proceedings, the Court need not apply the four stay factors that govern requests to stay an injunction or to stay an order granting another form of relief. However, even if the Court were to assess Motorola's motion for a stay of proceedings pending appeal under those factors, they too weigh heavily in favor of a brief stay and pause in scheduling.

Deciding a motion for a stay pending appeal under the four stay-factor framework "requires an exercise of the court's equitable discretion" in balancing the following four factors, *Ark. Tchr. Ret. Sys. v. State St. Bank & Tr. Co.*, 527 F. Supp. 3d 40, 58 (D. Mass. 2021): (1) whether the stay applicant has a likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

### A. Motorola's Appeal Presents a Substantial Case on the Merits with Serious Legal Questions Involved

To satisfy the success-on-the-merits factor, "[w]hen the request for a stay is made to a district court, common sense dictates that the moving party need not persuade the court that it is likely to be reversed on appeal. Rather, with regard to the first prong of the *Hilton* test, the movant must only establish that the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear." *Republic Maximal LLC v. Romulus Cap. Partners II, LLC*, 754 F. Supp. 3d 264, 272 (D. Mass. 2024); *accord, e.g.*, *Insulet Corp. v. EOFlow Co.*, 2025 WL 1196055, at *10 (D. Mass. Apr. 24, 2025); *Ark. Tchr.*, 527 F. Supp. 3d at 58. For example, "the lack of

6

controlling authority from [Massachusetts] courts or the First Circuit, coupled with the evidence of contrary decisions from other courts [can] . . . make an adequate showing of likelihood of success on the merits." *Bean Me. Lobster*, 2025 WL 1114801, at *4.

This factor is plainly satisfied here. This Court has "acknowledge[d] that there is a substantial ground for difference of opinion," as to multiple case-dispositive issues certified for interlocutory appeal, ECF 102 at 12 (quotation marks omitted), and that, in its view, "the allegations were just barely enough to cross into 'plausibility' required to state a claim" in the first place, *id.* at 8 (quotation marks omitted). Indeed, in one instance, the Court cited a "recen[t] . . . Supreme Court opinion and the lack of citing precedent" as necessitating additional "guidance" from the First Circuit because the decision's "broader applicability is yet to be understood" by courts. *Id.* at 19-20. The lack of controlling authority recognized by the Court regarding many of these serious and difficult questions of law satisfies the first *Hilton* factor.

### B. Motorola Will Be Irreparably Injured Absent a Stay

Motorola will be irreparably harmed and severely prejudice if forced to litigate plaintiffs' claims in this Court during the pendency of its appeal.

If and when discovery occurs in this case, it is likely to be costly, time-consuming, and burdensome, the bulk of which, as in any class action, will be shouldered asymmetrically by Motorola as the defendant. That "burden in responding to discovery outweighs the risks associated with any delay that granting the stay may cause." *Malanowski v. Wells Fargo Bank N.A. Tr. Option One Mortg. Corp. Tr. 2005-1 Asset-Backed-Certificates, Series 2005-1*, 2022 WL 2758474, at *2 (D. Mass. July 14, 2022).

Here, as this Court has already recognized, Motorola has presented substantial legal arguments, which, if successful, would result in the dismissal of this action against Motorola. *See* ECF 102 at 10-13. Thus, if Motorola's appeal is successful in full, that would, of course, dispense

7

with the need for any scheduling and discovery, and any proceedings held in this Court during the pendency of the appeal will have been wasteful. *See MAZ Partners, LP v. Shear*, 2011 WL 13254246, at *7 (D. Mass. Sept. 2, 2011) (staying discovery until after resolution of pending case-dispositive motion, as "without opining on the ultimate viability of Plaintiff's claims, a review of the motion to dismiss leads to the conclusion that the Defendants' arguments have some merit, and indeed, some of the grounds for dismissal, if successful, are not the type for which Plaintiff[] would be given leave to replead"). Further, even if the First Circuit reverses this Court's order only in part, that may significantly affect the contours of this case, the activities that need to be scheduled, and the timing of such activities. *See United States ex rel. Witkin v. Medtronic, Inc.*, 2025 WL 928777, at *1 (D. Mass. Mar. 27, 2025) (concluding that "a brief stay of discovery would serve to conserve both the court's and the parties' resources" during pendency of motion for reconsideration where "a ruling in [defendant's] favor would end the litigation before this court, [and] a ruling in [plaintiff's] favor . . . may still recast the scope of . . . discovery"). Moreover, a brief stay and delay in scheduling and discovery finds support in the 2015 amendment to the Federal Rules of Civil Procedure 26(b)(1) requiring that discovery now must be "proportional to the needs of the case," which necessarily affects the determination of the appropriate timing for entering a schedule and beginning discovery. Fed. R. Civ. P. 26(b)(1). Thus, the prejudice that will be inflicted on Motorola should discovery proceed in this Court during the pendency of its and MSP's appeals weighs in favor of a stay.

### C.    Plaintiffs Will Suffer No Harm From a Stay

There is no indication that plaintiffs would be unfairly prejudiced by a stay and deferring scheduling until after Motorola's and MSP's appeals are resolved. The only potential harm identified by plaintiffs is a brief delay of the district court proceedings while the First Circuit considers Motorola's and MSP's appeals. ECF 101 ¶ 14. However, "mere delay does not rise to

8

the level of undue prejudice." *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 358 (D. Mass. 2015) (quotation marks omitted). Indeed, where, as here, "there is good cause, holding discovery in abeyance until such time as a ruling on the dispositive motion becomes final does not unreasonably delay the litigation," and thus could not prejudice plaintiffs. *Malanowski*, 2022 WL 2758474, at *2 (emphasis omitted); *Dicenzo v. Mass. Dep't of Corr.*, 2016 WL 158505, at *2 (D. Mass. Jan. 13, 2016) ("After weighing the parties' competing interests, including the relatively brief delay in Plaintiff's receipt of discovery if Defendants' dispositive motions are denied, the court has determined that good cause exists to stay discovery pending the resolution of the parties' dispositive motions."). That is especially true in this case, since Motorola intends to request that its appeal be consolidated with MSP's in order to resolve this matter as expeditiously as possible.

In this case, plaintiffs have not, and cannot, explain why a brief stay would cause them prejudice. Indeed, the only potential "harm" to plaintiffs is a brief delay—which "exist[s] in every stayed case"—while the First Circuit considers these appeals, and is insufficient to establish undue prejudice. *See Bean Me. Lobster*, 2025 WL 1114801, at *4-5. "To establish prejudice, the plaintiff must show a unique injury such as fading memories, asset dissipation, or an attempt to gain an unfair advantage from the stay." *Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*, 2011 WL 5416058, at *4 (D.N.J. Nov. 4, 2011). Here, none of these concerns are present. This is not the sort of case that will rise and fall based on firsthand witness's memories. There is no risk of asset dissipation. And Motorola does not stand to gain any unfair advantage from the requested stay.

In fact, a stay would prevent plaintiffs from gaining an unfair tactical advantage. This Court already recognized in its certification order that "many of Plaintiffs' claims against Motorola are intertwined with MSP's actions," ECF 102 at 12, because the claims against Motorola and MSP "arise from the same nucleus of operative fact," ECF 72 at 15. Yet, MSP will be unavailable

9

to participate in these proceedings, *see* ECF 97 at 9, even though MSP is in possession of the key evidence central to resolving plaintiffs' remaining claims and Motorola's defenses. This will accordingly prevent discovery from meaningfully and fairly advancing. And if even if discovery did advance, once MSP's appeal is resolved and jurisdiction is restored over MSP in this Court, depositions and discovery would almost certainly need to be redone, resulting in duplication and unnecessary judicial and party waste.

In short, "[a]side from possible delay, Plaintiff[s] ha[ve] not identified any burden or risk. Instead, [they] argue[] that discovery should proceed because [they] believe[] [they are] entitled to prevail, a contention that will be tested by Defendant[s']" appeal. *Malanowski*, 2022 WL 2758474, at *2. It makes sense for activation of such significant undertakings to await a determination by the First Circuit of whether plaintiffs' novel claims against Motorola are sufficiently pleaded to proceed. "On balance, therefore, avoiding potentially unnecessary discovery costs – and if the [appeal] succeeds, then all discovery costs would have been unnecessary – will not significantly prejudice [plaintiffs]." *Id.* (quotation marks omitted).

### D.      The Public Interest Favors a Stay

The public-interest factor asks how a stay decision has consequences beyond the immediate parties and balances the benefits and harms to the public of whether a stay is imposed. The public interest is served here by avoiding duplicative and fractured litigation proceeding simultaneously in multiple fora in this Court and the First Circuit.

Here, absent a stay, plaintiffs' efforts will interfere with the public interests that this Court sought to advance in certifying these questions for immediate appellate review. *See* ECF 102 at 12 ("Certification here promotes judicial economy . . . ."). Indeed, as this Court explained, if these issues are resolved on appeal in Motorola's favor, "all three of Plaintiffs['] surviving claims against Motorola would fail" and result in the dismissal of Motorola as a defendant in this action. ECF

102 at 11. "The public also has an interest in an efficient judiciary. As discussed, the current appeal may advance the ultimate termination of this litigation by dismissing, or substantially narrowing, the case. Proceeding with discovery in the trial court while the First Circuit considers a potentially dispositive appeal would be an inefficient use of the Court's and the parties' time and resources." *Bean Me. Lobster*, 2025 WL 1114801, at *5.

In sum, each of the four *Hilton* factors strongly favor a brief stay pending resolution of Motorola's and MSP's interlocutory appeals. Accordingly, under the more traditional *Hilton* stay framework, too, this Court should deny plaintiffs' motion for a scheduling conference and order, and grant Motorola's motion for a brief stay to these proceedings pending appeal.

## CONCLUSION

For the foregoing reasons, the Court should grant Motorola's motion for a stay of proceedings pending appeal and deny plaintiffs' motion to set a scheduling conference and order.

Dated: August 8, 2025                           Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

Michael Kim Krouse (*pro hac vice*)
Lori B. Leskin (*pro hac vice*)
250 West 55th Street
New York, NY 10019
Tel.: 212.836.8000
Fax: 212.836.8689
michael.krouse@arnoldporter.com
lori.leskin@arnoldporter.com

**TODD & WELD LLP**

*/s/ Howard M. Cooper*
Howard M. Cooper
One Federal Street
27th Floor
Boston, MA 02110
Tel.: 617-832-1269
hcooper@toddweld.com

11

*Counsel for Defendants Motorola Solutions, Inc. and Callyo 2009 Corp.*

12

**CERTIFICATE OF SERVICE**

    I hereby certify that, on August 8, 2025, a copy of the foregoing was electronically filed with the Clerk of Court of the United States District Court for the District of Massachusetts, using the CM/ECF system, which will send a Notice of Electronic filing to all parties of record.

                                                           */s/ Howard M. Cooper*
                                                           Howard M. Cooper