UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, AND DENNIS WILLIAMS, *on behalf of themselves and all others similarly situated,*<br><br>        Plaintiffs,<br><br>            v.<br><br>MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., and COLONEL GEOFFREY D. NOBLE, Superintendent of the Massachusetts State Police, *in his official capacity.*<br><br>        Defendants. | Civil Action No. 4:24-cv-40030-MRG |

## PLAINTIFFS' MOTION FOR CLARIFICATION

Plaintiffs hereby move for clarification of the Court's order by docket entry dated August 11, 2025 (Doc. No. 106) (the "Order"). Specifically, Plaintiffs seek to confirm that no stay of these proceedings exists at to Defendant, COLONEL GEOFFREY D. NOBLE, Superintendent of the Massachusetts State Police in his official capacity (the "MSP"), as a result of the Order. As grounds, Plaintiffs state:

1.      On March 28, 2025, the Court issued its Memorandum and Order allowing Plaintiffs' claims to proceed against the MSP for violations of Plaintiffs' Constitutional Rights, and against Motorola Solutions, Inc. and Callyo 2009 Corp. ("Motorola") for violations of Massachusetts statutory and common law. (Doc. No. 72).

2.      On May 02, 2025, the MSP filed an emergency motion to stay this matter pending its appeal, pursuant to Fed. R. App. P 8(a)(1)(A). (Doc No. 90).

1

3.     On May 08, 2025, Plaintiffs filed their opposition to the MSP's motion to stay. (Doc. No. 93).

4.     On May 09, 2025, the Court denied the MSP's emergency motion to stay. (Doc. No. 96)

5.     In its May 12, 2025 Memorandum and Order, on the issue of denying the MSP's stay pending appeal, the Court wrote in part: "MSP fails to make a strong showing that it is likely to succeed on the merits in its appeal," (Doc. No. 97, at p. 4), "MSP has not shown it will suffer irreparable harm if the stay is denied," (*Id*. at p. 6), and "the consideration of the public interest cuts against a stay." (*Id*. at p. 7).

6.     On May 16, 2025, having been denied a stay by this Court, the MSP sought a stay of these proceedings from the First Circuit, which Plaintiffs opposed on May 21, 2025. Unless and until the First Circuit granted the MSP's motion, no stay as to the MSP exists in this Court.

7.     After this Court granted Motorola permission to petition the First Circuit to pursue an interlocutory appeal of the partial denial of its motion to dismiss, Motorola on Friday, August 8, 2025, opposed Plaintiffs' motion for a Rule 16.1 conference and moved for a stay of "the proceedings." (Doc. No. 104). In its memorandum in support, Motorola indicated that the MSP "assents" to Motorola's request, but did not actually join in the motion. (Doc. No. 105).

8.     On August 11, 2025, the next business day after Motorola's motion for a stay was filed and without the benefit of any opposition from Plaintiffs, the Court entered its Order, a text-only entry on the docket, allowing Motorola's motion to stay the proceedings pending appeal.

9.     One day later, on August 12, 2025, the First Circuit denied the MSP's appellate motion to stay, writing in relevant part:

> This is an interlocutory appeal from an order in the District Court for the District of Massachusetts which, in relevant part, denied a motion to dismiss

filed by Defendant-Appellant. Defendant-Appellant has filed a motion for a stay pending appeal. After careful review, the motion is denied. See Nken v. Holder, 556 U.S. 418, 434 (2009) (stay factors).

10.    Therefore, both this Court and the First Circuit have determined that no stay of these proceedings is warranted as to the MSP while the MSP's interlocutory appeal proceeds. This well-reasoned conclusion by both Courts was made after full briefing and a consideration of the merits of MSP's appeal and the other stay factors.

11.    As a result, Plaintiffs believe that no stay as to the MSP currently exists. However, both Motorola and the MSP have taken the position that the Court's stay set out in its docket entry Order applies to both Motorola and the MSP, effectively acting as a *sub silencio* reconsideration and reversal of this Court's earlier order denying the MSP's requested stay, which denial was recently affirmed by the First Circuit itself.

12.    Plaintiffs therefore request clarification that the Order applies only to Motorola, and that the Order is not also effectively a reconsideration and reversal of its earlier denial of MSP's motion to stay through a text-only docket entry after that issue was fully briefed and ruled upon many months earlier.

13.    As noted, Plaintiffs were not given the opportunity to oppose Motorola's motion to stay, and will be filing a motion for reconsideration of the Court's Order as applied to Motorola. But Plaintiffs file this motion for clarification as to the effect of the Order on the MSP, which if applied to the MSP would give it relief that it did not move for or request, and that has already been denied to it by both this Court and the First Circuit as unwarranted and unjustified.

WHEREFORE, Plaintiffs seek clarification from the Court that their claims against the MSP are not stayed by operation of the Order, given that the Court has already denied the MSP's

Emergency Motion to Stay, the First Circuit also denied their Motion to Stay, and MSP did not join in Motorola's Motion to Stay.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(1)

I, Christopher R. Batinsey, counsel for Plaintiffs, hereby certify that I conferred with counsel for the Defendants pursuant to Local Rule 7.1(a)(1) on September 5, 2025, and have attempted in good faith to resolve or narrow the issues subject to this Motion.

### CERTIFICATION PURSUANT TO LOCAL 5.2(b)

I, Christopher R. Batinsey, counsel for Plaintiffs, hereby certify that I complied with Local Rule 5.2(b).

Respectfully submitted,

JASON COURTEMANCHE, BRETT
FORESMAN, JUAN RIOS, and DENNIS
WILLIAMS, ON BEHALF OF THEMSELVES,
AND ALL OTHERS SIMILARLY SITUATED,

by their attorneys,

/s/ Christopher R. Batinsey
Christopher R. Batinsey, Esq.
BBO# 688586

Batinsey Legal P.C.
344 Main St
Suite 14
Fitchburg, MA 01420
(617) 682-0254
cbatinsey@batinseylegal.com

/s/ James O'Connor, Jr.
James O'Connor, Jr., Esq.
BBO# 563450

Seder & Chandler, LLP
780 Main St
PO Box 2101
Fitchburg, MA 01420
(508) 757-7721
joconnor@sederlaw.com

/s/ Christopher J. Walton
Christopher J. Walton, Esq.
BBO# 639819

Law Office of Christopher J. Walton
56 Elm St
Fitchburg, MA 01420
(978) 342-9100
attycjw@aol.com

## CERTIFICATE OF SERVICE

I, Christopher R. Batinsey, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  Friday, September 5, 2025

/s/ Christopher R. Batinsey
Christopher R. Batinsey, Esq.

5