**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JASON COURTEMANCHE, BRETT FORESMAN, JUAN RIOS, and DENNIS WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MOTOROLA SOLUTIONS, INC., CALLYO 2009 CORP., SHI INTERNATIONAL CORP., and GEOFFREY D. NOBLE, Superintendent of the Massachusetts State Police, in his official capacity,<br><br>Defendants. | Civil Action No.: 4:24-cv-40030-MRG |

**DEFENDANTS MOTOROLA SOLUTIONS, INC. AND CALLYO 2009 CORP.'S**
**NOTICE OF RELATED CASES**

Pursuant to Local Rule 40.1(g), Defendants Motorola Solutions, Inc. ("Motorola") and Callyo 2009 Corp. ("Callyo") hereby give notice that the above-captioned action is related to the following pending cases: *Ford v. Motorola Solutions, Inc. et al.*, No. 4:26-cv-13211-DHH, United States District Court, District of Massachusetts (Magistrate Judge Hennessy); and *Reyes v. Motorola Solutions, Inc. et al.*, No. 4:26-cv-13212-MRG, United States District Court, District of Massachusetts (Judge Guzman).

In each action, Motorola and Callyo are the sole defendants.[1]  Plaintiffs in the instant action also seek to represent a class of individuals that includes the plaintiffs in *Ford* and *Reyes*.  *See* ECF No. 8 ¶ 57.  Thus, the plaintiffs in *Ford* and *Reyes* are subsumed by the putative class in this action.

Further, all three actions involve the same or substantially similar issues of fact and arise out of the same occurrence.  Indeed, the allegations in each complaint are virtually identical.  The complaints each seek to hold Motorola and Callyo liable for their sale of undercover recording apps to the Massachusetts State Police ("MSP"), which each complaint alleges Motorola should have foreseen would be used unlawfully by MSP to record plaintiffs without their consent, without a warrant, and outside the context of recognized law-enforcement exceptions to the Massachusetts Wiretap Act for officer safety and organized-crime investigations.  Accordingly, the cases are related within the meaning of Local Rule 40.1(g).

Dated:  July 17, 2026

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

Michael Kim Krouse (*pro hac vice*)
Lori B. Leskin (*pro hac vice*)
250 West 55th Street
New York, NY 10019
Tel.: 212.836.8000
Fax: 212.836.8689
michael.krouse@arnoldporter.com
lori.leskin@arnoldporter.com

---

[1] On February 27, 2025, this Court granted defendant SHI International Corp.'s motion to dismiss all claims against it in this action.  *See* ECF No. 68.  On May 28, 2026, the U.S. Court of Appeals for the First Circuit held that Plaintiffs in this matter lack Article III standing to bring their remaining claims asserted in this action against defendant Geoffrey D. Noble.  *See* ECF Nos. 109, 110, 111.  Thus, once the Court dissolves the stay in this action and dismisses Plaintiffs' remaining claims against Geoffrey D. Noble in accordance with the First Circuit's opinion, Motorola and Callyo will be the only defendants against which claims will remain in this action.

**TODD & WELD LLP**

*/s/ Howard M. Cooper*
Howard M. Cooper
One Federal Street
27th Floor
Boston, MA 02110
Tel.: 617-832-1269
hcooper@toddweld.com

*Counsel for Defendants Motorola Solutions, Inc. and Callyo 2009 Corp.*

3

**CERTIFICATE OF SERVICE**

I, hereby certify that, on July 17, 2026, a copy of the foregoing was electronically filed with the Clerk of Court of the United States District Court for the District of Massachusetts, using the CM/ECF system, which will send a Notice of Electronic Filing to all parties of record.

/s/ Howard M. Cooper
Howard M. Cooper

4